# 24-2444

UNITED STATES COURTS OF APPEALS FOR THE SECOND CIRCUIT

MARIANNE NESTOR CASSINI,
GEMEAUX LTD. OLEG CASSINI INC.
CASSINI PARFUMS LTD.
Plaintiff-Appellant

V.

COUNTY OF NASSAU ET AL; PUBLIC ADMINISTRATOR; KENNETH MAHON ; ROSALIA BAIAMONTE;
JREILLY; JEFFREY MILLER; DOYLE ; SHERIFF OF NY/NASSAU
Defendants - Appellees

Brief of Appellant Marianne Nestor Cassini

Marianne Nestor Cassini
15 East 63rd Street
New York, New York 10065
347 514 3095
mariannenestor1@gmail.com



Court of Appeals
For The Second Circuit
RECEIVED
APR - 7 2025

BY: - - - - - - - -

By way of introduction:

1. My name is Marianne Nestor Cassini, and I have been working since 14 years of age, including introducing and endorsing Cover Girl Makeup to the USMarket as a teen.

2. I was married to my only husband, Oleg Cassini since November 11, 1971. I was the chief beneficiary in all his wills and directives since 1970, prior to our our marriage in 1971.

3. All bequests in my husbands probated Will were completed October 14, 2011.

a. They were a $500,000. Trust for a daughter - Daria Cassini which was made into a special needs trust, as Daria, an incapable person from birth, was receiving benefits from the State of New Jersey, and if not 'special needs' the bequest would have gone to New Jersey . This was approved by two law firms .

Daria's care was paid by Oleg Cassini Inc. ("OCI").
Daria's half sister Christina was the remainderman upon Daria's passing.

Christina ordered Daria to be euthanized, and she died 9/11/2010. The death of Daria was deemed a homicide by Dr. Michael Baden, former Chief Medical Examiner for New York. The County In Pennsylvania where she died opened an investigation into her death.

Judge McCarty had ordered an investigation into the suspicious death of Daria. Accordingly, a deposition of Christina was made in Paris, France, where she lived, May 2014.

At the deposition, her new attorney, John Barnosky defended.
Christina admitted two things

1. Her mother advised her that Oleg was not Christina's biological father.
2. She ordered the 'comfort' measures that took Daria's life.

If not by blood, it is what is in the Will that controls the distribution of an estate. CPLR 3216

A DNA was requested but never given by Christina or her son executor of her estate Alexandre Granata.

The deposition was not returned signed. Christina died March 2015.

Daria died because Christina wanted the balance of Daria's Trust some $387K. A check containing the balance was sent to attorney Reppert Kelly. The funds were eventually returned to OCI.

b. One million dollars to Christina Cassini Granata (" Christina")
the half sister of Daria Cassini, which was completed on the order of JMcCarty who retired December 31, 2015.

October14, 2011 the gift in kind ordered by Judge McCarty was made by 2 pieces of art belonging to Marianne Nestor that were exhibited, appraised and insured thru Wells Fargo by the Nassau County Museum of Art for $500k and $750k , collectively $1,250,000.

The art was received by attorney Bussell & Stier, Christina's attorney. Nothing was returned.

c. The remaining bequest to Peggy Nestor of $1 million dollars was not received, and is due and owing.

The balance of the estate was to Marianne, Oleg's wife and business partner of decades .

4. As per New York law a wife automatically receives 50% and
$50k in cash. Marianne, wife since 1971 and business partner since 1973, has received nothing, but seen her property sold for pennies with Ms. Baiamonte keeping the cash, spreading the wealth to her co-conspirators.

5. Ms. Baiamonte, is the divorce attorney selected by JReilly McNamara, who lived in the same community (Oyster BayCove) as Marianne & Oleg Cassini.

Jeffery Miller Esq. is the attorney specifically appointed by J Reilly, and a defendant in this case.

Response to his Declaration contains the accounting sent to the IRS, showing my ownership of OCI with stock certificates and my purchase of CPL. The amended 706 was accepted as filed by the IRS July 2017 and July 2022. The original 706 had no reference to any companies, as one was held as Joint Tenants, and the other I purchased.
**Exhibit One**

JMcCarty retired December 31, 2015 two years prior to the filing of the amended 706. Prior to retiring he issued an Order November 24, stating in words and substance
'Nothing is due from Marianne, as she is owed so much" **Exhibit One** of the Response to the Jeffery Miller declaration.

5. On January 7, 2016 the cross motion to appoint a Receiver was severed on the Order of J Reilly -
**Exhibit Four** contained in the Response to Mr. Miller **Exhibit One**

JReilly created a stay which was not removed, and Ms. Baiamonte was made a "temporary" receiver only by the order of the AD2 dated 2/13/2020. No further hearing was ever held. The reinstatement of Ms. Baiamonte with "full power "
October 2020 was in contempt of the AD2 , a higher Court, by J Reilly.

In the Oral Argument held 9/25/2019 the Presiding Judge stated that Judge Reilly
"breached her own stay".
**Exhibit Five** link for oral argument of **Exhibit One** (response to Miller letter). Accordingly, all actions by Ms. Baiamonte were illegal, as a stay was in place . 6. This case needs to be
heard by a jury to assist in outing
corruption, and RICO.

According to the 6th/ 7th amendment, rights to an impartial Jury, speedy trial, witness, and counsel are needed and required.

7. I lost 8 months of my life, based on a severed motion **exhibit 4** of the response to Jeffrey Miller's letter. There was no contempt and the 774 that created the incarceration was created by Jeffrey Miller Esq.

8. I have been to hell & back . This is an attempt to gain Justice for myself and my companies that I built with my husband since 1973.

9. Gemeaux Ltd. did all of the licensing, management and marketing for both OCI & CPL since 1973.

In conclusion and accordingly, I am requesting that this matter be heard by a Jury in this Court as per my rights as a citizen.

This matter has not been heard in Court. The orders of J Reilly were vacated by the AD2 and no new hearing was ever held.

My rights as a wife, citizen, and co-owner of the companies are at risk .

Respectfully submitted , April 7, 2025 .

Marianne Nestor Cassini
15 East 63rd Street
New York New York
10065
347 514 3095
mariannenestor1@gmail.com

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - - - - - - - - x

Marianne Nestor Cassini
Plaintiff Appellant
Oleg Cassini Inc. Cassini Parfums Ltd.
and Gemeaux Ltd. Plaintiffs

24-2444

Of 3/11/2025
Appellants Motion for

Response to
Declaration By Jeffrey Miller, Esq.
In opposition to
An   Extension of Time

Marianne Nestor
Plaintiff-Appellant

OLEG CASSINI INC., CASSINI PARFUMS LTD ., and GEMEAUX, LTD.

Plaintiffs

-against-

COUNTY OF NASSAU, BRIAN CURRAN in his official capacity as NASSAU COUNTY PUBLIC
ADMINISTRATOR, JEFFREY DELUCA, KENNETH MAHON , MARGARET C. REILLY, ROSALIA
BAIAMONTE, JEFFREY MILLER, WILLIAM DOYLE GALLERIES, INC. JOSEPH FUCITO, in his
official capacity as NEW YORK CITY SHERIFF, JOHN and JANE DOE 1-10 and JAMES
DZURENDS , in his official capacity as NASSAU COUNTY SHERIFF,

Defendants- Appellees.
- - - - - - - - - - - - - - - - - - - - - - - x

I, Marianne Nestor,  hereby declare and state as follows, in response to the declaration of
Jeffrey Miller, Esq. :

1.)I am the legal wife since November 11, 1971 of Oleg Cassini and the owner of both Oleg
Cassini Inc. ("OCI") and Cassini Parfums Ltd. ("CPL") confirmed by the Internal Revenue
Service July 24. 2017, two years after Surrogate Judge Edward McCarty retired December

31, 2015. I am also the chief beneficiary of Oleg's probated will and numerous directives, since 1970.

2.) Prior to his retirements JMcCarty issued an order on November 24, 2015 stating in words & substance "Nothing is due from Marianne, as she is owed so much".
**Exhibit One**


3.) Regarding my ownership of OCI & CPL, as there were no companies in the original probated Will, the amended 706 was sent for confirmation to the IRS.

Originally, the amended 706 was sent to the Cincinnati office, which sent the documents to Covington, Ky. Trusts and Estates, legal dept.

4.)Ms. Julie Webster, senior paralegal, Trusts & Estates Covington Ky. responded to me and called.

After several conversations and documents faxed, to the IRS, she called me stating: "You are the executor of your husband's estate, and the amended 706 is accepted as filed, with no tax due". Subsequently a letter of confirmation was sent July 24, 2017.
**Exhibit Two**

5.) By letter dated July 24, 2017, the IRS accepted, as filed the amended 706 which shows both OCI & CPL belong to Marianne Nestor, with the purchase of CPL & the stock certificates of OCI.

6.) The amended 706, is attached in a letter to Judge Corrigan dated August 24, 2023 responding to July 6, 2023 letter of attorney Miller, requesting legal fees. Mr. Miller, as a 'super lawyer' obviously knows what a Stay means, which was created by JReilly 1/07/2016
.
**Exhibit Three**

7.) a. The cross motion of the Farrell Fritz law firm was severed on January 7, 2016, creating a Stay . The Presiding Judge at the oral argument 9/25/2019 stated that JReilly had " breached her own Stay". Ms. Baiamonte attended the Oral argument 9/25/2019.
**Exhibit Four**

b. Accordingly there was a stay in place until 2/13/2020, when the AD2 named Rosalia Baiamonte a "temporary receiver".
Oral argument link & final page.
**Exhibit Five**

c. Therefore all actions by Ms. Baiamonte including selling my real property, furniture and even my husbands shoes were illegal, and must be vacated. This is one of the main reasons for the case filed with the Federal Court, and the abuse of my civil rights. Case no.24-2444.

8.) Six days after the AD2 Decision and Orders of 2/13/2020 came down, or January 19, 2020, in contempt of a higher court, (the AD 2) JReilly ordered an attachment placed on

property belonging solely to Marianne Nestor & Peggy Nestor, namely 15 East 63rd Street prepared by her personal friend and now Chief Clerk, Debra Keller Leinbach.

9.) Surrogate Margaret Reilly was recused May 2022, after the instant matter, the case filed in Federal Court, 24 -2444, and which is on appeal was filed.

10.) Jeffrey Miller Esq. created the illegal seizure of my person May 3, 2018 using the civil contempt charge 774, which was false, where there is no bail, and to have me illegally incarcerated for 8 months, while my property both real and personal was stolen by the illegally appointed receiver.

Ms. Baiamonte even stole money, over $70K, January 2019 from my personal account at Chase Bank, closing the account. The appointment of a Receiver was Stayed by the severance of the cross motion of 1/07/2016.
**Exhibit Four**

11.) One of the discovery requests was reference a company named Nestor Property Inc., which was a company owned by Joseph Nestor Mondello, an important person in the Nassau County Republican Party, at that time.

12.) Regarding Paragraph 4 of Mr. Miller's letter, the IRS determination of 7/24/2017 is 2 years after the quoted decision of JMcCarty. Mr. Miller also fails to recognize the November 24, 2015 Order of JMcCarty - prior to his retirement of December 31, 2015.
**Exhibit One**

13. a. Regarding Paragraph 5 of Mr. Miller's letter, a Cross Motion was severed by JReilly 1/07/2016, creating a stay.

b. Due to the severed Cross Motion, of 1/07/2016, a stay was in place, as ordered by JReilly on 1/07/2016, which she breached, as per the Presiding Judge at oral argument AD2 9/25/2019.

c. Accordingly, all actions, including appointment of Ms. Baiamonte, who attended the oral argument, were stayed until the the AD2 order of 2/13/2020 naming Ms. Baiamonte a 'temporary' receiver, pending a new hearing, which did not happen, as service was not made, and no discovery happened.

d. The order, **Exhibit A**, of Mr. Miller's letter, dated October 27, 2020, is made in contempt of the AD2 order of 2/13/2020, a higher court than the Nassau Surrogate Court, as well as contempt for the legal department of the IRS, and accordingly is invalid. There was no new hearing.
**Exhibit Four**

14.) As Mr. Miller has made his letter and declaration under the penalty of perjury, it must be stated that he has indeed perjured himself.

Respectfully submitted and dated March 27, 2025.
MARIANNE NESTOR CASSINI

Exhibits

**Exhibit One**   November 24,2015 Order
                  ofJ McCarty

**Exhibit Two**   Letter of Julie Webster -
                  Senior Paralegal Trusts &
                  Estates IRS

**Exhibit Three**  August 24,2023 letter to
                   JCorrigan

**Exhibit Four**  Severed Cross Motion
                  1/07/2016 creating a stay

**Exhibit Five**  Oral Argument Link & final
                  Page AD2 Order
                  2/13/2020

Exhibit One

Whatever the appropriate determination of the foregoing, there is no possible rejoinder to Marianne's argument of the obvious - her 50% share of the estate far exceeds these sums. While not condoning what occurred, the court sees no useful purpose in directing Marianne to return funds she would end up being entitled to anyway. During the course of his administering this estate, the Public Administrator may rectify this irregularity when distributing the assets between the beneficiaries.

The motion is denied.

This constitutes the decision and order of the court.

Dated: November 24, 2015

EDWARD W. McCARTY III
Judge of the
Surrogate's Court

# Exhibit Two



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
201 W RIVERCENTER BLVD
COVINGTON, KY 41011
STOP 824G

Marianne Cassini
135 E 19th Street
New York, NY 10003

PERSON TO CONTACT:
Ms. Webster
TELEPHONE NUMBER:
1-866-699-4083 EXT 443404
FAX NUMBER:
855-386-5128
DATE:
July 24, 2017

RE:    Oleg Cassini Estate

SSN:   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V
FORM: 706

Dear Ms. Cassini:

The amended return dated March 17, 2017, for the above estate has been accepted as filed. The figures on the closing letter will remain the same. Therefore, no new letter will be issued.

If you have any questions regarding this information, please feel free to contact me at the above number.

Sincerely,

Enclosures:
Copy of letter

Paralegal Specialist
Estate & Gift

# Exhibit Three

Marianne Nestor Cassini

Honorable Teresa Corrigan

Nassau County Court

262 Old Country Road

Mineola, New York 11501                                                August 24, 2023

Re: Letter of July 6, 2023 of Jeffrey Miller Esq. regarding Accounting File no. 343100 A/J

    Attached as Exhibit 1

Your Honor,

It would be appreciated if your Honor would order Attorney Miller to send a copy of referenced accounting by Ms. Baiamonte, as I do not have a copy to what he is referring, so that my accountant may review.

As your Honor recognized in the December virtual conference, an accounting was filed, and fee paid to Yolanda Mulholland of $1,250. December 2018.

This was delivered to the Court by Steven Gaitman Esq. The fee was paid by an official bank check.

An accounting was delivered as well July 27, 2018 to J Reilly. It was specifically requested by Robert Harper in the Courtroom, (The Transcript is available).

The Final Accounting was done and filed, December 2018.

Enclosed, herein, a copy of the accounting filed – which includes my ownership of Oleg Cassini Inc. ("OCI"), as s Joint Tenant with my husband, I have been an owner since 1973; My purchase of Cassini Parfums Ltd. ("CPL") in 1996, and an IRA held in my name as Beneficiary since 1996.

This is attached as Exhibit 2.


Exhibit 3: The additional Letter of 7/14/2022 to the IRS.


Additionally, your Honor had received a 534 page document enclosing my accounting, and objections to the sale of my companies OCI and CPL from Michael Weitman – December 2021. J Reilly did not respond or address the document..

Tooling, molds and packaging of CPL were destroyed as garbage by the illegally appointed receiver. The cost to make in France was well over $2 Million dollars.

Ms. Baiamonte has absolutely destroyed two companies OCI begun in 1951, and CPL begun in 1989. I am the sole living Beneficiary of my husband's estate. All Bequests were completed October 14, 2011, namely to Daria Cassini (euthanized by her half-sister) and Christina Tierney Cassini Granata Belmont $1,250,000.in art as ordered by Surrogate McCarty.

As you know, by New York State Law, a wife is supposed to receive 50% automatically, I have received -0-, my companies have been destroyed; I have been defamed by the Harper/Barnosky team, and lost 8 months of my life based on a cross motion for a receiver that was severed 01/07/2016 on the Order of J Reilly.

All actions of J Reilly were vacated by the AD2, specifically on 2/13/2020, from March 14, 2016 by and through July 25, 2016, which would include the appointment on 7/1/2016 of a Receiver – all were aware of the severed order for a receiver including J Reilly who "breached her own stay" to quote the presiding Judge at the Appellate Division 2, during 9/25/2019 oral argument.

In closing, your review of the 534 page document sent by Michael Weitman – regarding illegal sale of my companies and their property, was not answered nor addressed by J Reilly. David's Bridal, by its chairman were noticed, as well re: the illegal sale. Mr. Miller threatened me again, and there was no response to the document

.

I appreciate your Honor taking Judicial Notice of Accounting rendered December 2018, which includes the IRS determination, which stands. Otherwise 54% taxes plus Capital Gains tax are due from the Receiver.

Respectfully & Sincerely,

Marianne Nestor Cassini

EXHIBIT 1


LETTER OF JEFFREY MILLER, ESQ.

**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN, LLP**

Jeffrey A. Miller
Ext. 402
jmiller@westermanllp.com

July 6, 2023

**By Hand**
Hon. Teresa K. Corrigan, Acting Surrogate
Surrogate's Court of the State of New York
County of Nassau
262 Old Country Road
Mineola, New York 11501

Re:    Accounting by Rosalia Baiamonte, Esq., File No. 343100/AJ

Dear Judge Corrigan:

On behalf of Rosalia Baiamonte, Esq. (the "Receiver"), I enclose a proposed decree judicially settling the Receiver's interim accounting for the period from July 1, 2016 through April 30, 2021 in the above-referenced proceeding. The proposed decree is based on the form of decree available on the Court's website.[1]

As your Honor may recall, during a conference held on December 13, 2022, the Court advised Marianne Nestor Cassini that it had no record of her having filed an answer or objections to the Petition and provided Ms. Cassini with an additional ninety (90) days (*i.e.*, until March 13, 2023) to do so. As confirmed at a conference held on May 11, 2023, Ms. Cassini has not filed a responsive pleading and the time to do so has expired. Subsequent to that conference, the other parties to this proceeding resolved any issues raised by the Public Administrator's Objections and Objectants' Verified Answer, both of which have since been withdrawn.

Accordingly, the Receiver respectfully requests that the Court enter the enclosed decree. We thank the Court for its attention to these matters.

Respectfully submitted,

*Jeffrey A. Miller*

Jeffrey A. Miller

Enclosure

cc:    John J. Barnosky, Esq.
       Robert M. Harper, Esq.
       Kenneth P. Mahon, Esq.
       Marianne Nestor Cassini
02788734

---

[1] https://www.nycourts.gov/LegacyPDFS/FORMS/surrogates/pdfs/AcctTrust.pdf.

ATTORNEYS AT LAW                    1201 RXR PLAZA, UNIONDALE, NY 11556
                          T. 516.622.9200   F. 516.622.9212   WWW.WESTERMANLLP.COM

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X

ACCOUNTING BY ROSALIA BAIAMONTE, ESQ.,

as the Court-Appointed Receiver of Oleg Cassini, Inc.
and Cassini Parfums, Ltd.,

of the Estate of OLEG CASSINI,

                              Deceased.
------------------------------------------------------------------X

DECREE OF JUDICIAL
SETTLEMENT OF
RECEIVER'S INTERIM
ACCOUNTING

File No. 343100/AJ

     A petition praying for a decree judicially settling the intermediate account for the period from July 1, 2016 through April 30, 2021 (the "Petition") having been presented and filed in this court by Rosalia Baiamonte, Esq. (the "Receiver"), the Court-Appointed Receiver for Oleg Cassini, Inc. and Cassini Parfums, Ltd. (collectively, the "Companies"); and

     A citation having been issued directed to all persons interested in this proceeding requiring them to show cause why a decree should not be granted judicially settling the account prayed for in the Petition; and

     The citation having been returned with proof of due service thereof on (i) Marianne Nestor Cassini ("Ms. Cassini"), (ii) Brian E. Curran, The Public Administrator of Nassau County (the "PA"), and (iii) John J. Barnosky, Esq. and Alexandre Cassini Belmont ("Objectants"); and

     The PA having filed Verified Objections to the Petition dated September 1, 2021, which the PA subsequently withdrew pursuant to an Affidavit Withdrawing Objections dated June 1, 2023; and

     Objectants having filed a Verified Answer to the Petition dated September 7, 2021, which Objectants subsequently withdrew pursuant to a Notice of Withdrawal of Answer With Prejudice dated June 27, 2023; and

     Ms. Cassini, through her then-attorney Frank R. Seddio, Esq. of Seddio and Associates,

having filed an Appearance Form dated September 3, 2021, but no verified answer or objections to the Petition, and following entry of a Decision and Order dated April 4, 2022, granting Mr. Seddio's motion to withdraw as Ms. Cassini's counsel, Ms. Cassini having been informed by the Court at a conference on December 13, 2022 that she had an additional ninety (90) days (i.e., until March 13, 2023) to file a responsive pleading, if any, to the Petition, and Ms. Cassini not having filed a responsive pleading to the Petition and the time to do so having expired; and

Jeffrey A. Miller, Esq. of Westerman Ball Ederer Miller Zucker & Sharfstein LLP having appeared for the Receiver; and

There being no other appearances and no pending objections having been filed to the account; and

The Surrogate having examined the account and having found that Receiver has fully accounted for all of the monies and property of the Receivership estate that have come into the Receiver's hands for the period of the account, as adjusted, it is

**ORDERED, ADJUDGED AND DECREED**, that the intermediate account be and the same hereby is judicially settled and allowed as filed (and adjusted), and that the following is a summary thereof as settled:

<div align="center">

SUMMARY

</div>

**CHARGES:**

| | | | | |
|---|---|---|---|---|
| Schedule "A" | - | (Amount Collected/Received by the Companies) | $ | 16,096,661.07 |
| | | Total Charges | | $ 16,096,661.07 |

**CREDITS:**

| | | | | |
|---|---|---|---|---|
| Schedule "B" | - | (Disbursements by the Companies) | $ | 6,426,711.58 |
| Schedule "C" | - | (Funeral and administration expenses) | $ | n/a |
| Schedule "D" | - | (Creditor's claims actually paid) | $ | 0 |
| Schedule "E" | - | (Distributions of principal) | $ | 0 |

<div align="center">

2

</div>

| | |
|---|---|
| Total Charges | $ 6,426,711.58 |
| Balance on hand shown by Schedule "G" | $ 9,669,949.49 |
| Total balance on hand as of April 30, 2021 | $ 9,669,949.49 |

and it is further

ORDERED, ADJUDGED AND DECREED, that the Receiver hereby shall be discharged as to all matters and things contained in this accounting and decree.

Dated: _____, 2023

_____
HON. TERESA K. CORRIGAN
Acting Surrogate, Nassau County

02821019

3

EXHIBIT 2

ACCOUNTING FILED AND ACCEPTED AS FILED BY THE

INTERNAL REVENUE SERVICE 7/24/2017 & 7/14/2022

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
————————————————————————————X

ACCOUNTING BY MARIANNE NESTOR CASSINI

as the Executor

of the Estate of OLEG CASSINI            File No 343100
————————————————————————————X

TO THE SURROGATE'S COURT OF THE COUNTY OF NASSAU:

      Marianne Nestor Cassini, the Executor Under the Will of Oleg Cassini, does hereby render the account of proceedings as follows:

      Period of accounting from March 17, 2016, to December 17, 2018.

      This is an Account, to date.

## PRINCIPAL

### Schedule A

Statement of Principal Received

### Schedule A-1

Statement of Increases on Sales, Liquidation or Distribution

### Schedule B

Statement of Decreases Due to Sales, Liquidation, Collection, Distribution or Uncollectibility.

### Schedule C

Statement of Funeral and Administration Expenses Chargeable to Principal

### Schedule C-1

Statement of Unpaid Administration Expenses

Schedule D

Statement of All Creditor's Claims

Schedule E

Statement of Distributions of Principal

Schedule F

Statement of New Investments, Exchanges and Stock Distributions

Schedule G

Statement of Principal Remaining on Hand

**INCOME**

Schedule A-2

Statement of All Income Collected

Schedule C-2

Statement of Administration Expenses Chargeable to Income

Schedule E-1

Statement of Distributions of Income

Schedule G-1

Statement of Income on Hand

Schedule H

Statement of Interested Parties

Schedule I

Statement of Estate Taxes Paid and Allocation Thereof

Schedule J

Statement of Computation of Commissions

Schedule K

Statement of Other Pertinent acts and of Cash Reconciliation

ESTATE OF OLEG CASSINI
SUMMARY

The following is a summary statement of account:

PRINCIPAL ACCOUNT

CHARGES:

Amount shown by Schedule A
(Principal received)..................................................$14,758,406.

Amount shown by Schedule A-1
(Realized increases on principal)............................................

Total charges ..................................................$14,758,406.

CREDITS:

Amount shown by Schedule B
(Realized decreases on principal)............................................

Amount shown by Schedule C
(Funeral and administration expenses)............................................

Amount shown by Schedule D
(Creditors's claims actually paid)............................................

Amount shown by Schedule E
(Distributions of principal)............................ $1,041,336.00

Total principal credits ................................... $1,041,336.00

Principal balance on hand shown by Schedule G................ $13,717,070.00

ESTATE OF OLEG CASSINI
INCOME ACCOUNT

CHARGES:

Amount shown by Schedule A-2
(Income collected)..................................................................................................................

Total income charges..............................................................................................................

CREDITS:

Amount shown by Schedule C-2
(Administration expenses)......................................................................................................

Amount shown by Schedule E-1
(Distributions of income).......................................................................................................

Total income credits...............................................................................................................

Balance of undistributed income remaining
on hand as shown in Schedule G-1........................................................................................

COMBINED ACCOUNTS

Principal remaining on hand.......................................................................$13,717,070.00

Income remaining on hand....................................................................................

Total on hand.............................................................................................$13,717,070.00

The attached schedules are part of this account.

## NOTE TO SUMMARY STATEMENT

1. U.S. Trust & Co. $660,603.00 IRA passed out of Estate to Marianne Nestor as Beneficiary.

2. Oleg Cassini Inc. Value at DOD MARCH 17, 2006 $14,758,406.00

3. Cassini Parfums Ltd. $1,595,000.00 Purchased by Marianne Nestor in 1996. See Exhibit 2 and 706 Exhibit 1 - dated 3/13/17.

4. In connection with the above-listed Oleg Cassini, Inc. asset which is owned by Marianne Nestor Cassini, the Executor notes that Marianne Nestor Cassini is also owed by or has claims against Oleg Cassini, Inc. in the amount of $10,282,000.00 plus applicable interest, which includes the amount listed as Item 7 of Schedule A and Item 5 of Schedule G).

5. In connection with the Cassini Parfums Ltd. asset, which was purchased in 1996 by Marianne Nestor Cassini, the Executor notes that Marianne Nestor Cassini is owed by or has claims against Cassini Parfums Ltd. in the amount of $1,000,000.00 plus applicable interest from 1996 to date and that Peggy Nestor is owed by or has claims against Cassini Parfums Ltd. in the amount of $1,641,684.00 plus the applicable interest, (which includes the amount listed as Item 6 of Shedule A and Item 4 of Schedule G).

6. Other miscellaneous Property (which totals $5,864,140.00) included in the Summary and listed in Schedules A and G are assets owned by Marianne Nestor Cassini, and are referenced in 11/07/14 letter of Attorney J.V. Reppert to the Court, Kenneth Mahon, and to John Barnosky, included as Exhibit 2 and also in the 706 dated 3/13/17. Exhibit 1. Many of the aforementioned items were transferred in 1973 when Marianne, as an owner of OCI transferred real property to Oleg, personally, from the company. Exhibit 2.

7. The Executor's listing of these assets identified in paragraphs 1, 2, 3, 4, 5, and 6 above of this Note to Summary Statement does not constitute an admission, waiver, or estoppel, and the Executor reserves all of her procedural and substantive rights, claims and defenses with respect to these assets..

STATE OF NEW YORK          )

                           )ss.:          AFFIDAVIT OF ACCOUNTING PARTY

COUNTY OF NEW YORK     )


    Marianne Nestor Cassini, being duly sworn, says that the foregoing account contains,

according the the best of my knowledge, and, upon my information and belief, a correct

statement of all receipts and disbursements on account of the Estate of Oleg Cassini and

of all moneys or other property belonging to the Estate of Oleg Cassini which have come

into my hands or been received by any other person, and that I am not aware of, to the best

of my knowledge and, upon my information and belief, any error or omission in the account,

other than omissions noted in the account.



                                                                     Attached Notary

ESTATE OF OLEG CASSINI
SCHEDULE A
STATEMENT OF PRINCIPAL RECEIVED

| Item No | Description | Inventory Value March 17, 2006* |
|---------|-------------|-------------------------------|
| | **STOCKS AND BONDS** | |
| 1. | JP Morgan | $315,104.00 |
| 2. | Deutsche Bank | $726,232.00 |
| 3. | US Trust Co. | $660,603.00** IRA Rollover passed to Beneficiary, out of Estate |
| 4. | Oleg Cassini Inc. | $14,758,406.00 |
| 5. | Cassini Parfums Ltd. | $1,595,000.00*** Purchased 1996 by Marianne Nestor |
| | **MORTGAGES, NOTES AND CASH** | |
| 6. | Due from Cassini Parfums Ltd. | $41,684.00** |
| | **OTHER MISCELLANEOUS PROPERTY** | |
| 7. | Art work, Furniture & Antiques | $3,939,140.00*** |
| 8. | Memorabilia - Jackie Kennedy | $1,875,000.00*** |
| 9. | Memorabilia - Grace Kelly | $50,000.00*** |
| | **TOTAL SCHEDULE A** | $14,758,406.00 |

* The amounts set forth in the inventory value column are the values fixed for the respective items in the Federal estate tax proceeding held with respect to Oleg Cassini's Estate, dated 3/13/17. Exhibit 1

** Please see the Note to Summary Statement and Schedule K, Paragraphs D, E, F, G, H. IRA Rollover passed out of Estate to Marianne Nestor.

*** Purchased by Marianne Nestor 1996 Exhibit 1

*** See letter 11/07/14 - Exhibit 2 Showing Ownership of Marianne Nestor

Schedule A

ESTATE OF OLEG CASSINI

SCHEDULE A-1

STATEMENT OF DISTRIBUTION

Art in the amount of $1,250,000.00 distributed to Christina Cassini Granata Belmont.

$500,000. to fund Daria Cassini Supplemental Needs Trust

State Death Tax Credit Deduction November 7, 2007 paid in the amount of $64,400.00

Schedule A-1



ESTATE OF OLEG CASSINI
SCHEDULE A-1
STATEMENT OF INCREASES ON SALES
LIQUIDATION OR DISTRIBUTION

None, except for the following:

1. $500,000.00 for Darla Cassini Supplemental Special Needs Trust.

2. $1,250,000.00 for Christina Tierney Cassini Granata Belmont in art as Gift in Kind, as ordered by J Edward McCarty III and accepted by her Counsel Bussell & Stier.

3. $64,400.00 Paid tax 11/07/07.

Schedule A-1

ESTATE OF OLEG CASSINI
SCHEDULE A-2
STATEMENT OF ALL INCOME COLLECTED

None Collected

Schedule A-2

ESTATE OF OLEG CASSINI
SCHEDULE B
STATEMENT OF DECREASES DUE TO
SALES, LIQUIDATION, COLLECTION,
DISTRIBUTION OR UNCOLLECTIBILITY

NONE

Distributions made to Darla Cassini Supplemental Special Needs Trust: $500,000.00

Art: as Gift in Kind for Christina Tierney Cassini Granata Belmont, as accepted by her Counsel Bussell & Stier, as per the order of J Edward McCarty III, in the amount of : $1,250,000.00

| | |
|---|---|
| Funeral Expenses | $53,000.00 |
| Memorial Event - Birthday 4/11/06 | $48,000.00 |
| Tax paid - 11/07/07 | $64,400.00 |

Schedule B

ESTATE OF OLEG CASSINI
SCHEDULE B
STATEMENT OF DECREASES DUE TO
DISTRIBUTION OR UNCOLLECTIBILITY

1. $30,000. Promissory note and loan plus applicable interest from Oleg Cassini Inc. to Christina and Giuliano Granata 1980.

2. $50,000. Loan plus applicable interest to Gene Tierney Lee 1989 from Oleg Cassini, personally.

3. Daria Cassini Care - 47 years - $3,995,000.00 paid by Oleg Cassini Inc. 1951 - 1998. (less return of approximately $300,000.00 of Daria Cassini Supplement Special Needs Trust Fund after her *death. Balance of Daria Cassini Trust after her homicide was put back into Oleg Cassini Inc.
Copies of returned funds to OCI included in 11/07/14 in letter to the Court, Kenneth Mahon and John Barnosky. (*Her manner of death being homicide as per report of Doctor Michael Baden).

4. Marina Minoli loan from Oleg Cassini Inc. of $50,000. plus applicable interest.

As set forth in greater detail in Schedule K, the funeral and administration expenses have been paid directly by Marianne Nestor Cassini or by Oleg Cassini Inc.

**Schedule C**

### ESTATE OF OLEG CASSINI
### SCHEDULE C-1
### STATEMENT OF UNPAID ADMINISTRATIVE EXPENSES

After 2010, all legals and Administrative expenses paid by Marianne Nestor Cassini, as monies in E/O Oleg Cassini were exhausted.

Legal Fees, Appelate Briefs, Federal Express, & related expenses since 2010 after withdrawal of Putney Twombley, were and are paid by Marianne Nestor Cassini personally.

Schedule C-1

ESTATE OF OLEG CASSINI
SCHEDULE C-2
STATEMENT OF ADMINISTRATIVE EXPENSES
CHARGEABLE TO INCOME

**LEGAL FEES-**

After 2010 - All legal fees paid by Marianne Nestor Cassini personally totalling millions of dollars.

Schedule C-2

ESTATE OF OLEG CASSINI
SCHEDULE D
STATEMENT OF ALL CREDITORS' CLAIMS

By a Decision and Order dated December 4, 2009, this Court granted
Christina Tierney Lioewski Cassini Belmont Granata summary judgment
on her claim for twenty-five percent of Oleg Cassini's net estate, 'after debts
and taxes'.

The Executor appealed this order.

The claim is based on California Law, as stated by Judge Riordan, (former Nassau
County Surrogate) and is time-barred. Additionally, the property settlement was
made by the mother, not the daughter and it was the mother's responsibility to
renew every 10 years as per California Law. Furthermore, the claim was filed over
a year after DOD, and California Law requires a claim to be filed within one year of
DOD. The claim was also based on fraud, as Christina was conceived after the
1947 California Interlocutory Divorce, and she is not the biological child of Oleg
Cassini. Ms. Tierney and Mr. Cassini did not remarry.

The claim remains unliquidated.

The Executor reserves her right to seek reimbursement for her personal
expenditures on behalf of the Estate.

Schedule D

ESTATE OF OLEG CASSINI
SCHEDULE E
STATEMENT OF DISTRIBUTIONS

| Description | Amount |
|---|---|
| 1. Marianne Nestor Cassini | $315,104.00 |
| 2. Daria Tierney Cassini Trust | 500,000.00 |
| 3. Marianne Nestor Cassini | 226,232.00 |
| 4. Christina Tierney Granata Belmont<br>Gift In Kind as per order of Judge<br>Edward McCarty III, Surrogate<br>and accepted by her counsel,<br>Bussell & Stier. | $1,250,000.00 |
| Total | $2,291,336.00 |

Schedule E

ESTATE OF OLEG CASSINI
SCHEDULE E-1
STATEMENT OF DISTRIBUTIONS OF INCOME

No Distribution of income made.

Schedule E-1

ESTATE OF OLEG CASSINI
SCHEDULE F
STATEMENT OF NEW INVESTMENTS,
EXCHANGES AND STOCK DISTRIBUTIONS

No new Investments - Exchanges or Stock Distributions

Schedule F

ESTATE OF OLEG CASSINI
SCHEDULE G
STATEMENT OF PRINCIPAL REMAINING
ON HAND 12/17/10

| Item NO | Description | Inventory Value March 17, 2006* |
|---|---|---|
| | STOCKS AND BONDS | |
| 1 | US Trust Co - IRA passed out of Estate to Beneficiary Marianne Nestor | $660,603.00 ** |
| 2 | Oleg Cassini Inc. became 100% property of Oleg's wife, Marianne, as a matter of law, 3/17/06 - Joint Tenants with Rights of Survivorship | $14,758,406.00 |
| 3 | Cassini Parfums Ltd. Purchased in 1996 by Marianne Nestor based on an Option exercised. | $1,595,000.00** |
| | MORTGAGES, NOTES AND CASH | |
| 4 | Due from Cassini Parfums Ltd | $41,684.00** |
| 5 | Due from Oleg Cassini Inc to Marianne Nestor Cassini | $3,700,000.00 |
| | OTHER MISCELLANEOUS PROPERTY | |
| 6 | Art work, Furniture & Antiques | $3,939,140.00**** |
| 7 | Memorabilia Jackie Kennedy | $1,875,000.00**** |
| 8 | Memorabilia Grace Kelly | $50,000.00**** |

*The amounts set forth in the inventory value column are the values fixed for the respective items in the federal estate tax proceeding held with respect to Oleg Cassini's estate, and 706 dated 3/13/17 Exhibit 1.

** Please see note to Summary Statement and Schedule K Paragraphs D, E, F, G, and H, and 706 dated 3/13/17 Exhibit 1.

**** Exhibit 2. See letter of 11/07/14 of JV Reppert to the Court, Kenneth Mahon, John Barnosky, stating ownership of artwork, furniture, antiques by Marianne Nestor Cassini.

Schedule G

ESTATE OF OLEG CASSINI
SCHEDULE G-1
STATEMENT OF INCOME ON HAND

NONE

In addition, Marianne Nestor Cassini provided cash funding to Oleg Cassini Inc. at various times as follows:

$660,000.00 in 2006
$700,000.00 in 2008
$400,000.00 in January 2009
$400,000.00 in December 2012

Total $2,260,000.00

Marianne Nestor Cassini also paid real estate taxes for the Oyster Bay Cove property, including:  $155,000. in January 2015, and $125,000. in 2010.

Schedule G-1

ESTATE OF OLEG CASSINI
SCHEDULE H
STATEMENT OF INTERESTED PARTIES

The names and post-office addresses of all persons and parties interested in this proceeding who are required to be cited under the provisions of Surrogate's Court Procedure, Act 2210 or otherwise, or concerning whom or which the Court is required to have information, are set forth in subdivision (a) or (b).

(a) All persons and parties so interested herein who are of full age and sound mind, or which are corporations or associations, are as follows.

| Name | Nature of interest | P.O. Address |
|---|---|---|
| 1. Marianne Nestor Cassini Oleg Cassini's wife and the Petitionser in this proceeding | Executor, Distributee Income principal and residuary Beneficiary of Art. Third and of Will | 313 McCouns Lane Oyster Bay Cove, NY 11771 & 135 East 19th Street NYC, NY 10003 |
| 2. Christina Tierney Lioewski Cassini Belmont ("Christina") putative daughter of Oleg Cassini | Distributee and Pending Unliquidated Claim against the Estate. Deceased. | 10 Rue de General Camou Paris, France |
| 3. Andrea Lanzara | Monetary Bequest Payable Annualy for the care and upkeep of animals per Art. Fifth of Will, Declined - Deceased | Via E. Fermi 9.S. Marinella Rome, Italy |
| 4. Harry Harvey | Option to purchase Horses Authority to negotiate sale per Art. Fifth of Will. Declined | 34 Deep Hollow Lane N. Columbus, NJ 08022 |

5. Darla Cassini *     Beneficiary    AIMS School
                       Vineland, NJ

\* Darla Cassini - Dead by homicide at the order of
 Christina Tierney Lioewski Cassini Granata Belmont
 ⁻ Decedent's half-sister.

(b)  All persons so interested herein who are infants or incompetents or persons believed to
   be mentally incapable to adequately protect their rights, or persons whose existence,
   identity, or whereabouts are unknown (including persons who are virtually represented
   under SCPA 315) are as follows:

| Name | Nature of Interest | P.O. Address |
|---|---|---|
| I. Darla Tierney Cassini ("Darla") Daughter of Oleg Cassini and sister of Christina. Darla who was mentally incapable, died September 11, 2010, manner. of death, homicide, as per Medical Examiner Dr. Michael Baden. | Distributee. Income and discretionary principal beneficiary of Art. Sixth of Trust Under Will | Training School at Vineland (Baywood Group Home) 2380 Baywood Drive Vineland, New Jersey 08360 |
| Richard Rowe is the court appointed Guardian of Darla and also the Ancillary Guardian of Darla appointed by this Court. | Guardian of Darla | Richard Rowe 19 Scudder Road Westfield, New Jersey 07090 |

Upon information and belief, the records of this Court have been searched for powers of
attorney and assignents and encumbrances made and executed by any of the persons
interested in or entitled to a share of the Estae, and no record of such power of attorney,
assignment, or encumbrance has been found. Your Petitioner has no knowledge of the
execution of any such power of attorney, assignment, or encumbrance not so filed or
recorded.

**Schedule H**

ESTATE OF OLEG CASSINI
SCHEDULE I
STATEMENT OF ESTATE TAXES PAID
AND ALLOCATION THEREOF

1      The United States estate tax proceeding held with respect to the decedent's estate was concluded with the issuance by the Internal Revenue Service of an Estate Tax Closing Letter dated November 7, 2007. A copy of that letter is attached. It indicates a net estate tax payable    in the amount of 50.

2      The New York State estate tax proceeding held with respect to the decedent's estate was concluded with the issuance by the Department of Taxation and Finance of an Estate Tax Closing Letter dated September 12, 2007. A copy of that letter is attached. It indicates an Estate Tax paid of $64,400.00.

3      As per Internal Revenue Service 3/13/17, Exhibit 1, after review, there are o taxes due, and Return is accepted as filed.

Schedule I

ESTATE OF OLEG CASSINI
SCHEDULE J
COMPUTATION OF COMMISSIONS


The Executor has not yet made a computation of commissions. The Executor reserves the right to make such computation.

Schedule J

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATION


1. Cash Reconciliation
   There was no cash after Bequests, taxes, legal fees.

2. Other Pertinent Facts
   Funeral and Administration Expenses paid by Marianne Nestor Cassini or Oleg Cassini Inc.
   Frank Campbell Funeral Home
   Paid April 12, 2006 by Marianne Nestor Cassini                29,411.00

   Catholic Cemeteries
   Paid by Marianne Nestor Cassini                               9,345.00

   Cash Choir & Prayer Masses
   Paid by Marianne Nestor Cassini                               3,000.00

   Birthday Party Memorial Event 4/11/06 at St. Regis Hotel
   NYC. Future President Donald J. Trump spoke including
   very positive event. Paid by Marianne Nestor Cassini         48,000.00

   Commissioner of Taxation and Finance
   Paid December 15, 2006, by Marianne Nestor Cassini
   re: two bequests.
                                                                 64,400.00
LEGAL:

   Putney, Twombly, Hall & Hirson LLP'
   Estate Administration
   Paid April 12, 2006 by Oleg Cassini Inc.                      1,331.40

   Putney, Twombly, Hall & Hirson LLP
   Estate Administration
   Paid April 12, 2006 by Oleg Cassini Inc.                      8,920.00

   Putney, Twombly, Hall & Hirson LLP
   Estate Administration
   Paid May 12, 2006, by Oleg Cassini Inc.                       7,301.70

   Putney, Twombly, Hall & Hirson
   Estate Administration
   Paid June 1, 2006, by Oleg Cassini Inc.                       1,708.10


Schedule K

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATION

Putney, Twombly, Hall & Hirson LLP
Estate Administration
Paid July 12, 2006, by Oleg Cassini, Inc.                                      1,566.04

Putney, Twombly, Hall & Hirson LLP
Estate Administration
Paid August 7, 2006, by Oleg Cassini Inc.                                      2,266.70

Putney, Twombly, Hall & Hirson LLP
Estate Administration
Paid September 8, 2006, by Oleg Cassini Inc.                                    1,604.55

Putney, Twombly, Hall & Hirson LLP
Estate Administration
Paid October 6, 2006, by Oleg Cassini Inc.                                       697.60

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid November 15, 2006, by Oleg Cassini Inc.                                    4,183.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid December 13, 2006, by Oleg Cassini Inc.                                    4,623.81

Putney, Twombly, Hall & Hirson LLP
Estate Administration
Paid January 17, 2007, by Oleg Cassini Inc.                                     5,584.57

Putney, Twombly, Hall & Hirson LLP
Estate Administration
Paid March 28, 2007, by Oleg Cassini Inc.                                         420.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid April 19, 2007, by Oleg Cassini Inc.                                      14,112.60

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid May 17, 2007, by Oleg Cassini Inc.
                                                                              16,446.05
Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid June 15, 2007, by Oleg Cassini Inc.                                       9,920.43

Schedule K

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATION

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid July 20, 2007, by Oleg Cassini Inc.                      4,663.80

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid August 17, 2007, by Oleg Cassini Inc.                   6,370.08

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid September 14, 2007, by Oleg Cassini Inc.               12,556.40

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid October 12, 2007, by Oleg Cassini Inc.                  4,952.02

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid November 9, 2007, by Oleg Cassini Inc.                  3,196.63

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid December 14, 2007, by Oleg Cassini Inc.                 2,564.90

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid January 9, 2008, by Oleg Cassini Inc.                   6,566.79

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid February 27, 2008, by Oleg Cassini Inc.                13,651.60

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid April 16, 2008, by Oleg Cassini Inc.                   15,104.52

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid April 16, 2008, by Oleg Cassini Inc.                    6,238.72

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid May 15, 2008, by Oleg Cassini Inc.                                3,193.80

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid May 28, 2008, by Oleg Cassini Inc.                               10,000.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid June 18, 2008, by Oleg Cassini Inc.                               2,828.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid June 1, 2008, by Oleg Cassini Inc.                                6,326.95

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid June 6, 2008, by Oleg Cassini Inc.                               10,000.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid July 1, 2008, by Oleg Cassini Inc.                                  181.24

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid September 12, 2008, by Oleg Cassini Inc.                            333.69

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid October 17, 2008, by Oleg Cassini Inc.                            1,863.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid November 4, 2008, by Oleg Cassini Inc.                           12,038.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid December 2, 2008, by Oleg Cassini Inc.                           23,064.45

Nachsin & Langlois LLP
Estate Administration
Paid November 25, 2008, by Oleg Cassini Inc.                          7,329.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid December 1, 2008, by Oleg Cassini Inc.                            1,739.84

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid January 1, 2009, by Oleg Cassini Inc.                              819.72

Schedule K

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATION

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid January 12, 2009, by Oleg Cassini Inc.                  1,123.90

Nachsin & Langlois LLP
Estate Administration
Paid January 5, 2009, by Oleg Cassini Inc.                   1,141.80

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid February 1, 2009, by Oleg Cassini                       2,436.10

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid April 1, 2009, by Oleg Cassini Inc.                     1,648.90

Nachsin & Langlois LLP
Estate Administration
Paid April 1, 2009, by Oleg Cassini Inc.                       700.00

Nachsin & Langlois LLP
Estate Administration
Paid April 24, 2009, by Oleg Cassini Inc.                    3,099.75

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid June 24, 2009, by Oleg Cassini Inc.                       366.90

Nachsin & Langlois LLP
Estate Administration
Paid July 1, 2009, by Oleg Cassini Inc.                      3,198.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid July 1, 2009, by Oleg Cassini Inc.                        916.70

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid August 1, 2009, by Oleg Cassini Inc.                    3,062.10

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATION

Nachsin & Langlois LLP
Estate Administration
Paid August 31, 2009, by Oleg Cassini Inc.                              53.52

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid October 14, 2009, by Oleg Cassini Inc.                          4,640.00

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid October 24, 2009, by Oleg Cassini Inc.                         23,160.54

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid November 13, 2009, by Oleg Cassini Inc.                         1,402.30

Putney Twombly, Hall & Hirson LLP
Estate Administration
Paid December 10, 2009, by Oleg Cassini Inc.                        13,857.00

Sedgwick, Detert, Moran & Arnold LLP
Estate litigation and administration
Paid January 21, 2010, by Marianne Nestor Cassini                   10,000.00

Nachsin & Langlois LLP
Estate administration
Paid February 26, 2010, by Marianne Nestor Cassini                   1,126.50
PUTNEY TWOMBLY & NACHSIN - SUB TOTAL, $300,611.91

Sedgwick Detert, Moran & Arnold LLP
Estate litigation and administration
Paid March 23, 2010, by Marianne Nestor Cassini                     30,335.20

Sedgwick Detert, Moran & Arnold LLP
Estate litigation and administration
Paid April 3, 2010, by Marianne Nestor Cassini                      11,620.90

Sedgwick Detert, Moran & Arnold LLP
Estate litigation and administration
Paid May 3, 2010, by Marianne Nestor Cassini                         2,901.61

Sedgwick Detert, Moran & Arnold LLP
Estate litigation and administration
Paid June 1, 2010, by Marianne Nestor Cassini                        1,828.77

Sedgwick Detert, Moran & Arnold LLP
Estate litigation and administration
Paid July 2, 2010, by Marianne Nestor Cassini                       43,343.29
Schedule K

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATIONS

| | |
|---|---|
| Sedgwick Detert Moran & Arnold LLP<br>Estate litigation and administration<br>Paid August 1, 2010, by Marianne Nestor Cassini | 56,230.20 |
| Sedgwick Detert, Moran & Arnold LLP<br>Estate litigation and administration<br>Paid September 7, 2010, by Marianne Nestor Cassini | 48,542.68 |
| Sedgwick Detert, Moran & Arnold LLP<br>Estate litigation and administration<br>Paid September 28, 2010, by Marianne Nestor Cassini | 26,454.08 |
| Sedgwick Detert, Moran & Arnold LLP<br>Estate litigation and administration<br>Paid September 28, 2010, by Marianne Nestor Cassini | 26,890.76 |
| Sedgwick Detert, Moran & Arnold LLP<br>Estate litigation and administration<br>Paid November 1, 2010, by Marianne Nestor Cassini<br>318132.33 | 69,984.84 |
| Sedgwick Detert, Moran & Arnold LLP<br>Estate litigation and administration<br>2011-2015 Sedgwick $1,240,000.00<br>Paid by Marianne Nestor Cassini | 1,240,000.00 |
| Sills Cummis & Gross PC 9/4/15<br>Wire Paid 9/4/15, by Marianne Nestor Cassini | 25,000.00 |
| Sills Cummis & Gross PC<br>check #2900<br>Paid by Marianne Nestor Cassini | 20,000.00 |
| Sills Cummis & Gross PC<br>check #2733<br>Paid by Marianne Nestor Cassini | 17,330.50 |
| Sills Cummis & Gross PC<br>check #2959<br>Paid by Marianne Nestor Cassini | 11,852.01 |
| Sills Cummis & Gross PC<br>check #2855<br>Paid by Marianne Nestor Cassini | 15,000.00 |

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATIONS

| | |
|---|---|
| Sills Cummis & Gross PC | |
| check #2825 | 10,000.00 |
| Paid by Marianne Nestor Cassini | |
| | |
| Sills Cummis & Gross | 65,900.00 |
| Final Bill - Paid by Marianne Nestor Cassini | 55,000.00 |
| | |
| Reppert Kelly LLC | 454,000.80 |
| Paid by Marianne Nestor Cassini | |

Schedule K

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATIONS

Note: After 2010 All legal fees &expenses paid by Marianne Nestor Cassini

Mary Ellen O'Brien Esq.
2016:
15,000.00
 5,000.00
10,000.00
Paid by Marianne Nestor Cassini                                          30,000.00


Printing and Appellate Briefs:
 3,083.23
 4,000.00
   800.00
 5,563.77
17,000.00
15,000.00

Paid by Marianne Nestor Cassini                                          45,447.00

Rodler Law:
                                                                         26,932.50


Relsman Reisman Pierez & Capoblanco LLC.                                119,757.17

Kristina Heuser Esq.                                                     14,120.00

Carney & McKay          44,000.00
                        28,800.00
                        33,000.00
Europa research          3,000.00
                        23,000.00                                      132,800.00

CMK—33,000.                                                             33,000.00

Steven Gaitman                                                          25,000.00


                                        **Total: $2,970,677.05**


Schedule K

ESTATE OF OLEG CASSINI
SCHEDULE K
STATEMENT OF OTHER PERTINENT FACTS
AND CASH RECONCILIATION

D. Although the Executor has included in the Summary, and listed in Schedule A and Schedule G, assets described as:

| | |
|---|---|
| 1. U.S. Trust & Co. IRA | $660,603.00 IRA<br>(Passed out of estate to Beneficiary). |
| 2. Oleg Cassini Inc. | $14,758,406.00 |
| 3. Cassini Parfums Ltd. | $1,595,000.00<br>(Purchased by Marianne Nestor in 1996)<br><u>Exhibit 1</u> |

The Executor's position is that these assets are not assets of the Estate, but are owned by Marianne Nestor Cassini. The Executor's listing of these assets is for information purposes only.

E. In connection with the above-listed Oleg Cassini, Inc. asset which is owned by Marianne Nestor Cassini, the Executor notes that Marianne Nestor Cassini is also owed by or has claims against Oleg Cassini Inc. in the amount of $10,282,000.00, (which includes the amount listed as Item 7 of Schedule A and Item 5 of Schedule G.

F. In connection with the Cassini Parfums Ltd. asset which is owned by Marianne Nestor Cassini, the Executor notes that Marianne Nestor Cassini is owed by or has claims against Cassini Parfums Ltd. in the amount of $1,000,000.00, and that Peggy Nestor is owed by or has claims against Cassini Parfums Ltd. in the amount of $1,641,684.00, (which includes the amount listed as Item 6 of Schedule A and Item 4 of Schedule G.

G. The other Miscellaneous Property (which totals $5,864140.00) included in the Summary, and listed in Schedules A and G, are owned by Marianne Nestor Cassini, as per 11/07/14 letter attached as Exhibit 2 Many of the itms at Marianne's homestead of 135 East 19th Street, transferred with the real property in 1973 when Marianne, as an owner of Oleg Cassini Inc. transferred the real property to Oleg Cassini personally from the Company. The Company, (Oleg Cassini Inc.), had originally purchased the property in 1963.

H. The Executor's listing, in this Account, of assets identified in paragraphs D, E, F, and G above of this Schedule K does not constitute an admission, waiver, or estoppel, and the Executor reserves all of her procedural and substantive rights, claims, and defenses with respect to her listing of these assets owned by Marianne Nestor Cassini.

Schedule K

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ACCOUNTING BY MARIANNE NESTOR CASSINI

as the Executor                                      File No.: 343100

of the ESTATE OF OLEG CASSINI,

                                    **AFFIDAVIT OF SERVICE**

                    Deceased.


STATE OF NEW YORK    )
                       : ss
COUNTY OF NEW YORK  )

        MARIANNE NESTOR CASSINI, being duly sworn, deposes and says:

        That on December 18, 2018, I caused to be served bt Federal Express, the attached

Judicial Accounting upon the parties listed below:

John J. Barnosky, Esq.
Robert M. Harper, Esq.
Farrell Fritz, P.C.
1320 RXR Plaza
Uniondale, New York 11556-1320

Kenneth P. Mahon, Esq.
Mahon, Mahon, Kerins & O'Brien, LLC
254 Nassau Boulevard
Garden City, New York 114530

                                        Marianne Nestor Cassini

Exhibit "1"

Exhibit 1



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
201 W RIVERCENTER BLVD
COVINGTON, KY 41011
STOP 824G

Marianne Cassini
135 E 19th Street
New York, NY 10003

PERSON TO CONTACT:
Ms. Webster
TELEPHONE NUMBER:
1-866-699-4083 EXT 443404
FAX NUMBER:
855-386-5128
DATE:
July 24, 2017

RE:   Oleg Cassini Estate

SSN:   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V
FORM: 706

Dear Ms. Cassini:

The amended return dated March 17, 2017, for the above estate has been accepted as filed. The figures on the closing letter will remain the same. Therefore, no new letter will be issued.

If you have any questions regarding this information, please feel free to contact me at the above number.

Sincerely,

Enclosures:
Copy of letter

Paralegal Specialist
Estate & Gift

MARIANNE CASSINI

Internal Revenue Service
Cincinnati, OH 45999

Re: 706
Oleg L. Cassini
SS 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
DOD 3/17/06

March 13, 2017

Gentlepeople,

Attached, please find updated 706, reference Oleg L. Cassini - SS number 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.

Exhibit 1 - Updated corrected information of 706 and Exhibits.

Exhibit 2 - Original 706 document.

The exhibits listed below - tie into - the numbers on the 706 documents.

Exhibit B - IRA $660,693. US Trust, which has been excluded, passed out of the estate to Oleg's wife, Marianne.

Exhibit F - Cassini Parfums Ltd. - Purchase of Cassini Parfums Ltd in 1996 prior to death of Oleg in 2006. Included herein are the original option document, the exercise of option, and copy of cancelled check re: purchase.

Therefore, the value included in original 706 of $1,595,000. dollars is excluded due to the fact that the Option was exercised in 1996 prior to death of Decedent 3/17/06.

Exhibit E1 - The value of 135 East 19th Street in 2006 was $6,570,000.
The prior number of $9,000,000. was incorrect.
Please see attached statement from New York City Property Assessment.

Exhibit E5 - The value of Oleg Cassini Inc. in original 706, was incorrect. The value of the property of 313 McCouns Lane, Oyster Bay Cove, New York 11771 is $10,117,900. from 2006. A copy of real estate tax assessment from Nassau County of 2006, in the amount of $10,117,900. is attached.

313 McCOUNS LANE        OYSTER BAY COVE, NY 11771

Additionally, in evaluating the operations of the company, the value is $4,500,000.

The total estimated valuation of the stock of Oleg Cassini Inc. is $14,617,900, of which I owned 50%. I am attaching documents which reference that.

Accordingly, the value of the Estate is $14,758,406. and, not $57,197,514.

Should you need to reach me, my cell phone number is 917-371-9707.

Thank you for your anticipated cooperation.

Sincerely,

Marianne Nestor Cassini

913 McCouns Lane        Oyster Bay Cove, NY 11771

*Supplemental Information -*

| Form **706** | United States Estate (and Generation-Skipping Transfer) Tax Return | | OMB No. 1545-0015 |
|---|---|---|---|
| (Rev. October 2008) | | | |

Department of the Treasury
Internal Revenue Service

Estate of a citizen or resident of the United States (see separate instructions).
To be filed for decedents dying after December 31, 2006, and before January 1, 2007.

| 1a Decedent's last name and middle (and maiden name, if any) | 1b Decedent's first name | 2 Decedent's Social Security No. |
|---|---|---|
| Olev L. | Casini | 115 : 02 : 7046 |

| 3a County, state, and ZIP code, or foreign country, of legal residence (domicile) at time of death | 3b Year domicile established | 4 Date of birth | 5 Date of death |
|---|---|---|---|
| 313 McCouns Lane | 1983 | 4/11/13 | 3/17/06 |
| Oyster Bay Cove, NY 11771 | | | |

| 6a Name of executor (see page 4 of the instructions) | 6b Executor's address (number and street including apartment or suite no. or rural route; city, town, or post office; state; and ZIP code) and phone no. |
|---|---|
| Marianne Nestor Casini | 15 East 63rd Street |
| | New York, NY 10021 |

| 6c Executor's social security number (see page 4 of the instructions) | | Phone no. (917) 371-8707 |
|---|---|---|
| 256 : 66 : 9862 | | |

| 7a Name and location of court where will was probated or estate administered | 7b Case number |
|---|---|
| Nassau County | |

8  If decedent died testate, check here ▶ ☑ and attach a certified copy of the will.   9  If you extended the time to file this Form 706, check here ▶ ☑
10  If Schedule R-1 is attached, check here ▶ ☐

| | | | |
|---|---|---|---|
| 1 | Total gross estate less exclusion (from Part 5—Recapitulation, page 3, item 12) | **1** | 14,758,400 |
| 2 | Tentative total allowable deductions (from Part 5—Recapitulation, page 3, item 22) | **2** | 14,758,400 |
| 3a | Tentative taxable estate (before state death tax deduction) (subtract line 2 from line 1) | **3a** | 0 |
| b | State death tax deduction | **3b** | 64,000 |
| c | Taxable estate (subtract line 3b from line 3a) | **3c** | 0 |
| 4 | Adjusted taxable gifts (within the meaning of section 2503) made by the decedent after December 31, 1976, other than gifts that are includible in decedent's gross estate (section 2001(b)) | **4** | |
| 5 | Add lines 3c and 4 | **5** | |
| 6 | Tentative tax on the amount on line 5 from Table A on page 4 of the instructions | **6** | |
| 7 | Total gift tax paid or payable with respect to gifts made by the decedent after December 31, 1976. Include gift taxes by the decedent's spouse for such spouse's share of split gifts (section 2513) only if the decedent was the donor of these gifts and they are includible in the decedent's gross estate (see instructions) | **7** | |
| 8 | Gross estate tax (subtract line 7 from line 6) | **8** | |
| 9 | Maximum unified credit (applicable credit amount) against estate tax | **9** | |
| 10 | Adjustment to unified credit (applicable credit amount). (This adjustment may not exceed $6,000. See page 6 of the instructions.) | **10** | |
| 11 | Allowable unified credit (applicable credit amount) (subtract line 10 from line 9) | **11** | |
| 12 | Subtract line 11 from line 8 (but do not enter less than zero) | **12** | |
| 13 | Credit for foreign death taxes (from Schedule P). (Attach Form 706-CE.) | **13** | |
| 14 | Credit for tax on prior transfers (from Schedule Q) | **14** | |
| 15 | Total credits (add lines 13 and 14) | **15** | |
| 16 | Net estate tax (subtract line 15 from line 12) | **16** | |
| 17 | Generation-skipping transfer (GST) taxes payable (from Schedule R, Part 2, line 10) | **17** | |
| 18 | Total transfer taxes (add lines 16 and 17) | **18** | |
| 19 | Prior payments. Explain in an attached statement | **19** | |
| 20 | Balance due (or overpayment) (subtract line 19 from line 18) | **20** | |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer other than the executor is based on all information of which preparer has any knowledge.

Signature(s) of executor(s)                                   Date  3/13/17

| Signature of preparer other than executor | Address (and ZIP code) | Date |
|---|---|---|

For Privacy Act and Paperwork Reduction Act Notice, see page 28 of the separate instructions for this form.    Cat. No. 20548R    Form **706** (Rev. 10-2008)

Form 706 (Rev. 10-2016)

Estate of: Oleg L. Cassini  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

## Part 3—Elections by the Executor

Please check the "Yes" or "No" box for each question (see instructions beginning on page 6).
Note. Some of these elections require the posting of bonds or liens.

| | | | Yes | No |
|---|---|---|---|---|
| 1 | Do you elect alternate valuation? . . . . . . . . . . . . . . . . . . . | 1 | | ✓ |
| 2 | Do you elect special-use valuation? . . . . . . . . . . . . . . . . . . If "Yes," you must complete and attach Schedule A-1. | 2 | | ✓ |
| 3 | Do you elect to pay the taxes in installments as described in section 6166? . . . . . . . . . If "Yes," you must attach the additional information described on pages 9 and 10 of the instructions. Note. By electing section 6166, you agree to provide security for estate tax deferred under section 6166 and interest in the form of a surety bond or a section 6324A special lien. | 3 | | |
| 4 | Do you elect to postpone the part of the taxes attributable to a reversionary or remainder interest as described in section 6163? . . . . . . . . . . . . . . . . . . . . . . | 4 | | ✓ |

## Part 4—General Information  (Note. Please attach the necessary supplemental documents. You must attach the death certificate.) (see instructions on page 11)

Authorization to receive confidential tax information under Regs. sec. 601.504(b)(2)(i); to act as the estate's representative before the IRS; and to make written or oral presentations on behalf of the estate if return prepared by an attorney, accountant, or enrolled agent for the executor:

| Name of representative (print or type) | State | Address (number, street, and room or suite no., city, state, and ZIP code) |
|---|---|---|

I declare that I am the ☐ attorney/ ☐ certified public accountant/ ☐ enrolled agent (you must check the applicable box) for the executor and prepared this return for the executor; I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

| Signature | CAF number | Date | Telephone number |
|---|---|---|---|

1  Death certificate number and issuing authority (attach a copy of the death certificate to this return).

2  Decedent's business or occupation. If retired, check here ► ☐ and state decedent's former business or occupation.

3  Marital status of the decedent at time of death:
☑ Married
☐ Widow or widower—Name, SSN, and date of death of deceased spouse ► ...........................................
☐ Single
☐ Legally separated
☐ Divorced—Date divorce decree became final ► ...........................................

| 4a  Surviving spouse's name | 4b  Social security number | 4c  Amount received (see page 11 of the instructions) |
|---|---|---|
| Marianne Nestor Cassini | 200  60  0662 | |

5  Individuals (other than the surviving spouse), trusts, or other estates who receive benefits from the estate (do not include charitable beneficiaries shown in Schedule O) (see instructions).

| Name of individual, trust, or estate receiving $5,000 or more | Identifying number | Relationship to decedent | Amount (see instructions) |
|---|---|---|---|
| Christina Cassini Granata Belmont | | | 1,250,000 |
| Daria Cassini | 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 | Daughter | 600,000 |
| | | | |
| All unascertainable beneficiaries and those who receive less than $5,000 . . . . . . . . . . . . . ► | | | |
| **Total** . . . . . . . . . . . . . . . . | | | **1,750,000** |

Please check the "Yes" or "No" box for each question.

| | | | Yes | No |
|---|---|---|---|---|
| 6 | Does the gross estate contain any section 2044 property (qualified terminable interest property (QTIP) from a prior gift or estate)? (see page 11 of the instructions) . . . . . . . . . . . . . . . . . . . . . . . | | | ✓ |
| 7a | Have federal gift tax returns ever been filed? . . . . . . . . . . . . . . . . . . If "Yes," please attach copies of the returns, if available, and furnish the following information: | | | ✓ |
| 7b | Period(s) covered | 7c  Internal Revenue office(s) where filed | | |

(continued on next page)

Page 2

Form 706 (Rev. 10-2008)

## Part 4—General Information (continued)

| If you answer "Yes" to any of questions 9–16, you must attach additional information as described in the instructions. | | Yes | No |
|---|---|:---:|:---:|
| 9a | Was there any insurance on the decedent's life that is not included on the return as part of the gross estate? . . . | | ✓ |
| b | Did the decedent own any insurance on the life of another that is not included in the gross estate? . . . . . | | ✓ |
| 9 | Did the decedent at the time of death own any property as a joint tenant with right of survivorship in which (a) one or more of the other joint tenants was someone other than the decedent's spouse, and (b) less than the full value of the property is included on the return as part of the gross estate? If "Yes," you must complete and attach Schedule E . . . . . . . | ✓ | |
| 10 | Did the decedent, at the time of death, own any interest in a partnership or unincorporated business or any stock in an inactive or closely held corporation? . . . . . . . . . . . . . . . . . . . . . . . . . . . | | ✓ |
| 11 | Did the decedent make any transfer described in section 2035, 2036, 2037, or 2038 (see the instructions for Schedule G beginning on page 13 of the separate instructions)? If "Yes," you must complete and attach Schedule G . . . . . . | | ✓ |
| 12a | Were there in existence at the time of the decedent's death any trusts created by the decedent during his or her lifetime? | | ✓ |
| b | Were there in existence at the time of the decedent's death any trusts not created by the decedent under which the decedent possessed any power, beneficial interest, or trusteeship? . . . . . . . . . . . . . . . . | | ✓ |
| c | Was the decedent receiving income from a trust created after October 22, 1986 by a parent or grandparent? . . . | | ✓ |
| | If "Yes," was there a GST taxable termination (under section 2612) upon the death of the decedent? . . . . . | | ✓ |
| d | If there was a GST taxable termination (under section 2612), attach a statement to explain. Provide a copy of the trust or will creating the trust, and give the name, address, and phone number of the current trustee(s). | | |
| e | Did decedent at any time during his or her lifetime transfer or sell an interest in a partnership, limited liability company, or closely held corporation to a trust described in question 12a or 12b? . . . . . . . . . . . . . . . . | | |
| | If "Yes," provide the EIN number to this transferred/sold item. ▶ | | |
| 13 | Did the decedent ever possess, exercise, or release any general power of appointment? If "Yes," you must complete and attach Schedule H . . | | ✓ |
| 14 | Was the marital deduction computed under the transitional rule of Public Law 97-34, section 403(e)(3) (Economic Recovery Tax Act of 1981)? | | ✓ |
| | If "Yes," attach a separate computation of the marital deduction, enter the amount on item 20 of the Recapitulation, and note on item 20 "computation attached." | | |
| 15 | Was the decedent, immediately before death, receiving an annuity described in the "General" paragraph of the instructions for Schedule I or a private annuity? If "Yes," you must complete and attach Schedule I . . . . . . . . . . . . | | ✓ |
| 16 | Was the decedent ever the beneficiary of a trust for which a deduction was claimed by the estate of a pre-deceased spouse under section 2056(b)(7) and which is not reported on this return? If "Yes," attach an explanation . . . . . . | | ✓ |

## Part 5—Recapitulation

| Item number | Gross estate | | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Schedule A—Real Estate . . . . . . . . . . . . . . . . . . . | 1 | | |
| 2 | Schedule B—Stocks and Bonds . . . . . . . . . . . . . . . . | 2 | | 1,041,336 |
| 3 | Schedule C—Mortgages, Notes, and Cash . . . . . . . . . . . . | 3 | | |
| 4 | Schedule D—Insurance on the Decedent's Life (attach Form(s) 712) . . | 4 | | |
| 5 | Schedule E—Jointly Owned Property (attach Form(s) 712 for life insurance) | 5 | | 13,717,070 |
| 6 | Schedule F—Other Miscellaneous Property (attach Form(s) 712 for life insurance) | 6 | | |
| 7 | Schedule G—Transfers During Decedent's Life (att. Form(s) 712 for life insurance) | 7 | | |
| 8 | Schedule H—Powers of Appointment . . . . . . . . . . . . . | 8 | | |
| 9 | Schedule I—Annuities . . . . . . . . . . . . . . . . . . | 9 | | |
| 10 | Total gross estate (add items 1 through 9) . . . . . . . . . . . | 10 | | 14,758,046 |
| 11 | Schedule U—Qualified Conservation Easement Exclusion . . . . . . | 11 | | |
| 12 | Total gross estate less exclusion (subtract item 11 from item 10). Enter here and on line 1 of Part 2—Tax Computation . . . . . . . . . . . | 12 | | 14,758,046 |

| Item number | Deductions | | Amount |
|---|---|---|---|
| 13 | Schedule J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims . . . | 13 | 152,708 |
| 14 | Schedule K—Debts of the Decedent . . . . . . . . . . . . . . . . . . . . . . . . . | 14 | 0 |
| 15 | Schedule K—Mortgages and Liens . . . . . . . . . . . . . . . . . . . . . . . . . | 15 | 0 |
| 16 | Total of items 13 through 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 | 152,708 |
| 17 | Allowable amount of deductions from item 16 (see the instructions for item 17 of the Recapitulation) . . . | 17 | |
| 18 | Schedule L—Net Losses During Administration . . . . . . . . . . . . . . . . . . . . . | 18 | |
| 19 | Schedule L—Expenses Incurred in Administering Property Not Subject to Claims . . . . . . . . . | 19 | |
| 20 | Schedule M—Bequests, etc., to Surviving Spouse . . . . . . . . . . . . . . . . . . . . | 20 | 12,855,898 |
| 21 | Schedule O—Charitable, Public, and Similar Gifts and Bequests . . . . . . . . . . . . . . . | 21 | 1,750,000 |
| 22 | Tentative total allowable deductions (add items 17 through 21). Enter here and on line 2 of the Tax Computation | 22 | 14,758,046 |

Page 3

Form 706 (Rev. 10-2000)

Estate of:

## SCHEDULE A—Real Estate

- For jointly owned property that must be disclosed on Schedule E, see the instructions on the reverse side of Schedule E.
- Real estate that is part of a sole proprietorship should be shown on Schedule F.
- Real estate that is included in the gross estate under section 2035, 2036, 2037, or 2038 should be shown on Schedule G.
- Real estate that is included in the gross estate under section 2041 should be shown on Schedule H.
- If you elect section 2032A valuation, you must complete Schedule A and Schedule A-1.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |
| | Total from continuation schedules or additional sheets attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 1.) | | | |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule A—Page 4

Form 706 (Rev. 10-2008)

## Instructions for Schedule A—Real Estate

If the total gross estate contains any real estate, you must complete Schedule A and file it with the return. On Schedule A, list real estate the decedent owned or had contracted to purchase. Number each parcel in the left-hand column.

Describe the real estate in enough detail so that the IRS can easily locate it for inspection and valuation. For each parcel of real estate, report the area and, if the parcel is improved, describe the improvements. For city or town property, report the street and number, ward, subdivision, block and lot, etc. For rural property, report the township, range, landmarks, etc.

If any item of real estate is subject to a mortgage for which the decedent's estate is liable; that is, if the indebtedness may be charged against other property of the estate that is not subject to that mortgage, or if the decedent was personally liable for that mortgage, you must report the full value of the property in the value

column. Enter the amount of the mortgage under "Description" on this schedule. The unpaid amount of the mortgage may be deducted on Schedule K.

If the decedent's estate is not liable for the amount of the mortgage, report only the value of the equity of redemption (or value of the property less the indebtedness) in the value column as part of the gross estate. Do not enter any amount less than zero. Do not deduct the amount of indebtedness on Schedule K.

Also list on Schedule A real property the decedent contracted to purchase. Report the full value of the property and not the equity in the value column. Deduct the unpaid part of the purchase price on Schedule K.

Report the value of real estate without reducing it for homestead or other exemption, or the value of dower, curtesy, or a statutory estate created instead of dower or curtesy.

Explain how the reported values were determined and attach copies of any appraisals.

### Schedule A Examples

In this example, alternate valuation is not adopted; the date of death is January 1, 2006.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | House and lot, 1921 William Street NW, Washington, DC (lot 6, square 481). Rent of $2,700 due at end of each quarter, February 1, May 1, August 1, and November 1. Value based on appraisal, copy of which is attached . . . . . . . . . . . | | | $108,000 |
| | Rent due on Item 1 for quarter ending November 1, 2005, but not collected at date of death | | | 2,700 |
| | Rent accrued on Item 1 for November and December 2005 . . . . . . . . | | | 1,800 |
| 2 | House and lot, 304 Jefferson Street, Alexandria, VA (lot 18, square 40). Rent of $600 payable monthly. Value based on appraisal, copy of which is attached . . . . | | | 96,000 |
| | Rent due on Item 2 for December 2005, but not collected at date of death . . . | | | 600 |

In this example, alternate valuation is adopted; the date of death is January 1, 2006.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | House and lot, 1921 William Street NW, Washington, DC (lot 6, square 481). Rent of $2,700 due at end of each quarter, February 1, May 1, August 1, and November 1. Value based on appraisal, copy of which is attached. Not disposed of within 6 months following death . . . . . . . . | 7/1/06 | 90,000 | $108,000 |
| | Rent due on Item 1 for quarter ending November 1, 2005, but not collected until February 1, 2006 . . . . . . . . . . . | 2/1/06 | 2,700 | 2,700 |
| | Rent accrued on Item 1 for November and December 2005, collected on February 1, 2006 . . . . . . . . . . | 2/1/06 | 1,800 | 1,800 |
| 2 | House and lot, 304 Jefferson Street, Alexandria, VA (lot 18, square 40). Rent of $600 payable monthly. Value based on appraisal, copy of which is attached. Property exchanged for farm on May 1, 2006 . . . . . . | 5/1/06 | 90,000 | 96,000 |
| | Rent due on Item 2 for December 2005, but not collected until February 1, 2006 · | 2/1/06 | 600 | 600 |

Schedule A—Page 5

Form 706 (Rev. 10-2006)

## Instructions for Schedule A-1. Section 2032A Valuation

This election to value certain farm and closely held business property at its special-use value is made by checking "Yes" to Form 706, Part 3—Elections by the Executor, line 2. Schedule A-1 is used to report the additional information that must be submitted to support this election. In order to make a valid election, you must complete Schedule A-1 and attach all of the required statements and appraisals.

For definitions and additional information concerning special-use valuation, see section 2032A and the related regulations.

### Part 1. Type of Election

Estate and GST tax elections. If you elect special-use valuation for the estate tax, you must also elect special-use valuation for the GST tax, and vice versa.

You must value each specific property interest at the same value for GST tax purposes that you value it at for estate tax purposes.

Protective election. To make the protective election described in the separate instructions for Part 3—Elections by the Executor, line 2, you must check this box, enter the decedent's name and social security number in the spaces provided at the top of Schedule A-1, and complete Part 2. Notice of Election, line 1 and lines 3 and 4, column A. For purposes of the protective election, list on line 3 all of the real property that passes to the qualified heirs even though some of that property will be shown on line 2 when the additional notice of election is subsequently filed. You need not complete columns B through D of lines 3 and 4. You need not complete any other line entries on Schedule A-1. Completing Schedule A-1 as described above constitutes a Notice of Protective Election as described in Regulations section 20.2032A-8(b).

### Part 2. Notice of Election

Line 10. Because the special-use valuation election creates a potential tax liability for the recapture tax of section 2032A(c), you must list each person who receives an interest in the specially valued property on Schedule A-1. If there are more than eight persons who receive interests, use an additional sheet that follows the format of line 10. In the columns "Fair market value" and "Special-use value," you should enter the total respective values of all the specially valued property interests received by each person.

### GST Tax Savings

To compute the additional GST tax due upon disposition (or cessation of qualified use) of the property, each "skip person" (as defined in the instructions to Schedule R) who receives an interest in the specially valued property must know the total GST tax savings on all of the interests in specially valued property received. This GST tax savings is the difference between the total GST tax that was imposed on all of the interests in specially valued property received by the skip person valued at their special-use value and the total GST tax that would have been imposed on the same interests received by the skip person had they been valued at their fair market value.

Because the GST tax depends on the executor's allocation of the GST exemption and the grandchild exclusion, the skip person who receives the interests is unable to compute the GST tax savings. Therefore, for each skip person who receives an interest in specially valued property, you must attach worksheets showing the total GST tax savings attributable to all of that person's interests in specially valued property.

How to compute the GST tax savings. Before computing each skip person's GST tax savings, you must complete Schedules R and R-1 for the entire estate (using the special-use values).

For each skip person, you must complete two Schedules R (Parts 2 and 3 only) as worksheets, one showing the interests in specially valued property received by the skip person at their special-use value and one showing the same interests at their fair market value.

If the skip person received interests in specially valued property that were shown on Schedule R-1, show these interests on the Schedule R, Parts 2 and 3 worksheets, as appropriate. Do not use Schedule R-1 as a worksheet.

Completing the special-use value worksheets. On Schedule R, Parts 2 and 3, enter -0-.

Completing the fair market value worksheets.

● Schedule R, Parts 2 and 3, lines 2 and 3, fixed taxes and other charges. If valuing the interests at their fair market value (instead of special-use value) causes any of these taxes and charges to increase, enter the increased amount (only) on these lines and attach an explanation of the increase. Otherwise, enter -0-.

● Schedule R, Parts 2 and 3, line 6—GST exemption allocation. If you completed Schedule R, Part 1, line 10, enter on line 6 the amount shown for the skip person on the line 10 special-use allocation schedule you attached to Schedule R. If you did not complete Schedule R, Part 1, line 10, enter -0- on line 6.

Total GST tax savings. For each skip person, subtract the tax amount on line 10, Part 2 of the special-use value worksheet from the tax amount on line 10, Part 2 of the fair market value worksheet. This difference is the skip person's total GST tax savings.

### Part 3. Agreement to Special Valuation Under Section 2032A

The agreement to special valuation by persons with an interest in property is required under section 2032A(a)(1)(B) and (d)(2) and must be signed by all parties who have any interest in the property being valued based on its qualified use as of the date of the decedent's death.

An interest in property is an interest that, as of the date of the decedent's death, can be asserted under applicable local law so as to affect the disposition of the specially valued property by the estate. Any person who at the decedent's death has any such interest in the property, whether present or future, or vested or contingent, must enter into the agreement. Included are owners of remainder and executory interests; the holders of general or special powers of appointment; beneficiaries of a gift over in default of exercise of any such power; joint tenants and holders of similar undivided interests when the decedent held only a joint or undivided interest in the property or when only an undivided interest is specially valued; and trustees of trusts and representatives of other entities holding title to, or holding any interests in the property. An heir who has the power under local law to caveat (challenge) a will and thereby affect disposition of the property is not, however, considered to be a person with an interest in property under section 2032A solely by reason of that right. Likewise, creditors of an estate are not such persons solely by reason of their status as creditors.

If any person required to enter into the agreement either desires that an agent act for him or her or cannot legally bind himself or herself due to infancy or other incompetency, or due to death before the election under section 2032A is timely exercised, a representative authorized by local law to bind the person in an agreement of this nature may sign the agreement on his or her behalf.

The Internal Revenue Service will contact the agent designated in the agreement on all matters relating to continued qualification under section 2032A of the specially valued real property and on all matters relating to the special lien arising under section 6324B. It is the duty of the agent as attorney-in-fact for the parties with interests in the specially valued property to furnish the IRS with any requested information and to notify the IRS of any disposition or cessation of qualified use of any part of the property.

Schedule A-1—Page 6

Form 706 (Rev. 10-2008)

Checklist for Section 2032A Election.



*If you are going to make the special-use valuation election on Schedule A-1, please use this checklist to ensure that you are providing everything necessary to make a valid election.*

To have a valid special-use valuation election under section 2032A, you must file, in addition to the federal estate tax return, (a) a notice of election (Schedule A-1, Part 2), and (b) a fully executed agreement (Schedule A-1, Part 3). You must include certain information in the notice of election. To ensure that the notice of election includes all of the information required for a valid election, use the following checklist. The checklist is for your use only. Do not file it with the return.

1. Does the notice of election include the decedent's name and social security number as they appear on the estate tax return?

2. Does the notice of election include the relevant qualified use of the property to be specially valued?

3. Does the notice of election describe the items of real property shown on the estate tax return that are to be specially valued and identify the property by the Form 706 schedule and item number?

4. Does the notice of election include the fair market value of the real property to be specially valued and also include its value based on the qualified use (determined without the adjustments provided in section 2032A(b)(3)(B))?

5. Does the notice of election include the adjusted value (as defined in section 2032A(b)(3)(B)) of (a) all real property that both passes from the decedent and is used in a qualified use, without regard to whether it is to be specially valued, and (b) all real property to be specially valued?

6. Does the notice of election include (a) the items of personal property shown on the estate tax return that pass from the decedent to a qualified heir and that are used in qualified use and (b) the total value of such personal property adjusted under section 2032A(b)(3)(B)?

7. Does the notice of election include the adjusted value of the gross estate? (See section 2032A(b)(3)(A).)

8. Does the notice of election include the method used to determine the special-use value?

9. Does the notice of election include copies of written appraisals of the fair market value of the real property?

10. Does the notice of election include a statement that the decedent and/or a member of his or her family has owned all of the specially valued property for at

least 5 years of the 8 years immediately preceding the date of the decedent's death?

11. Does the notice of election include a statement as to whether there were any periods during the 8-year period preceding the decedent's date of death during which the decedent or a member of his or her family did not (a) own the property to be specially valued, (b) use it in a qualified use, or (c) materially participate in the operation of the farm or other business? (See section 2032A(e)(6).)

12. Does the notice of election, for each item of specially valued property, the name of every person taking an interest in that item of specially valued property and the following information about each such person: (a) the person's address, (b) the person's taxpayer identification number, (c) the person's relationship to the decedent, and (d) the value of the property interest passing to that person based on both fair market value and qualified use?

13. Does the notice of election include affidavits describing the activities constituting material participation and the identity of the material participants?

14. Does the notice of election include a legal description of each item of specially valued property? (In the case of an election made for qualified woodlands, the information included in the notice of election must include the reason for entitlement to the Woodlands election.)

Any election made under section 2032A will not be valid unless a properly executed agreement (Schedule A-1, Part 3) is filed with the estate tax return. To ensure that the agreement satisfies the requirements for a valid election, use the following checklist.

1. Has the agreement been signed by each and every qualified heir having an interest in the property being specially valued?

2. Has every qualified heir expressed consent to personal liability under section 2032A(c) in the event of an early disposition or early cessation of qualified use?

3. Is the agreement that is actually signed by the qualified heirs in a form that is binding on all of the qualified heirs having an interest in the specially valued property?

4. Does the agreement designate an agent to act for the parties to the agreement in all dealings with the IRS on matters arising under section 2032A?

5. Has the agreement been signed by the designated agent and does it give the address of the agent?

Form 706 (Rev. 10-2008)

| | Decedent's Social Security Number |
|---|---|
| Estate of: | |

## SCHEDULE A-1—Section 2032A Valuation

### Part 1. Type of Election (Before making an election, see the checklist on page 7.):

☐ Protective election (Regulations section 20.2032A-8(b)). Complete Part 2, line 1, and column A of lines 3 and 4. (see instructions)

☐ Regular election. Complete all of Part 2 (including line 11, if applicable) and Part 3. (see instructions)

Before completing Schedule A-1, see the checklist on page 7 for the information and documents that must be included to make a valid election.

The election is not valid unless the agreement (that is, *Part 3. Agreement to Special Valuation Under Section 2032A*):

• is signed by each and every qualified heir with an interest in the specially valued property and

• is attached to this return when it is filed.

### Part 2. Notice of Election (Regulations section 20.2032A-8(a)(3))

Note. All real property entered on lines 2 and 3 must also be entered on Schedules A, E, F, G, or H, as applicable.

1   Qualified use—check one ▶   ☐ Farm used for farming, or

             ▶   ☐ Trade or business other than farming

2   Real property used in a qualified use, passing to qualified heirs, and to be specially valued on this Form 706.

| A<br>Schedule and item number<br>from Form 706 | B<br>Full value<br>(without section 2032A(b)(3)(B)<br>adjustment) | C<br>Adjusted value (with section<br>2032A(b)(3)(B)<br>adjustment) | D<br>Value based on qualified use<br>(without section 2032A(b)(3)(B)<br>adjustment) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Totals . . . . . . . .

Attach a legal description of all property listed on line 2.

Attach copies of appraisals showing the column B values for all property listed on line 2.

3   Real property used in a qualified use, passing to qualified heirs, but not specially valued on this Form 706.

| A<br>Schedule and item number<br>from Form 706 | B<br>Full value<br>(without section 2032A(b)(3)(B)<br>adjustment) | C<br>Adjusted value (with section<br>2032A(b)(3)(B)<br>adjustment) | D<br>Value based on qualified use<br>(without section 2032A(b)(3)(B)<br>adjustment) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Totals . . . . . . . .

If you checked "Regular election," you must attach copies of appraisals showing the column B values for all property listed on line 3.

(continued on next page)                               Schedule A-1—Page 8

Form 706 (Rev. 10-2009)

**4 Personal property used in a qualified use and passing to qualified heirs.**

| A Schedule and item number from Form 706 | B Adjusted value (with section 2032A(b)(3)(B) adjustment) | A (continued) Schedule and item number from Form 706 | B (continued) Adjusted value (with section 2032A(b)(3)(B) adjustment) |
|---|---|---|---|
| | | "Subtotal" from Col. B, below left | |
| | | | |
| | | | |
| | | | |
| | | | |
| Subtotal . . . . . . . . | | Total adjusted value . . . . | |

5 Enter the value of the total gross estate as adjusted under section 2032A(b)(3)(A). ▶

6 Attach a description of the method used to determine the special value based on qualified use.

7 Did the decedent and/or a member of his or her family own all property listed on line 2 for at least 5 of the 8 years immediately preceding the date of the decedent's death? . . . . . . . . . . . . . . . ☐ Yes ☐ No

8 Were there any periods during the 8-year period preceding the date of the decedent's death during which the decedent or a member of his or her family:

| | Yes | No |
|---|---|---|

a Did not own the property listed on line 2 above? . . . . . . . . . . . . . . . . . .

b Did not use the property listed on line 2 above in a qualified use? . . . . . . . . . . . . .

c Did not materially participate in the operation of the farm or other business within the meaning of section 2032A(e)(6)? . . . . . . . . . . . . . . . . . . . . . . . . . . . .

If "Yes" to any of the above, you must attach a statement listing the periods. If applicable, describe whether the exceptions of sections 2032A(b)(4) or (5) are met.

9 Attach affidavits describing the activities constituting material participation and the identity and relationship to the decedent of the material participants.

10 Persons holding interests. Enter the requested information for each party who received any interest in the specially valued property. (Each of the qualified heirs receiving an interest in the property must sign the agreement, and the agreement must be filed with this return.)

| | Name | Address |
|---|---|---|
| A | | |
| B | | |
| C | | |
| D | | |
| E | | |
| F | | |
| G | | |
| H | | |

| | Identifying number | Relationship to decedent | Fair market value | Special-use value |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| C | | | | |
| D | | | | |
| E | | | | |
| F | | | | |
| G | | | | |
| H | | | | |

You must attach a computation of the GST tax savings attributable to direct skips for each person listed above who is a skip person. (see instructions)

11 Woodlands election. Check here ▶ ☐ if you wish to make a Woodlands election as described in section 2032A(e)(13). Enter the schedule and item numbers from Form 706 of the property for which you are making this election ▶ . . . . . . . . . . . . You must attach a statement explaining why you are entitled to make this election. The IRS may issue regulations that require more information to substantiate this election. You will be notified by the IRS if you must supply further information.

Schedule A-1—Page 9

Form 706 (Rev. 10-2006)

## Part 3. Agreement to Special Valuation Under Section 2032A

| Estate of: | Date of Death | Decedent's Social Security Number |
|---|---|---|
| | | |

There cannot be a valid election unless:

• The agreement is executed by each and every one of the qualified heirs and

• The agreement is included with the estate tax return when the estate tax return is filed.

We (list all qualified heirs and other persons having an interest in the property required to sign this agreement)

_____

being all the qualified heirs and _____

being all other parties having interests in the property which is qualified real property and which is valued under section 2032A of the Internal Revenue Code, do hereby approve of the election made by _____,
Executor/Administrator of the estate of _____,
pursuant to section 2032A to value said property on the basis of the qualified use to which the property is devoted and do hereby enter into this agreement pursuant to section 2032A(d).

The undersigned agree and consent to the application of subsection (c) of section 2032A of the Code with respect to all the property described on Form 706, Schedule A-1, Part 2, line 2, attached to this agreement. More specifically, the undersigned heirs expressly agree and consent to personal liability under subsection (c) of 2032A for the additional estate and GST taxes imposed by that subsection with respect to their respective interests in the above-described property in the event of certain early dispositions of the property or early cessation of the qualified use of the property. It is understood that if a qualified heir disposes of any interest in qualified real property to any member of his or her family, each member may thereafter be treated as the qualified heir with respect to such interest upon filing a Form 706-A and a new agreement.

The undersigned interested parties who are not qualified heirs consent to the collection of any additional estate and GST taxes imposed under section 2032A(c) of the Code from the specially valued property.

If there is a disposition of any interest which passes, or has passed to him or her, or if there is a cessation of the qualified use of any specially valued property which passes or passed to him or her, each of the undersigned heirs agrees to file a Form 706-A, United States Additional Estate Tax Return, and pay any additional estate and GST taxes due within 6 months of the disposition or cessation.

It is understood by all interested parties that this agreement is a condition precedent to the election of special-use valuation under section 2032A of the Code and must be executed by every interested party even though that person may not have received the estate (or GST) tax benefits or be in possession of such property.

Each of the undersigned understands that by making this election, a lien will be created and recorded pursuant to section 6324B of the Code on the property referred to in this agreement for the adjusted tax differences with respect to the estate as defined in section 2032A(c)(2)(C).

As the interested parties, the undersigned designate the following individual as their agent for all dealings with the Internal Revenue Service concerning the continued qualification of the specially valued property under section 2032A of the Code and on all issues regarding the special lien under section 6324B. This agent is authorized to act for the parties with respect to all dealings with the Service on matters affecting the qualified real property described earlier. This includes the authorization:

• To receive confidential information on all matters relating to continued qualification under section 2032A of the specially valued real property and on all matters relating to the special lien arising under section 6324B;

• To furnish the Internal Revenue Service with any requested information concerning the property;

• To notify the Internal Revenue Service of any disposition or cessation of qualified use of any part of the property;

• To receive, but not to endorse and collect, checks in payment of any refund of Internal Revenue taxes, penalties, or interest;

• To execute waivers (including offers of waivers) of restrictions on assessment or collection of deficiencies in tax and waivers of notice of disallowance of a claim for credit or refund; and

• To execute closing agreements under section 7121.

*(continued on next page)*

Form 706 (Rev. 10-2008)

## Part 3. Agreement to Special Valuation Under Section 2032A *(continued)*

| Estate of: | Date of Death | Decedent's Social Security Number |
|---|---|---|
| | | |

o  Other note (specify) ▶ _____

By signing this agreement, the agent agrees to provide the Internal Revenue Service with any requested information concerning the property and to notify the Internal Revenue Service of any disposition or cessation of the qualified use of any part of this property.

| Name of Agent | Signature | Address |
|---|---|---|

The property to which this agreement relates is listed in Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, and in the Notice of Election, along with its fair market value according to section 2031 of the Code and its special-use value according to section 2032A. The name, address, social security number, and interest (including the value) of each of the undersigned in the property are as set forth in the attached Notice of Election.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands at _____ ,

this _____ day of _____ ,

SIGNATURES OF EACH OF THE QUALIFIED HEIRS:

_____      _____
Signature of qualified heir             Signature of qualified heir

_____      _____
Signature of qualified heir             Signature of qualified heir

_____      _____
Signature of qualified heir             Signature of qualified heir

_____      _____
Signature of qualified heir             Signature of qualified heir

_____      _____
Signature of qualified heir             Signature of qualified heir

_____      _____
Signature of qualified heir             Signature of qualified heir

_____
Signatures of other interested parties

_____
Signatures of other interested parties

Schedule A-1—Page 11

Form 706 (Rev. 10-2008)

Estate of: Olen L. Caselni    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

## SCHEDULE B—Stocks and Bonds
(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)

| Item number | Description, including face amount of bonds or number of shares and par value for identification. Give CUSIP number, if trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| 1 | JP Morgan | | | | | 315,104 |
| 2 | Deutsche Bank | | | | | 726,232 |

Total from continuation schedules (or additional sheets) attached to this schedule . . .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 2.) . . . . . . . . | | 1,041,330

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedule B are in the separate instructions.)    Schedule B—Page 12

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE C—Mortgages, Notes, and Cash

(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |

| | | | | |
|---|---|---|---|---|
| Total from continuation schedules (or additional sheets) attached to this schedule . | | | | |
| **TOTAL.** (Also enter on Part 5—Recapitulation, page 9, at item 3.) . . . . . . | | | | |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule C—Page 13

Form 709 (Rev. 10-2008)

## Instructions for Schedule C—Mortgages, Notes, and Cash

Complete Schedule C and file it with your return if the total gross estate contains any:

- Mortgages,
- Notes, or
- Cash.

List on Schedule C:

- Mortgages and notes payable to the decedent at the time of death.
- Cash the decedent had at the date of death.

Do not list on Schedule C:

- Mortgages and notes payable by the decedent. (If these are deductible, list them on Schedule K.)

List the items on Schedule C in the following order:

1. Mortgages;
2. Promissory notes;
3. Contracts by decedent to sell land;
4. Cash in possession; and
5. Cash in banks, savings and loan associations, and other types of financial organizations.

### What to enter in the "Description" column:

For mortgages, list:

- Face value,
- Unpaid balance,
- Date of mortgage,
- Name of maker,
- Property mortgaged,
- Date of maturity,
- Interest rate, and
- Interest date.

Example to enter in "Description" column:

"Bond and mortgage of $50,000, unpaid balance: $25,000; dated: January 1, 1992; John Doe to Richard Roe; premises: 22 Clinton Street, Newark, NJ; due: January 1, 2012; interest payable at 10% a year—January 1 and July 1."

For promissory notes, list in the same way as mortgages.

For contracts by the decedent to sell land, list:

- Name of purchaser,
- Contract date,
- Property description,
- Sale price,
- Initial payment,
- Amounts of installment payment,
- Unpaid balance of principal, and
- Interest rate.

For cash in possession, list such cash separately from bank deposits.

For cash in banks, savings and loan associations, and other types of financial organizations, list:

- Name and address of each financial organization,
- Amount in each account,
- Serial or account number,
- Nature of account—checking, savings, time deposit, etc., and
- Unpaid interest accrued from date of last interest payment to the date of death.

**Note.** If you obtain statements from the financial organizations, keep them for IRS inspection.

Schedule C—Page 14

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE D—Insurance on the Decedent's Life

You must list all policies on the life of the decedent and attach a Form 712 for each policy.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |

Total from continuation schedules (or additional sheets) attached to this schedule .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 4.) . . . . . . . .

(If more space is needed, attach the continuation schedule from the end of the package or additional sheets of the same size.)

(See the instructions on the reverse side.)

Schedule D—Page 15

Form 706 (Rev. 10-2008)

## Instructions for Schedule D—Insurance on the Decedent's Life

If you are required to file Form 706 and there was any insurance on the decedent's life, whether or not included in the gross estate, you must complete Schedule D and file it with the return.

Insurance you must include on Schedule D. Under section 2042, you must include in the gross estate:

- Insurance on the decedent's life receivable by or for the benefit of the estate; and
- Insurance on the decedent's life receivable by beneficiaries other than the estate, as described below.

The term "insurance" refers to life insurance of every description, including death benefits paid by fraternal beneficiary societies operating under the lodge system, and death benefits paid under no-fault automobile insurance policies if the no-fault insurer was unconditionally bound to pay the benefit in the event of the insured's death.

Insurance in favor of the estate. Include on Schedule D the full amount of the proceeds of insurance on the life of the decedent receivable by the executor or otherwise payable to or for the benefit of the estate. Insurance in favor of the estate includes insurance used to pay the estate tax, and any other taxes, debts, or charges that are enforceable against the estate. The manner in which the policy is drawn is immaterial as long as there is an obligation, legally binding on the beneficiary, to use the proceeds to pay taxes, debts, or charges. You must include the full amount even though the premiums or other consideration may have been paid by a person other than the decedent.

Insurance receivable by beneficiaries other than the estate. Include on Schedule D the proceeds of all insurance on the life of the decedent not receivable by or for the benefit of the decedent's estate if the decedent possessed at death any of the incidents of ownership, exercisable either alone or in conjunction with any person.

Incidents of ownership in a policy include:

- The right of the insured or estate to its economic benefits;
- The power to change the beneficiary;

- The power to surrender or cancel the policy;
- The power to assign the policy or to revoke an assignment;
- The power to pledge the policy for a loan;
- The power to obtain from the insurer a loan against the surrender value of the policy; and
- A reversionary interest if the value of the reversionary interest was more than 5% of the value of the policy immediately before the decedent died. (An interest in an insurance policy is considered a reversionary interest if, for example, the proceeds become payable to the insured's estate or payable as the insured directs if the beneficiary dies before the insured.)

Life insurance not includible in the gross estate under section 2042 may be includible under some other section of the Code. For example, a life insurance policy could be transferred by the decedent in such a way that it would be includible in the gross estate under section 2035, 2037, or 2038. See the Instructions to Schedule G for a description of these sections.

## Completing the Schedule

You must list every policy of insurance on the life of the decedent, whether or not it is included in the gross estate.

Under "Description," list:

- The name of the insurance company, and
- The number of the policy.

For every policy of life insurance listed on the schedule, you must request a statement on Form 712, Life Insurance Statement, from the company that issued the policy. Attach the Form 712 to the back of Schedule D.

If the policy proceeds are paid in one sum, enter the net proceeds received (from Form 712, line 24) in the value (and alternate value) columns of Schedule D. If the policy proceeds are not paid in one sum, enter the value of the proceeds as of the date of the decedent's death (from Form 712, line 25).

If part or all of the policy proceeds are not included in the gross estate, you must explain why they were not included.

Schedule D—Page 16

Form 706 (Rev. 10-2006)

Estate of: Oleg L. Cassini  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

## SCHEDULE E—Jointly Owned Property
(If you elect section 2032A valuation, you must complete Schedule E and Schedule A-1.)

**PART 1. Qualified Joint Interests—Interests Held by the Decedent and His or Her Spouse as the Only Joint Tenants (Section 2040(b)(2))**

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 1 | 135 East 19th Street  NY, NY 10003 | | | | 8,570,000 |
| 2 | Artwork, Furniture & Antiques | | | | 3,939,140 |
| 3 | Memorabilia - Jackie Kennedy | | | | 1,875,000 |
| 4 | Memorabilia - Grace Kelly | | | | 50,000 |
| 5 | Oleg Cassini Inc. - stock | 13-1844447 | | | 15,000,000 |

| | Total from continuation schedules (or additional sheets) attached to this schedule . . . . | | | |
|---|---|---|---|---|
| 1a | Totals . . . . | **1a** | | 27,434,140 |
| 1b | Amounts included in gross estate (one-half of line 1a) . . . . | **1b** | | 13,717,070 |

**PART 2. All Other Joint Interests**

2a  State the name and address of each surviving co-tenant. If there are more than three surviving co-tenants, list the additional co-tenants on an attached sheet.

| | Name | Address (number and street, city, state, and ZIP code) |
|---|---|---|
| A. | | |
| B. | | |
| C. | | |

| Item number | Enter letter for co-tenant | Description (including alternate valuation date if any). For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Percentage includible | Includible alternate value | Includible value at date of death |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

| | Total from continuation schedules (or additional sheets) attached to this schedule . . . | | | |
|---|---|---|---|---|
| 2b | Total other joint interests . . . . | **2b** | | |
| 3 | Total includible joint interests (add lines 1b and 2b). Also enter on Part 5—Recapitulation, page 3, at item 6 . . . . | **3** | | 13,717,070 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule E—Page 17

Form 706 (Rev. 10-2008)

## Instructions for Schedule E—Jointly Owned Property

If you are required to file Form 706, you must complete Schedule E and file it with the return if the decedent owned any joint property at the time of death, whether or not the decedent's interest is includible in the gross estate.

Enter on this schedule all property of whatever kind or character, whether real estate, personal property, or bank accounts, in which the decedent held at the time of death an interest either as a joint tenant with right to survivorship or as a tenant by the entirety.

Do not list on this schedule property that the decedent held as a tenant in common, but report the value of the interest on Schedule A if real estate, or on the appropriate schedule if personal property. Similarly, community property held by the decedent and spouse should be reported on the appropriate Schedule A through I. The decedent's interest in a partnership should not be entered on this schedule unless the partnership interest itself is jointly owned. Solely owned partnership interests should be reported on Schedule F, "Other Miscellaneous Property."

**Part 1. Qualified joint interests held by decedent and spouse.** Under section 2040(b)(2), a joint interest is a qualified joint interest if the decedent and the surviving spouse hold the interest as:

• Tenants by the entirety, or

• Joint tenants with right of survivorship if the decedent and the decedent's spouse are the only joint tenants.

Interests that meet either of the two requirements above should be entered in Part 1. Joint interests that do not meet either of the two requirements above should be entered in Part 2.

Under "Description," describe the property as required in the instructions for Schedules A, B, C, and F for the type of property involved. For example, jointly held stocks and bonds should be described using the rules given in the instructions to Schedule B.

Under "Alternate value" and "Value at date of death," enter the full value of the property.

**Note.** You cannot claim the special treatment under section 2040(b) for property held jointly by a decedent and a surviving spouse who is not a U.S. citizen. You must report these joint interests on Part 2 of Schedule E, not Part 1.

**Part 2. All other joint interests.** All joint interests that were not entered in Part 1 must be entered in Part 2.

For each item of property, enter the appropriate letter A, B, C, etc., from line 2a to indicate the name and address of the surviving co-tenant.

Under "Description," describe the property as required in the instructions for Schedules A, B, C, and F for the type of property involved.

In the "Percentage includible" column, enter the percentage of the total value of the property that you intend to include in the gross estate.

Generally, you must include the full value of the jointly owned property in the gross estate. However, the full value should not be included if you can show that a part of the property originally belonged to the other tenant or tenants and was never received or acquired by the other tenant or tenants from the decedent for less than adequate and full consideration in money or money's worth, or unless you can show that any part of the property was acquired with consideration originally belonging to the surviving joint tenant or tenants. In this case, you may exclude from the value of the property an amount proportionate to the consideration furnished by the other tenant or tenants. Relinquishing or promising to relinquish dower, curtesy, or statutory estate created instead of dower or curtesy, or other marital rights in the decedent's property or estate is not consideration in money or money's worth. See the Schedule A instructions for the value to show for real property that is subject to a mortgage.

If the property was acquired by the decedent and another person or persons by gift, bequest, devise, or inheritance as joint tenants, and their interests are not otherwise specified by law, include only that part of the value of the property that is figured by dividing the full value of the property by the number of joint tenants.

If you believe that less than the full value of the entire property is includible in the gross estate for tax purposes, you must establish the right to include the smaller value by attaching proof to the extent, origin, and nature of the decedent's interest and the interests of the decedent's co-tenant or co-tenants.

In the "Includible alternate value" and "Includible value at date of death" columns, you should enter only the values that you believe are includible in the gross estate.

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE F—Other Miscellaneous Property Not Reportable Under Any Other Schedule
(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)
(If you elect section 2032A valuation, you must complete Schedule F and Schedule A-1.)

| | | Yes | No |
|---|---|---|---|
| 1 | Did the decedent at the time of death own any works of art or items with collectible value in excess of $3,000 or any collections whose artistic or collectible value combined at date of death exceeded $10,000? . . . . . . If "Yes," submit full details on this schedule and attach appraisals. | | |
| 2 | Has the decedent's estate, spouse, or any other person, received (or will receive) any bonus or award as a result of the decedent's employment or death? . . . . . . . . . . . . . . . . . . . . . . If "Yes," submit full details on this schedule. | | |
| 3 | Did the decedent at the time of death have, or have access to, a safe deposit box? . . . . . . . . . . . If "Yes," state location, and if held in joint names of decedent and another, state name and relationship of joint depositor. <br><br> If any of the contents of the safe deposit box are omitted from the schedules in this return, explain fully why omitted. | | |

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN. | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 1 | | | | | |

Total from continuation schedules (or additional sheets) attached to this schedule ,

**TOTAL.** (Also enter on Part 5—Recapitulation, page 3, at item 6.) . . . . . . . . . .

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule F—Page 19

Form 706 (Rev. 10-2008)

## Instructions for Schedule F—Other Miscellaneous Property

You must complete Schedule F and file it with the return.

On Schedule F, list all items that must be included in the gross estate that are not reported on any other schedule. This includes:

- Debts due the decedent (other than notes and mortgages included on Schedule C);
- Interests in business;
- Any interest in an Archer medical savings account (MSA) or Health Savings Account (HSA), unless such interest passes to the surviving spouse; and
- Insurance on the life of another (obtain and attach Form 712, Life Insurance Statement, for each policy).

Note (for single premium or paid-up policies). In certain situations, for example where the surrender value of the policy exceeds its replacement cost, the true economic value of the policy will be greater than the amount shown on line 59 of Form 712. In these situations, you should report the full economic value of the policy on Schedule F. See Rev. Rul. 78-137, 1978-1 C.B. 280 for details.

- Section 2044 property (see Decedent Who Was a Surviving Spouse below);
- Claims (including the value of the decedent's interest in a claim for refund of income taxes or the amount of the refund actually received);
- Rights;
- Royalties;
- Leaseholds;
- Judgments;
- Reversionary or remainder interests;
- Shares in trust funds (attach a copy of the trust instrument);
- Household goods and personal effects, including wearing apparel;
- Farm products and growing crops;
- Livestock;
- Farm machinery; and
- Automobiles.

If the decedent owned any interest in a partnership or unincorporated business, attach a statement of assets and liabilities for the valuation date and for the 5 years before the valuation date. Also attach statements of the net earnings for the same 5 years. Be sure to include the EIN of the entity. You must

account for goodwill in the valuation. In general, furnish the same information and follow the methods used to value close corporations. See the instructions for Schedule B.

All partnership interests should be reported on Schedule F unless the partnership interest, itself, is jointly owned. Jointly owned partnership interests should be reported on Schedule E.

If real estate is owned by the sole proprietorship, it should be reported on Schedule F and not on Schedule A. Describe the real estate with the same detail required for Schedule A.

Line 1. If the decedent owned at the date of death works of art or items with collectible value (for example, jewelry, furs, silverware, books, statuary, vases, oriental rugs, coin or stamp collections), check the "Yes" box on line 1 and provide full details. If any one work of art or item with collectible value is valued at more than $3,000, or any collection of similar articles is valued at more than $10,000, attach an appraisal by an expert under oath and the required statement regarding the appraiser's qualifications (see Regulations section 20.2031-6(b)).

## Decedent Who Was a Surviving Spouse

If the decedent was a surviving spouse, he or she may have received qualified terminable interest property (QTIP) from the predeceased spouse for which the marital deduction was elected either on a gift tax return, Form 709. The election was available for gifts made and decedents dying after December 31, 1981. List such property on Schedule F.

If this election was made and the surviving spouse retained his or her interest in the QTIP property at death, the full value of the QTIP property is includible in his or her estate, even though the qualifying income interest terminated at death. It is valued as of the date of the surviving spouse's death, or alternate valuation date, if applicable. Do not reduce the value by any annual exclusion that may have applied to the transfer creating the interest.

The value of such property included in the surviving spouse's gross estate is treated as passing from the surviving spouse. It therefore qualifies for the charitable and marital deductions on the surviving spouse's estate tax return if it meets the other requirements for these deductions.

For additional details, see Regulations section 20.2044-1.

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE G—Transfers During Decedent's Life
(If you elect section 2032A valuation, you must complete Schedule G and Schedule A-1.)

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| A. | Gift tax paid or payable by the decedent or the estate for all gifts made by the decedent or his or her spouse within 3 years before the decedent's death (section 2035(b)) | X X X X X | | |
| B. 1 | Transfers includible under section 2035(a), 2036, 2037, or 2038: | | | |

Total from continuation schedules (or additional sheets) attached to this schedule .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 7.) . . . . . . .

## SCHEDULE H—Powers of Appointment
(Include "5 and 5 lapsing" powers (section 2041(b)(2)) held by the decedent.)
(If you elect section 2032A valuation, you must complete Schedule H and Schedule A-1.)

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |

Total from continuation schedules (or additional sheets) attached to this schedule .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 8.) . . . . . . .

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedules G and H are in the separate instructions.)

Schedules G and H—Page 21

Form 706 (Rev. 10-2006)

Estate of:

## SCHEDULE I—Annuities

Note. Generally, no exclusion is allowed for the estates of decedents dying after December 31, 1984 (see page 16 of the instructions).

A  Are you excluding from the decedent's gross estate the value of a lump-sum distribution described in section 2039(f)(2) (as in effect before its repeal by the Deficit Reduction Act of 1984)? . . . . . . . . . . .     ☐ Yes ☐ No
   If "Yes," you must attach the information required by the instructions.

| Item number | Description. Show the entire value of the annuity before any exclusion | Alternate valuation date | Includible alternate value | Includible value at date of death |
|---|---|---|---|---|
| 1 | | | | |

Total from continuation schedules (or additional sheets) attached to this schedule .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 9) . . . . . . . .

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

Schedule I—Page 22                                    (The instructions to Schedule I are in the separate instructions.)

Exhibit B

U.S. TRUST

**INDIVIDUAL RETIREMENT ACCOUNT ROLLOVER
ADOPTION AGREEMENT AND CERTIFICATION**

PART 1. GRANTOR INFORMATION

Name _Oleg_ _L._ _Cassini_
First Middle Last

Address _313_ _McCouns Lane_
Street Apt. Number

_Oyster Bay Cove_ _NY_ _11771_
City State Zip

Social Security Number _____ Date of Birth _4_/_11_/_13_

Home Telephone No. (___) _____ Business Telephone No. (_212_) _753-7540_

PART 2. TYPE OF IRA

Indicate type and tax year. If you do not indicate a tax year for your IRA contribution, we will assume the contribution is for the tax year in which we receive it.

[X] Rollover IRA    [ ] Spousal IRA
[ ] Regular IRA    [ ] SEP IRA

Tax year (if applicable): _____

PART 3. INVESTMENT SELECTION

A. Account Type (select one of the following and sign appropriate Account Agreement)

[ ] Asset Allocation Account
[X] Self-Directed Account
[ ] Investment Management Account
[ ] Fixed Income Account

B. Trustee Fees (select one of the following)

[X] Charge my IRA directly.
[ ] Bill me directly. If I fail to pay the Trustee fees within 60 days I authorize United States Trust Company of New York to charge my IRA.
[ ] Charge my non-depository U.S. Trust Account:

_Oleg Cassini IRA Rollover_
Account Name:

# _23853150_
Account Number

1

OC000302

**ADOPTION AGREEMENT AND CERTIFICATION (CONT.)**

PART 7. DESIGNATION OF BENEFICIARY

Please read the following terms before designating your beneficiary(ies):

BENEFICIARY - When you die, the beneficiary(ies) designated below will receive the indicated percentage of your IRA. If a beneficiary dies before you, his or her estate will not be entitled to anything when you die.

CONTINGENT BENEFICIARY - When you die, if no beneficiary designated below is alive, the contingent beneficiary(ies) will receive the indicated percentage(s) of your IRA. If a contingent beneficiary dies before you do, his or her estate will not be entitled to anything when you die.

Alternatively, you may write in special instructions regarding the designation of your beneficiary(ies) in the space provided below. Since the designation of your beneficiary(ies) will have important estate planning consequences, you are advised to consult with your attorney.

You may change this designation at any time by delivering a new designation to the Trustee prior to your death. If no beneficiary survives you or no designation is in effect at the time of your death, your IRA will be paid to your estate. Please note that the beneficiary may be an individual, your estate or a trust. If you name a trust as your beneficiary, you must attach an executed copy of the trust instrument or will.

| BENEFICIARY | | | |
|---|---|---|---|
| Beneficiary Name _Marianne Nestor_ | | Relationship | Social Security Number |
| Beneficiary Address _3 West 57th St_  Zip _10019_ | | Date of Birth | Share _100_ % |
| BENEFICIARY  [ ] Additional  [ ] Contingent | | | |
| Beneficiary Name | | Relationship | Social Security Number |
| Beneficiary Address  Zip | | Date of Birth | Share % |
| BENEFICIARY  [ ] Additional  [ ] Contingent | | | |
| Beneficiary Name | | Relationship | Social Security Number |
| Beneficiary Address  Zip | | Date of Birth | Share % |

SPECIAL BENEFICIARY DESIGNATION INSTRUCTIONS

In the space provided below, please write in any special instructions for the designation of your beneficiary and the method of distributing your IRA to your beneficiary upon your death, in accordance with the terms of the Trust Agreement. Since the designation of your beneficiary(ies) will have important estate planning consequences, you are advised to consult with your attorney. (You may attach additional documents if necessary).

8

OC000303

U.S. TRUST

INDIVIDUAL RETIREMENT ACCOUNT
NON-PERIODIC WITHHOLDING ELECTION FORM

Instructions: Check box A if you do not want any Federal income tax withheld from your distributions or withdrawals. Check box B if you wish to have Federal income tax withheld from your distributions or withdrawals. Return the signed and dated election to United States Trust Company of New York, 114 West 47th Street, New York, New York 10036, Attention: JOSEPH C SAKRAIDA

Name  OLEG L CASSINI

Address  313 McCOUNS LANE

OYSTER BAY COVE, NY  11771
City          State          Zip

Account Number(s)

1. 238 53150

2. _____

Even if you elect not to have Federal income tax withheld, you are liable for payment of Federal income tax on the taxable portion of your distributions or withdrawals. You also may be subject to tax penalties under the estimated tax payment rules if your payments of estimated tax and withholding, if any, are not adequate. Withholding will be equal to 10% of your distributions or withdrawals. You have the right to revoke your withholding election. However, unless we are notified otherwise, this election will remain in effect for the balance of this calendar year.

(Check One)

A  [X]  I do not want to have Federal income tax withheld
         from my distributions or withdrawals;

B  [ ]  I want to have Federal income tax withheld from my
         distributions or withdrawals.

Taxpayer I.D./Social Security No.

PLEASE SIGN HERE _____  12/7/95
                    Signature                Date

OC000304

**U.S. TRUST**

INDIVIDUAL RETIREMENT ACCOUNT
GRANTOR DISTRIBUTION ELECTION

The IRA Grantor Distribution Election instructs the Trustee on how to distribute your IRA to you during your lifetime. **THE DISTRIBUTION OPTION YOU SELECT WILL HAVE IMPORTANT TAX CONSEQUENCES. YOU ARE ADVISED TO CONSULT WITH A TAX PROFESSIONAL PRIOR TO MAKING YOUR ELECTION.** The date you choose to commence distribution must be a date on or before the April 1st following the year in which you attain age 70 1/2 ("required beginning date"). If you fail to make an election before such date, your IRA will be distributed in installments over your life expectancy or over the life expectancy of you and your beneficiary, if any, without recalculating life expectancies.

Select one of the following distribution options (check one):

1. ☐ single lump sum payment to be paid on _____
   (month/day/year)

2. ☒ substantially equal (check one) ☐ monthly, ☐ quarterly, or ☒ annual installments to me over
   (check one) ☐ my life expectancy, or ☐ _____ years (not to extend beyond my life expectancy)
   commencing on _1_/_1_/_96_
   (month/day/year)

3. ☐ substantially equal (check one) ☐ monthly, ☐ quarterly, or ☐ annual installments to me over
   (check one) ☐ the joint and survivor life expectancy of myself and my beneficiary, or ☐ _____ years
   (not to extend beyond the joint and survivor life expectancy of myself and my beneficiary)
   commencing on _____
   (month/day/year)

You may accelerate all or any part of your distributions at any time. If your beneficiary is not your spouse, your joint life expectancies may have to be reduced during your lifetime, in accordance with IRS regulations.

Select one of the following life expectancy calculation options:

You may elect to recalculate your life expectancy and the life expectancy of your spouse (if your spouse is your beneficiary) each calendar year. However, if you elect the recalculation method, your or your spouse's life expectancy will be reduced to 0 in the year following your or your spouse's death which may accelerate the period over which your IRA will be distributed. The following election will become irrevocable upon your required beginning date:

☐ Yes, I elect to have my and, if applicable, my spouse's life expectancy recalculated annually.

☐ No, I do not elect to have my and, if applicable, my spouse's life expectancy recalculated annually.

_____
Signature of Witness

PAUL BENOIT
Print Name

12/7/95
Date

_____
Signature of Grantor

OLEG CASSINI
Print Name

12/7/95
Date

OC000305

INDIVIDUAL RETIREMENT ACCOUNT

ADOPTION AGREEMENT AND CERTIFICATION

6/25/96

**U.S. TRUST**

PART 1. GRANTOR INFORMATION

Name Oleg L. Cassini
      _first_       _middle_       _last_

Address 313 McCouns Ln
      _local_       _apt#_

Oyster Bay Cove, NY 11771
      _city_       _state_       _zip_

Social Security Number [redacted]  Date of Birth 04/11/13

Home Telephone No. (____) _____  Business Telephone No. (212) 753-7640

PART 2. TYPE OF IRA

Indicate type and tax year. If you do not indicate a tax year for your IRA contribution, we will assume the contribution is for the tax year in which we receive it.

[✓] Rollover IRA      [ ] Spousal IRA

[ ] Regular IRA      [ ] SEP IRA (provide copy of SEP Agreement)

Tax year (if applicable): _____  Trustee to Trustee Transfer YES IRA

PART 3. INVESTMENT SELECTION

A.    Account Type (select one of the following and sign appropriate Account Agreement)

     [ ] Wealth Management
     [ ] Investment Management Account
     [ ] Fixed Income Account
     [✓] Self-Directed Account

B.    Trustee Fees (select one of the following)

     [ ] Charge my IRA directly.
     [ ] Bill me directly. If I fail to pay the Trustee fees within 60 days I authorize United States Trust Company of New York to charge my IRA.
     [ ] Charge my non-depository U.S. Trust Account.

Account Name U/D Oleg Cassini IRA  Account Number 2385950

OC000308

**PART 4. COMMINGLING AUTHORIZATION**

Commingling Rollover IRA contributions with other IRA contributions will preclude you from rolling over funds from your Rollover IRA into another qualified plan. In order to authorize the Trustee to place Regular, Spousal or SEP IRA contributions in your Rollover IRA you must check the box below.

☐ Yes, I authorize the Trustee to commingle my IRA contributions.

**PART 5. ROLLOVER CERTIFICATION** (Section I and II not applicable for Trustee to Trustee Transfers)

If you are making a rollover contribution you certify that you have satisfied the conditions in either Section I or II below by checking the applicable box. In addition complete Section III, if applicable.

**SECTION I. ROLLOVER FROM QUALIFIED PLAN OR ANNUITY** (Direct or 60 day)

☐ I have received or will receive an eligible rollover distribution from a qualified plan or 403(b) tax-sheltered annuity. I will rollover all or part of the distribution (or the proceeds from the sale of property received in the distribution) either directly from such plan or annuity or within 60 days of my receipt of the distribution. I am not rolling over any voluntary, non-deductible contribution made by me (or by my spouse if I received the distribution as a surviving spouse).

**SECTION II. ROLLOVER FROM IRA TO IRA**

☐ This deposit is being made within 60 days of my receipt of funds from an IRA. During the twelve month period prior to my receipt of this distribution from such IRA, I had not received a distribution from any IRA which was rolled over into such IRA.

**SECTION III. ROLLOVERS AND TRANSFERS AFTER AGE 70 1 2**

☑ I am not rolling over any minimum amounts required to be distributed in this calendar year.

For purposes of satisfying minimum required distributions:

☐ Single or ☑ Joint life expectancies are being used to calculate minimum required distributions.

Name and Date of Birth of beneficiary if joint lives used:

Name _MARIANNE_ _NESTOR_
      *first*              *middle*        *last*

Relationship _Friend_   Date of Birth ___
                                        *month*   *day*   *year*

Life expectancy(ies) ☐ is ☐ is not being recalculated.

Remaining life expectancy(ies) for this calendar year if not being recalculated: _____

I am aware that the elections indicated above became irrevocable as of my required beginning date and will apply to this IRA.

OC000309

6

**PART 6. DESIGNATION OF BENEFICIARY**

Please read the following terms before designating your beneficiary(ies)

**BENEFICIARY -** When you die the beneficiary(ies) designated below will receive the indicated percentage of your IRA. If a beneficiary dies before you, his or her estate will not be entitled to anything when you die.

Alternatively, you may write in special instructions regarding the designation of your beneficiary(ies) in the space below. Since the designation of your beneficiary(ies) has important estate planning consequences, you are advised to consult with your attorney.

You may change this designation at any time by delivering a new designation to the Trustee prior to your death. If no beneficiary survives you or no designation is in effect at the time of your death, your IRA will be paid to your estate. If you name a trust as your beneficiary you must attach an executed copy of the trust instrument or will.

**BENEFICIARY**

Beneficiary Name  Marianne                              Nestor

Relationship  Friend                Social Security Number

Beneficiary Address  3  West  57th St.

New York,                              NY          10019

Date of Birth                    Share %  100

**BENEFICIARY**                    ☐ Additional  ☐ Contingent

Beneficiary Name

Relationship                Social Security Number

Beneficiary Address

Date of Birth                Share %

OC000310

**BENEFICIARY**   ☐ Additional  ☐ Contingent

Beneficiary Name _____
first                    middle                  last

Relationship _____ Social Security Number _____

Beneficiary Address _____
street                                  apt
_____
city                       state                 zip

Date of Birth _____ Share % _____

**BENEFICIARY**   ☐ Additional  ☐ Contingent

Beneficiary Name _____
first                    middle                  last

Relationship _____ Social Security Number _____

Beneficiary Address _____
street                                  apt
_____
city                       state                 zip

Date of Birth _____ Share % _____

**BENEFICIARY**   ☐ Additional  ☐ Contingent

Beneficiary Name _____
first                    middle                  last

Relationship _____ Social Security Number _____

Beneficiary Address _____
street                                  apt
_____
city                       state                 zip

Date of Birth _____ Share % _____

OC000311

SPECIAL BENEFICIARY DESIGNATION INSTRUCTIONS

In the space provided below, please write in any special instructions for the designation of your beneficiary and the method of distributing your IRA to your beneficiary upon your death. Please refer to Section 1.401(a)(9)-2 of Income Tax Regulations and Article V, 5.3 of the IRA Trust Agreement for further information. Since the designation of your beneficiary(ies) will have important estate planning consequences, you are advised to consult with your attorney. (You may attach additional documents if necessary).

OC000312

5

PART 7. YOUR ACCEPTANCE

By signing this Adoption Agreement, you acknowledge that:

● You have received, read and agreed to the United States Trust Company of New York Individual Retirement Account Trust Agreement ("Agreement") and Individual Retirement Account Disclosure Statement and you appoint United States Trust Company of New York to be Trustee of your IRA.

● You agree that the terms set out in the Agreement shall form a part hereof and that such terms are incorporated herein by reference.

● You have received, read and accepted the rules and any applicable prospectuses for the Account Type selected above and have executed the appropriate account agreements. If this is a Rollover IRA you certify that you satisfy the requirements for making a rollover into this IRA and you irrevocably designate this contribution to be treated as a rollover contribution. The trustee is entitled to fully rely on your certification. Due to the important tax consequences relating to the rollover of funds into an IRA, you have been advised to see a tax professional.

● The information entered on this Adoption Agreement and the certifications made are true, correct and complete and you release the Trustee from any claim for damages on account of the failure of this transaction to qualify as a valid IRA.

Date: 6/25 , 19 96

_Signature of Grantor_

Oleg L. Cassini

Date: august 9 , 19 96

_Signature of Trustee_

OC000313

ADOPTION AGREEMENT AND CERTIFICATION (CONT.)

## PART 4. SHAREHOLDER COMMUNICATION

Under Rules of the Securities Exchange Commission, we are required to disclose to an issuer the name, address and securities position of our clients who are beneficial owners of that issuer's securities unless the client otherwise directs us.

(Select one of the following)

[ ] Yes, I direct you to disclose such information.

[X] No, I direct you not to disclose such information.

## PART 5. COMMINGLING AUTHORIZATION

Commingling Rollover IRA contributions with other IRA contributions will preclude you from rolling over funds from your Rollover IRA into another qualified plan. In order to authorize the Trustee to place Regular, Spousal or SEP IRA contributions in your Rollover IRA you must check the box below.

[ ] Yes, I authorize the Trustee to commingle my IRA contributions.

## PART 6. ROLLOVER CERTIFICATION

If you are making a rollover contribution you certify that you have satisfied the conditions in either Section I or II below by checking the applicable box. In addition, complete Section III, if applicable.

### SECTION I. ROLLOVER FROM QUALIFIED PLAN OR ANNUITY (Direct or 60 day)

[ ] I have received or will receive an eligible rollover distribution from a qualified plan or 403(b) tax-sheltered annuity. I am rolling over all or part of the distribution (or the proceeds from the sale of property received in the distribution) either directly from such plan or annuity or within 60 days of my receipt of the distribution. I am not rolling over any voluntary, nondeductible contribution made by me (or by my spouse, if I received the distribution as a surviving spouse).

### SECTION II. ROLLOVER FROM IRA TO IRA

[X] This deposit is being made within 60 days of my receipt of funds from an IRA. During the twelve month period prior to my receipt of this distribution from such IRA, I had not received a distribution from any IRA which was rolled over into such IRA.

### SECTION III. ROLLOVERS AFTER AGE 70 1/2

[X] I am not rolling over any minimum amounts required to be distributed in this calendar year.

For purposes of satisfying minimum required distributions:

[ ] Single or [ ] Joint life expectancies are being used to calculate minimum required distributions.

Name and Date of Birth of beneficiary if joint lives used:

_____ / _____ / _____ / _____
Name                                Month     Day     Year

Life expectancy(ies) [ ] is [ ] is not being recalculated.

Remaining life expectancy(ies) for this calendar year if not being recalculated: _____

I am aware that the elections indicated above became irrevocable as of my required beginning date and will apply to this IRA.

2

OC000306

ADOPTION AGREEMENT AND CERTIFICATION (CONT.)

PART 8. YOUR ACCEPTANCE

By signing this Adoption Agreement, you acknowledge that:

- You have received, read and agreed to the United States Trust Company of New York Individual Retirement Account Trust Agreement ("Agreement") and Individual Retirement Account Disclosure Statement and you appoint United States Trust Company of New York to be Trustee of your IRA.

- You agree that the terms set out in the Agreement shall form a part hereof and that such terms are incorporated herein by reference.

- You have received, read and accept the rules and any applicable prospectuses for the Account Type selected above and have executed the appropriate account agreements. If this is a Rollover IRA, you certify that you satisfy the requirements for making a rollover into this IRA and you irrevocably designate this contribution to be treated as a rollover contribution. The Trustee is entitled to fully rely on your certification. Due to the important tax consequences relating to the rollover of funds into an IRA, you have been advised to see a tax professional.

- The information entered on this Adoption Agreement and the certifications made are true, correct and complete and you release the Trustee from any claim for damages on account of the failure of this transaction to qualify as a valid IRA.

3

Date: 12/7 19 95      _(Signature of Grantor)_

Date: 12/12 19 95      Joseph C. Labozida _(Signature of Trustee)_

4

OC000307

Exhibit F

# *Cassini Parfums, Ltd.*

January 2, 1990

Marianne Nestor
210 Avenue of the Americas
New York City, N.Y.   10014

Dear Ms. Nestor:

This letter is to confirm our understanding relative to granting you an irrevocable, non-negotiable and non-transferable option to purchase from Cassini Parfums, Ltd. one hundred (100) shares of no par common stock of Cassini Parfums, Ltd.   I am the holder of one hundred (100) shares of Cassini Parfums, Ltd. stock, representing all of the issued and outstanding common stock of the Cassini Parfums, Ltd. company.  The total authorized issue are one thousand  (1,000) shares without par value.

In consideration of ten ($10.) dollars and other good and valuable consideration I hereby agree to grant to you an irrevocable option and right to purchase from Cassini Parfums, Ltd. one hundred (100) shares of the no-par common stock of Cassini Parfums, Ltd. stock for the sum of five hundred ($500.) dollars.

The irrevocable option granted hereunder shall lapse after ten(10) years from the date of this letter, and may not be assigned, transferred or otherwise disposed of, without our written consent.

In order to exercise this option, you shall notify us in writing, sent by certified mail, return receipt requested, or hand delivered, to the address below.  The closing shall take place thirty (30) days after notice.

During the  term of this irrevocable, I , as the sole stockholder of the corporation, and its only director, individually and on behalf of the corporation, agree that the corporation shall not undertake the following:

   1. to amend its Certificate of Incorporation, or to issue any additional
      capital stock,

   2. to transfer or sell any of its material assets,

   3. to hypothecate any of its capital stock or any substantial asset of the
      corporation, or any of the rights set forth in this paragraph.

Any corporate action  by Cassini Parfums, Ltd. which shall require the approval of its Board of Directors or stockholders shall not be undertaken without first affording to you ten (10) days notice of such contemplated action.  In the event that you do not object to such action, withinthe ten (10) day period, then your consent shall be conclusively presumed.  In the event of your objection,such proposed action will not be taken.

3 West 57th Street
8th Floor
CONFIDENTIAL New York, N.Y. 10019

Telephone (212) 753-7540
Telex 427003 QLBG UI
Telefax (212) 644-0236

# Cassini Parfums, Ltd.

Marianne Nestor
January 2,1990
page 2

At the closing, a stock certificate for one hundred (100) shares shall be presented and delivered to you.

Prior to or simultaneously with the closing, we shall enter into a Stockholders Agreement which shall provide for, but shall not be limited to :

(a) Election of officers;

(b) Election of directors;

(c) Restriction as to disposition and transference of shares;

(d) Terms of payment for any sale or other transference of shares.

If the foregoing correctly sets forth our understanding, kindly indicate your acceptance by signing below and returning an executed copy to me.

Very truly yours,

Oleg Cassini
Cassini Parfums, Ltd.

Agreed and accepted
Marianne Nestor

3 West 57th Street
8th Floor
New York, N.Y. 10019
CONFIDENTIAL 10019

Telephone (212) 753 7540
Telex 127203 OLEG UI
Telefax (212) 688 0237

April 11, 1996

Oleg Cassini
CASSINI PARFUMS LTD.
3 West 57th Street
New York City, N.Y.
10019

Dear Oleg,

Thank you so much for your January 2, 1990 letter and offer re the irrevocable option to purchase all of the issued and outstanding shares of Cassini Parfums Ltd.

Your offer is accepted, payment having already been made.

Sincerely,

Marianne Nestor

OC000239



OC000240

Exhibit E1

| NYCProperty | Statements List | School a D.D.L. | NYC.GOV Home | DEP Home | DOF Home | NYCProperty Home |

*The Official New York City Web Site*

## FINAL ASSESSMENT ROLL 2006-2007 | City of New York

Taxable Status Date: January 5, 2006

EXPLANATION OF ASSESSMENT ROLL

View 2017 TENTATIVE ASSESSMENT ROLL
View January 15, 2017 - Market Value History
View 2016 FINAL ASSESSMENT ROLL
View May 25, 2016 - Market Value History
View 2016 TENTATIVE ASSESSMENT ROLL
View January 15, 2016 - Market Value History
View 2015 FINAL ASSESSMENT ROLL
View May 25, 2015 - Market Value History
View January 15, 2015 - Market Value History
View 2015 TENTATIVE ASSESSMENT ROLL
View May 25, 2014 - Market Value History
View 2014 FINAL ASSESSMENT ROLL
View January 15, 2014 - Market Value History
View 2014 TENTATIVE ASSESSMENT ROLL
View May 25, 2013 - Market Value History
View 2013 FINAL ASSESSMENT ROLL
View January 15, 2013 - Market Value History
View 2013 TENTATIVE ASSESSMENT ROLL
View 2012 FINAL ASSESSMENT ROLL
View May 25, 2012 - Market Value History
View 2012 TENTATIVE ASSESSMENT ROLL
View 2011 FINAL ASSESSMENT ROLL
View May 25, 2011 - Market Value History
View January 15, 2011 - Market Value History
View 2011 TENTATIVE ASSESSMENT ROLL
View 2010 FINAL ASSESSMENT ROLL
View May 25, 2010 - Market Value History
View 2010 TENTATIVE ASSESSMENT ROLL
View 2009 FINAL ASSESSMENT ROLL
View 2008 FINAL ASSESSMENT ROLL
View 2007 FINAL ASSESSMENT ROLL

Parcel Information

◄ Previous BBL          Next BBL ►

Owner Name:
CASSINI OLEG
Property Address and Zip Code:
135 EAST 19 STREET 10003
Real Estate Billing Name and Address:
CASSINI OLEG
135 E 19TH ST
NEW YORK NY 10003

Borough:      MANHATTAN
Block:        875
Lot:          32
Tax Class:    1
Building Class: A1 Codes

NYCProperty Assessment Roll

**Land Information**

| Lot Size | Irregular | Corner |
|---|---|---|
| 22.00FT X 76.00FT | | |

**Building Information**

| Number of Buildings | Building Size | Extension | Stories |
|---|---|---|---|
| 1 | 22.00FT X 63.00FT | E | 4 |

**Assessment Information**

| Description | Land | Total |
|---|---|---|
| ESTIMATED MARKET VALUE | | 6,670,000 |
| 6-20% LIMITATION | 66,806 | 215,731 |
| ACTUAL EX AV | 1,360 | 1,360 |

**Taxable/Billable Assessed Value**

| | Assessed Value |
|---|---|
| SUBJECT TO ADJUSTMENTS, YOUR 2006/07 TAXES WILL BE BASED ON | 214,371 |

**Exemption Information**

| # | Code | Description | Exempt Value |
|---|---|---|---|
| 1 | 1017-01 (41856) | STAR Basic | 1,360 |

Property is assessed at the following uniform percentages of full market value, unless limited to a lesser amount by law:

| Class 1 - 6% | Class 2 - 45% | Class 3 - 45% | Class 4 - 45% |
|---|---|---|---|

Statements List || Select a BBL || Logon for Water Bills

*135 East 19th Street*

*New York, New York*

*10003*

Exhibit E5



**NASSAU COUNTY DEPARTMENT OF ASSESSMENT**
*Harvey B. Levinson, Chairman*
240 Old Country Road, Mineola, NY 11501  (516) 571-1653

January 2006

```
T4P3 FI ***3***AUTO**5-DIGIT 11771          SRL: 27  H  03090
OLEG CASSINI INC                            Tax Class: 1
313 MCCOUNS LN
OYSTER BAY, NY 11771-3123
```

## NOTICE OF TENTATIVE ASSESSED VALUE FOR 2007/2008

The Nassau County Department of Assessment determines an assessed value for every property based on market value estimated as of January 2nd each year. The tentative assessed value for your property is based on its market value as of January 2, 2006 and will be used commencing with the 2007/2008 tax year. See below:

|  | 2006/07 Tax Year | Change | 2007/08 Tax Year |
|---|---|---|---|
| Fair Market Value | $10,117,900 | +$1,564,600 | $11,682,500 |
| Adjusted Market Value Capped at 6% | $10,117,900 | +$606,900 | $10,724,800 |
| Level of Assessment | 0.25% |  | 0.25% |
| Tentative Assessed Value Capped at 6% | $25,295 | +$1,517 | $26,812 |

*Your Assessed Value will be reduced by the applicable exemption amount you qualify for each year.*

- **Fair Market Value:** This is the estimated market value of your property;

- **Adjusted Market Value Capped at 6%:** This is the estimated market value of your property, as adjusted where applicable by the limitation on increases of 6% for one year and 20% over five years;

- **Tentative Assessed Value Capped at 6%:** Your property's adjusted market value is multiplied by the level of assessment to determine the assessed value. The assessed value of residential properties will not increase more than 6% each year and 20% over five years. (Additions and renovations are not subject to the limitation.) The assessed value may be subject to decrease based on challenges to current or prior assessment rolls.

The tentative assessment roll will be available for inspection on January 2, 2006. You can review the roll on-line at www.nassaucountyny.gov or in person at the Nassau County Department of Assessment located at 240 Old Country Road in Mineola.

If you believe that the adjusted market value exceeds your estimate of the value of your property or would like to challenge your property's tax classification or exemption status, you may file an Application for Correction of Assessment with the Assessment Review Commission between January 2, 2006 and March 1, 2006. You are not required to use an attorney. The application may be filed on-line at www.nassaucountyny.gov/arc.

CONFIDENTIAL

OC000241

32—Irrevocable Stock Form.

JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS
80 EXCHANGE PLACE AT BROADWAY, NEW YORK

# Know all Men by these Presents

THAT    I, OLEG CASSINI,

**For Value Received** have bargained, sold, assigned and transferred and by these presents
do bargain, sell, assign and transfer unto    Marianne Nestor

10    Shares of the    Common    *CAPITAL STOCK* of the
OLEG CASSINI, INC.

standing in    my    name on the books of the said    Corporation
represented by Certificate No.    C 13    herewith

**And**    I    do hereby constitute and appoint

my    true and lawful Attorney , IRREVOCABLY, for    me    and in    my    name and stead, but
to    use, to sell, assign, transfer and set over all or any part of the said stock, and for that
purpose to make and execute all necessary acts of assignment and transfer thereof, and to substitute
one or more persons with like full power, hereby ratifying and confirming all that my    said Attorney
or    substitute or substitutes shall lawfully do by virtue hereof.

**In Witness Whereof,**    I    have hereunto set    my    hand    and seal    at
New York, N. Y.    the 26th    day of    February    1969.

Signed, Sealed and Delivered in the Presence of

_____                    _____ L. S.
Witness

_____
Guarantor

CONFIDENTIAL

CONFIDENTIAL

OC000001

32—Irrevocable Stock Power.

JULIUS BLUMBERG, INC.-LAW BLANK PUBLISHERS
80 EXCHANGE PLACE AT BROADWAY, NEW YORK

# Know all Men by these Presents

THAT  I, OLEG CASSINI

**For Value Received** have bargained, sold, assigned and transferred and by these presents
do bargain, sell, assign and transfer unto   Marianne Nestor

320      Shares of the    Common      **CAPITAL STOCK** of the
OLEG CASSINI, INC.

standing in   my    name on the books of the said   Corporation
represented by Certificate No.   C 14                                    herewith

**And**  I       do hereby constitute and appoint

my  true and lawful Attorney , IRREVOCABLY, for me     and in  my  name and stead, but
to       use, to sell, assign, transfer and set over all or any part of the said stock, and for that
purpose to make and execute all necessary acts of assignment and transfer thereof, and to substitute
one or more persons with like full power, hereby ratifying and confirming all that  my  said Attorney
or       substitute or substitutes shall lawfully do by virtue hereof.

**In Witness Whereof,** I   have hereunto set   my   hand and seal at
New York, N. Y.   the  26th  day of  February      1969
Signed, Sealed and Delivered in the Presence of

_____                    _____  [L. S.]
Witness                                     _____
                                            Guarantor

CONFIDENTIAL

OC000002

CONFIDENTIAL

32—Irrevocable Stock Power.

JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS
80 EXCHANGE PLACE AT BROADWAY, NEW YORK

# Know all Men by these Presents

THAT  I, OLEG CASSINI,

For Value Received have bargained, sold, assigned and transferred and by these presents
do bargain, sell, assign and transfer unto  Marianne Nestor

70  Shares of the  Common  CAPITAL STOCK of the

OLEG CASSINI, INC.

standing in  my  name on the books of the said  Corporation

represented by Certificate No.  C 8  herewith

And  I  do hereby constitute and appoint

my  true and lawful Attorney : IRREVOCABLY, for me  and in  my name and stead, but
to  use, to sell, assign, transfer and set over all or any part of the said stock, and for that
purpose to make and execute all necessary acts of assignment and transfer thereof, and to substitute
one or more persons with like full power, hereby ratifying and confirming all that my  said Attorney
or  substitute or substitutes shall lawfully do by virtue hereof.

In Witness Whereof,  I  have hereunto set  my  hand  and seal  at
New York, N.Y.  the  26th  day of  February  19 69.

Signed, Sealed and Delivered in the Presence of

_____  _____ {L S}

Witness

Guarantor

CONFIDENTIAL

CONFIDENTIAL

OC000003



## NASSAU COUNTY DEPARTMENT OF ASSESSMENT
*Harvey B. Levinson, Chairman*
240 Old Country Road, Mineola, NY 11501 (516) 571-1563

**January 2006**

T493 M **••••AUTO**5-DIGIT 11771
OLEG CASSINI INC
313 MCCOUNB LN
OYSTER BAY, NY 11771-3123

SBL: 27 H 03090
Tax Class: 1

IllllIllIIlllIllllIlllIllllIllIllIlllIllllIlll

### NOTICE OF TENTATIVE ASSESSED VALUE FOR 2007/2008

The Nassau County Department of Assessment determines an assessed value for every property based on market value estimated as of January 2nd each year. The tentative assessed value for your property is based on its market value as of January 2, 2006 and will be used commencing with the 2007/2008 tax year. See below:

|  | 2006/07 Tax Year | Change | 2007/08 Tax Year |
|---|---|---|---|
| Fair Market Value | $10,117,900 | +$1,564,600 | $11,682,500 |
| Adjusted Market Value Capped at 6% | $10,117,900 | +$606,900 | $10,724,800 |
| Level of Assessment | 0.25% |  | 0.25% |
| Tentative Assessed Value Capped at 6% | $25,295 | +$1,517 | $26,812 |

*Your Assessed Value will be reduced by the applicable exemption amount you qualify for each year.*

- **Fair Market Value:** This is the estimated market value of your property.

- **Adjusted Market Value Capped at 6%:** This is the estimated market value of your property, as adjusted where applicable by the limitation on increases of 6% for one year and 20% over five years;

- **Tentative Assessed Value Capped at 6%:** Your property's adjusted market value is multiplied by the level of assessment to determine the assessed value. The assessed value of residential properties will not increase more than 6% each year and 20% over five years. (Additions and renovations are not subject to the limitation.) The assessed value may be subject to decrease based on challenges to current or prior assessment rolls.

The tentative assessment roll will be available for inspection on January 2, 2006. You can review the roll on-line at www.nassaucountyny.gov or in person at the Nassau County Department of Assessment located at 240 Old Country Road in Mineola.

If you believe that the adjusted market value exceeds your estimate of the value of your property or would like to challenge your property's tax classification or exemption status, you may file an Application for Correction of Assessment with the Assessment Review Commission between January 2, 2006 and March 1, 2006. You are not required to use an attorney. The application may be filed on-line at www.nassaucountyny.gov/arc.

CONFIDENTIAL

OC000241

22—Irrevocable Stock Power.

JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS
80 EXCHANGE PLACE AT BROADWAY, NEW YORK

# Know all Men by these Presents

THAT I, OLEG CASSINI,

**For Value Received** have bargained, sold, assigned and transferred and by these presents
do bargain, sell, assign and transfer unto Marianne Nestor

10 Shares of the Common  CAPITAL STOCK of the
OLEG CASSINI, INC.
standing in my name on the books of the said Corporation
represented by Certificate No. C 13  herewith

**And** I do hereby constitute and appoint

my true and lawful Attorney, IRREVOCABLY, for me and in my name and stead, but
to use, to sell, assign, transfer and set over all or any part of the said stock, and for that
purpose to make and execute all necessary acts of assignment and transfer thereof, and to substitute
one or more persons with like full power, hereby ratifying and confirming all that my said Attorney
or substitute or substitutes shall lawfully do by virtue hereof.

**In Witness Whereof,** I have hereunto set my hand and seal at
New York, N. Y. the 26th day of February  1969.

Signed, Sealed and Delivered in the Presence of

_____  _____  L. S.
Witness                Guarantor

CONFIDENTIAL

CONFIDENTIAL

OC000001

THIS CERTIFIES THAT _____ AND MARIANNE NESTOR AS JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP APRIL 11, 1996

is the owner of _____ Shares of the COMMON Stock of

OLEG CASSINI, INC. full paid and non-assessable, transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this _____ day of _____ A.D. 19___.

CONFIDENTIAL

OC900004





INCORPORATED UNDER THE LAWS OF THE STATE OF NEW YORK

2,000

PAR VALUE

THIS CERTIFIES THAT Oleg Cassini AND Marianne Nestor as JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP APRIL 11, 1996

is the owner of .......... Two Thousand .......... Shares of the COMMON Stock of OLEG CASSINI, INC. full paid and non-assessable, transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this .......... 22nd .......... day of .......... September .......... A.D. 19 51.

· OC000606

CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

OC000008





For Value Received, hereby sell, assign and transfer unto
Shares of the Preferred Stock represented by the within Certificate and do hereby irrevocably constitute and appoint
Attorney to transfer the said Stock on the books of the within named Corporation with full power of substitution in the premises.
Dated 19
In presence of
CONFIDENTIAL
CERTIFICATE
ISSUED TO
PREFERRED STOCK
DATED
4/19/57

THIS CERTIFIES THAT Oleg L. Cassini AND MARIANNE NESTOR AS JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP APRIL 11, 1996

is the owner of ... full paid and non-assessable, transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

Shares of the PREFERRED Stock of OLEG CASSINI, INC.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this ... day of ... A.D. 19 ...

CONFIDENTIAL

OCU00010





For Value Received, ... hereby sell, assign and transfer

unto ...

Shares of the Preferred Stock represented by the within Certificate, and do hereby irrevocably constitute and appoint ... Attorney

to transfer the said Stock on the books of the within named Corporation with full power of substitution in the premises.

Dated ... 19

In presence of

CERTIFICATE

DATED

CONFIDENTIAL

CONFIDENTIAL

OC000012



CONFIDENTIAL

QC000014



# Minutes
## and
# By Laws

OF

FROM

TO

Copyright 1876, Dailey Directory Pub., 91 Broadway, New York N.Y.



# Minutes
### and
# By Laws

OF

FROM

TO

Copyright 1949, Fulton Blomberg, Inc., 42 Broadway, New York 8, N. Y.

CONFIDENTIAL

OC000016

OLEG CASSINI, INC.

CONFIDENTIAL

OC000017

Form 706 (Rev. 10-2001)

Estate of:

## SCHEDULE A—Real Estate

- For jointly owned property that must be disclosed on Schedule E, see the instructions on the reverse side of Schedule E.
- Real estate that is part of a sole proprietorship should be shown on Schedule F.
- Real estate that is included in the gross estate under section 2035, 2036, 2037, or 2038 should be shown on Schedule G.
- Real estate that is included in the gross estate under section 2041 should be shown on Schedule H.
- If you elect section 2032A valuation, you must complete Schedule A and Schedule A-1.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |

Total from continuation schedules or additional sheets attached to this schedule .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 1.) .

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule A—Page 4

SKW-000025

Form 706 (Rev. 10-2008)

## Instructions for Schedule A—Real Estate

If the total gross estate contains any real estate, you must complete Schedule A and file it with the return. On Schedule A, list real estate the decedent owned or had contracted to purchase. Number each parcel in the left-hand column.

Describe the real estate in enough detail so that the IRS can easily locate it for inspection and valuation. For each parcel of real estate, report the area and, if the parcel is improved, describe the improvements. For city or town property, report the street and number, ward, subdivision, block and lot, etc. For rural property, report the township, range, landmarks, etc.

If any item of real estate is subject to a mortgage for which the decedent's estate is liable; that is, if the indebtedness may be charged against other property of the estate that is not subject to that mortgage, or if the decedent was personally liable for that mortgage, you must report the full value of the property in the value

column. Enter the amount of the mortgage under "Description" on this schedule. The unpaid amount of the mortgage may be deducted on Schedule K.

If the decedent's estate is not liable for the amount of the mortgage, report only the value of the equity of redemption (or value of the property less the indebtedness) in the value column as part of the gross estate. Do not enter any amount less than zero. Do not deduct the amount of indebtedness on Schedule K.

Also list on Schedule A real property the decedent contracted to purchase. Report the full value of the property and not the equity in the value column. Deduct the unpaid part of the purchase price on Schedule K.

Report the value of real estate without reducing it for homestead or other exemption, or the value of dower, curtesy, or a statutory estate created instead of dower or curtesy.

Explain how the reported values were determined and attach copies of any appraisals.

## Schedule A Examples

In this example, alternate valuation is not adopted; the date of death is January 1, 2008.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | House and lot, 1921 William Street NW, Washington, DC (lot 6, square 481). Rent of $8,100 due at end of each quarter, February 1, May 1, August 1, and November 1. Value based on appraisal, copy of which is attached . . . . . . . | | | $108,000 |
| | Rent due on item 1 for quarter ending November 1, 2008, but not collected at date of death | | | 2,700 |
| | Rent accrued on item 1 for November and December 2008 . . | | | 1,800 |
| 2 | House and lot, 304 Jefferson Street, Alexandria, VA (lot 18, square 40). Rent of $600 payable monthly. Value based on appraisal, copy of which is attached . . . . . . | | | 96,000 |
| | Rent due on item 2 for December 2008, but not collected at date of death . . . | | | 600 |

In this example, alternate valuation is adopted; the date of death is January 1, 2008.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | House and lot, 1921 William Street NW, Washington, DC (lot 6, square 481). Rent of $8,100 due at end of each quarter, February 1, May 1, August 1, and November 1. Value based on appraisal, copy of which is attached. Not disposed of within 6 months following death . . . | 7/1/08 | 90,000 | $108,000 |
| | Rent due on item 1 for quarter ending November 1, 2008, but not collected until February 1, 2008 . . . . . . . | 2/1/08 | 2,700 | 2,700 |
| | Rent accrued on item 1 for November and December 2008, collected on February 1, 2008 . . . . . . . | 2/1/08 | 1,800 | 1,800 |
| 2 | House and lot, 304 Jefferson Street, Alexandria, VA (lot 18, square 40). Rent of $600 payable monthly. Value based on appraisal, copy of which is attached. Property exchanged for farm on May 1, 2008 . . . . | 5/1/08 | 90,000 | 96,000 |
| | Rent due on item 2 for December 2008, but not collected until February 1, 2008 . . . | 2/1/08 | 600 | 600 |

Schedule A—Page 5

SKW-000026

Form 706 (Rev. 10-2008)

## Instructions for Schedule A-1. Section 2032A Valuation

The election to value certain farm and closely held business property at its special-use value is made by checking "Yes" to Form 706, Part 3—Elections by the Executor, line 2. Schedule A-1 is used to report the additional information that must be submitted to support this election. In order to make a valid election, you must complete Schedule A-1 and attach all of the required statements and appraisals.

For definitions and additional information concerning special-use valuation, see section 2032A and the related regulations.

### Part 1. Type of Election

Estate and GST tax elections. If you elect special-use valuation for the estate tax, you must also elect special-use valuation for the GST tax and vice versa.

You must value each specific property interest at the same value for GST tax purposes that you value it at for estate tax purposes.

Protective election. To make the protective election described in the separate instructions for Part 3—Elections by the Executor, line 2, you must check this box, enter the decedent's name and social security number in the spaces provided at the top of Schedule A-1, and complete Part 2. Notice of Election, line 1 and lines 3 and 4, column A. For purposes of the protective election, list on line 3 all of the real property that passes to the qualified heirs even though some of the property will be shown on line 2 when the additional notice of election is subsequently filed. You need not complete columns B through D of lines 3 and 4. You need not complete any other line entries on Schedule A-1. Completing Schedule A-1 as described above constitutes a Notice of Protective Election as described in Regulations section 20.2032A-8(b).

### Part 2. Notice of Election

Line 10. Because the special-use valuation creates a potential tax liability for the recapture tax of section 2032A(c), you must list each person who receives an interest in the specially valued property on Schedule A-1. If there are more than eight persons who receive interests, use an additional sheet that follows the format of line 10. In the columns "Fair market value" and "Special-use value" you should enter the total respective values of all the specially valued property interests received by each person.

### GST Tax Savings

To compute the additional GST tax due upon disposition (or cessation of qualified use) of the property, each "skip person" (as defined in the instructions to Schedule R) who receives an interest in the specially valued property must know the total GST tax savings on all of the interests in specially valued property received. This GST tax savings is the difference between the total GST tax that was imposed on all of the interests in specially valued property received by the skip person that the special-use value and the total GST tax that would have been imposed on the same interests received by the skip person had they been valued at their fair market value.

Because the GST tax depends on the executor's allocation of the GST exemption and the grandchild exclusion, the skip person who receives the interests is unable to compute this GST tax savings. Therefore, for each skip person who receives an interest in specially valued property, you must attach worksheets showing the total GST tax savings attributable to all of that person's interests in specially valued property.

How to compute the GST tax savings. Before computing each skip person's GST tax savings, you must complete Schedules R and R-1 for the entire estate (using the special-use values).

For each skip person, you must complete two Schedules R (Parts 2 and 3 only) as worksheets, one showing the interests in

specially valued property received by the skip person at their special-use value and one showing the same interests at their fair market value.

If the skip person received interests in specially valued property that were shown on Schedule R-1, show these interests on the Schedule R, Parts 2 and 3 worksheets, as appropriate. Do not use Schedule R-1 as a worksheet.

Completing the special-use value worksheets. On Schedule R, Parts 2 and 3, lines 2 through 4 and 6, enter -0-.

Completing the fair market value worksheets.
- Schedule R, Parts 2 and 3, lines 2 and 3, fixed taxes and other charges. If valuing the interests at their fair market value (instead of special-use value) causes any of these taxes and charges to increase, enter the increased amount (only) on these lines and attach an explanation of the increase. Otherwise, enter -0-.
- Schedule R, Parts 2 and 3, line 6—GST exemption allocation. If you completed Schedule R, Part 1, line 10, enter on line 6 the amount shown for the skip person on the line 10 special-use allocation schedule you attached to Schedule R. If you did not complete Schedule R, Part 1, line 10, enter -0- on line 6.

Total GST tax savings. For each skip person, subtract the tax amount on line 10, Part 2 of the special-use value worksheet from the tax amount on line 10, Part 2 of the fair market value worksheet. This difference is the skip person's total GST tax savings.

### Part 3. Agreement to Special Valuation Under Section 2032A

The agreement to special valuation by persons with an interest in property is required under section 2032A(a)(1)(B) and (d)(2) and must be signed by all parties who have any interest in the property being valued based on its qualified use as of the date of the decedent's death.

An interest in property is an interest that, as of the date of the decedent's death, can be asserted under applicable local law so as to affect the disposition of the specially valued property by the estate. Any person who at the decedent's death has any such interest in the property, whether present or future, or vested or contingent, must enter into the agreement. Included are owners of remainder and executory interests; the holders of general or special powers of appointment; beneficiaries of a gift over in default of exercise of any such power; joint tenants and holders of similar undivided interests when the decedent held only a joint or undivided interest in the property or when only an undivided interest is specially valued; and trustees of trusts and representatives of other entities holding title to, or holding any interests in the property. An heir who has the power under local law to caveat (challenge) a will and thereby affect disposition of the property is not, however, considered to be a person with an interest in property under section 2032A solely by reason of that right. Likewise, creditors of an estate are not such persons solely by reason of their status as creditors.

If any person required to enter into the agreement either desires that an agent act for him or her or cannot legally bind himself or herself due to infancy or other incompetency, or due to death before the election under section 2032A is timely exercised, a representative authorized by local law to bind the person in an agreement of this nature may sign the agreement on his or her behalf.

The Internal Revenue Service will contact the agent designated in the agreement on all matters relating to continued qualification under section 2032A of the specially valued real property and on all matters relating to the special lien arising under section 2032A. It is the duty of the agent as attorney-in-fact for the parties with interests in the specially valued property to furnish the IRS with any requested information and to notify the IRS of any disposition or cessation of qualified use of any part of the property.

Schedule A-1—Page 6

SKW-000027

OLEG CASSINI, INC.

CONFIDENTIAL

OC000015

Form 706 (Rev. 10-2008)

**Checklist for Section 2032A Election.**



*If you are going to make the special-use valuation election on Schedule A-1, please use this checklist to ensure that you are providing everything necessary to make a valid election.*

To have a valid special-use valuation election under section 2032A, you must file, in addition to the federal estate tax return, (a) a notice of election (Schedule A-1, Part 2), and (b) a fully executed agreement (Schedule A-1, Part 3). You must include certain information in the notice of election. To ensure that the notice of election includes all of the information required for a valid election, use the following checklist. The checklist is for your use only. Do not file it with the return.

1. Does the notice of election include the decedent's name and social security number as they appear on the estate tax return?

2. Does the notice of election include the relevant qualified use of the property to be specially valued?

3. Does the notice of election describe the items of real property shown on the estate tax return that are to be specially valued and identify the property by the Form 706 schedule and item number?

4. Does the notice of election include the fair market value of the real property to be specially valued and also include its value based on the qualified use (determined without the adjustments provided in section 2032A(b)(3)(B))?

5. Does the notice of election include the adjusted value (as defined in section 2032A(b)(3)(B)) of (a) all real property that both passes from the decedent and is used in a qualified use, without regard to whether it is to be specially valued, and (b) all real property to be specially valued?

6. Does the notice of election include (a) the items of personal property shown on the estate tax return that pass from the decedent to a qualified heir and that are used in qualified use and (b) the total value of such personal property adjusted under section 2032A(b)(3)(B)?

7. Does the notice of election include the adjusted value of the gross estate? (See section 2032A(b)(3)(A).)

8. Does the notice of election include the method used to determine the special-use value?

9. Does the notice of election include copies of written appraisals of the fair market value of the real property?

10. Does the notice of election include a statement that the decedent and/or a member of his or her family has owned all of the specially valued property for at least 5 years of the 8 years immediately preceding the date of the decedent's death?

11. Does the notice of election include a statement as to whether there were any periods during the 8-year period preceding the decedent's date of death during which the decedent or a member of his or her family did not (a) own the property to be specially valued, (b) use it in a qualified use, or (c) materially participate in the operation of the farm or other business? (See section 2032A(e)(6).)

12. Does the notice of election include, for each item of specially valued property, the name of every person taking an interest in that item of specially valued property and the following information about each person: (a) the person's address, (b) the person's taxpayer identification number, (c) the person's relationship to the decedent, and (d) the value of the property interest passing to that person based on both fair market value and qualified use?

13. Does the notice of election include affidavits describing the activities constituting material participation and the identity of the material participant?

14. Does the notice of election include a legal description of each item of specially valued property?

(In the case of an election made for qualified woodlands, the information included in the notice of election must include the reason for entitlement to the Woodlands election.)

Any election made under section 2032A will not be valid unless a properly executed agreement (Schedule A-1, Part 3) is filed with the estate tax return. To ensure that the agreement satisfies the requirements for a valid election, use the following checklist.

1. Has the agreement been signed by each and every qualified heir having an interest in the property being specially valued?

2. Has every qualified heir expressed consent to personal liability under section 2032A(c) in the event of an early disposition or early cessation of qualified use?

3. Is the agreement that is actually signed by the qualified heirs in a form that is binding on all of the qualified heirs having an interest in the specially valued property?

4. Does the agreement designate an agent to act for the parties to the agreement in all dealings with the IRS on matters arising under section 2032A?

5. Has the agreement been signed by the designated agent and does it give the address of the agent?

SKW-000028

Form 706 (Rev. 10-2008)

| | Decedent's Social Security Number |
|---|---|
| Estate of: | |

## SCHEDULE A-1—Section 2032A Valuation

### Part 1. Type of Election (Before making an election, see the checklist on page 7.)

☐ Protective election (Regulations section 20.2032A-8(b)). Complete Part 2, line 1, and column A of lines 3 and 4. (see instructions)
☐ Regular election. Complete all of Part 2 (including line 11, if applicable) and Part 3. (see instructions)

Before completing Schedule A-1, see the checklist on page 7 for the information and documents that must be included to make a valid election.

The election is not valid unless the agreement (that is, Part 3. Agreement to Special Valuation Under Section 2032A):
• is signed by each and every qualified heir with an interest in the specially valued property and
• is attached to this return when it is filed.

### Part 2. Notice of Election (Regulations section 20.2032A-8(a)(3))

Note. All real property entered on lines 2 and 3 must also be entered on Schedules A, E, F, G, or H, as applicable.

1  Qualified use—check one ▶  ☐ Farm used for farming, or
                            ▶  ☐ Trade or business other than farming

2  Real property used in a qualified use, passing to qualified heirs, and to be specially valued on this Form 706.

| A<br>Schedule and item number<br>from Form 706 | B<br>Full value<br>(without section 2032A(b)(3)(A)<br>adjustment) | C<br>Adjusted value (with section<br>2032A(b)(3)(B)<br>adjustment) | D<br>Value based on qualified use<br>(without section 2032A(b)(3)(A)<br>adjustment) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Totals

Attach a legal description of all property listed on line 2.
Attach copies of appraisals showing the column B values for all property listed on line 2.

3  Real property used in a qualified use, passing to qualified heirs, but not specially valued on this Form 706.

| A<br>Schedule and item number<br>from Form 706 | B<br>Full value<br>(without section 2032A(b)(3)(A)<br>adjustment) | C<br>Adjusted value (with section<br>2032A(b)(3)(B)<br>adjustment) | D<br>Value based on qualified use<br>(without section 2032A(b)(3)(A)<br>adjustment) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Totals

If you checked "Regular election" you must attach copies of appraisals showing the column B values for all property listed on line 3.

(continued on next page)

Schedule A-1—Page 6

SKW-000029

Form 706 (Rev. 10-2001)

**4** Personal property used in a qualified use and passing to qualified heirs.

| A Schedule and item number from Form 706 | B Adjusted value (with section 2032A(b)(3)(B) adjustment) | A (continued) Schedule and item number from Form 706 | D (continued) Adjusted value (with section 2032A(b)(3)(B) adjustment) |
|---|---|---|---|
| | | *Subtotal* from Col. B, below left | |

Subtotal . . . . . . . . . . . . . . . . . . Total adjusted value . . . . . . . . . ▶

**5** Enter the value of the total gross estate as adjusted under section 2032A(b)(3)(A) . . .

**6** Attach a description of the method used to determine the special value based on qualified use.

**7** Did the decedent and/or a member of his or her family own all property listed on line 2 for at least 5 of the 8 years immediately preceding the date of the decedent's death? . . . . . . . . . . . ☐ Yes ☐ No

**8** Were there any periods during the 8-year period preceding the date of the decedent's death during which the decedent or a member of his or her family:

  **a** Did not own the property listed on line 2 above? . . . . . . . . . . . . . . .

  **b** Did not use the property listed on line 2 above in a qualified use? . . . . . . . . . .

  **c** Did not materially participate in the operation of the farm or other business within the meaning of section 2032A(e)(6)? . . . . . . . . . . . . . . . . . . . . . . . . .

If "Yes" to any of the above, you must attach a statement listing the periods. If applicable, describe whether the exceptions of sections 2032A(b)(4) or (5) are met.

**9** Attach affidavits describing the activities constituting material participation and the identity and relationship to the decedent of the material participants.

**10** Persons holding interests. Enter the requested information for each party who received any interest in the specially valued property. (Each of the qualified heirs receiving an interest in the property must sign the agreement, and the agreement must be filed with this return.)

| | Name | Address |
|---|---|---|
| A | | |
| B | | |
| C | | |
| D | | |
| E | | |
| F | | |
| G | | |
| H | | |

| | Identifying number | Relationship to decedent | Fair market value | Special-use value |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| C | | | | |
| D | | | | |
| E | | | | |
| F | | | | |
| G | | | | |

You must attach a computation of the GST tax savings attributable to direct skips for each person listed above who is a skip person. (see instructions)

**11** Woodlands election. Check here ▶ ☐ if you wish to make a Woodlands election as described in section 2032A(e)(13). Enter the schedule and item numbers from Form 706 of the property for which you are making this election ▶
You must attach a statement explaining why you are entitled to make this election. The IRS may (issue) regulations that require more information to substantiate this election. You will be notified by the IRS if you must supply further information.

Schedule A-1—Page 9

SKW-000030

Form 706 (Rev. 10-XXX)

## Part 3. Agreement to Special Valuation Under Section 2032A

| Estate of: | Date of Death: | Decedent's Social Security Number: |
|---|---|---|

There cannot be a valid election unless:

• The agreement is executed by each and every one of the qualified heirs and

• The agreement is included with the estate tax return when the estate tax return is filed.

We (list all qualified heirs and other persons having an interest in the property required to sign this agreement)

_____

being all the qualified heirs and _____

being all other parties having interests in the property which is qualified real property and which is valued under section 2032A of the Internal Revenue Code, do hereby approve of the election made by _____

Executor/Administrator of the estate of _____

pursuant to section 2032A to value said property on the basis of the qualified use to which the property is devoted and do hereby enter into this agreement pursuant to section 2032A(d).

The undersigned agree and consent to the application of subsection (c) of section 2032A of the Code with respect to all the property described on Form 706, Schedule A-1, Part 2, line 2, attached to this agreement. More specifically, the undersigned heirs expressly agree and consent to personal liability under subsection (c) of 2032A for the additional estate and GST taxes imposed by that subsection with respect to their respective interests in the above-described property in the event of certain early dispositions of the property or early cessation of the qualified use of the property. It is understood that if a qualified heir disposes of any interest in qualified real property to any member of his or her family, such member may thereafter be treated as the qualified heir with respect to such interest upon filing a Form 706-A and a new agreement.

The undersigned interested parties who are not qualified heirs consent to the collection of any additional estate and GST taxes imposed under section 2032A(c) of the Code from the specially valued property.

If there is a disposition of any interest which passes, or has passed to him or her, or if there is a cessation of the qualified use of any specially valued property which passes or passed to him or her, each of the undersigned heirs agrees to file a Form 706-A, United States Additional Estate Tax Return, and pay any additional estate and GST taxes due within 6 months of the disposition or cessation.

It is understood by all interested parties that this agreement is a condition precedent to the election of special-use valuation under section 2032A of the Code and must be executed by every interested party even though that person may not have received the estate (or GST) tax benefits or be in possession of such property.

Each of the undersigned understands that by making this election, a lien will be created and recorded pursuant to section 6324B of the Code on the property referred to in this agreement for the adjusted tax differences with respect to the estate as defined in section 2032A(c)(2)(C).

As the interested parties, the undersigned designate the following individual as their agent for all dealings with the Internal Revenue Service concerning the continued qualification of the specially valued property under section 2032A of the Code and on all issues regarding the special lien under section 6324B. The agent is authorized to act for the parties with respect to all dealings with the Service on matters affecting the qualified real property described above. This includes the authorization:

• To receive confidential information on all matters relating to continued qualification under section 2032A of the specially valued real property and on all matters relating to the special lien arising under section 6324B;

• To furnish the Internal Revenue Service with any requested information concerning the property;

• To notify the Internal Revenue Service of any disposition or cessation of qualified use of any part of the property;

• To receive, but not to endorse and collect, checks in payment of any refund of Internal Revenue taxes, penalties, or interest;

• To execute waivers (including offers of waivers) of restrictions on assessment or collection of deficiencies in tax and waivers of notice of disallowance of a claim for credit or refund; and

• To execute closing agreements under section 7121.

(continued on next page)

Schedule A-1—Page 10

SKW-000031

Form 706 (Rev. 10-2009)

## Part 3. Agreement to Special Valuation Under Section 2032A (continued)

| Estate of: | Date of Death | Decedent's Social Security Number |
|---|---|---|

a Other rate (specify) ▶

By signing this agreement, the agent agrees to provide the Internal Revenue Service with any requested information concerning this property and to notify the Internal Revenue Service of any disposition or cessation of the qualified use of any part of this property.

| Name of Agent | Signature | Address |
|---|---|---|

The property to which this agreement relates is listed in Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, and in the Notice of Election, along with its fair market value according to section 2031 of the Code and its special-use value according to section 2032A. The name, address, social security number, and interest (including the value) of each of the undersigned in this property are as set forth in the attached Notice of Election.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands at _____

this _____ day of _____.

SIGNATURES OF EACH OF THE QUALIFIED HEIRS:

| | |
|---|---|
| Signature of qualified heir | Signature of qualified heir |
| Signature of qualified heir | Signature of qualified heir |
| Signature of qualified heir | Signature of qualified heir |
| Signature of qualified heir | Signature of qualified heir |
| Signature of qualified heir | Signature of qualified heir |
| Signature of qualified heir | Signature of qualified heir |

Signature of other interested parties

Signature of other interested parties

Schedule A-1—Page 11

SKW-000032

Form 706 (Rev. 10-2004)

Estate of:

## SCHEDULE B—Stocks and Bonds

(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E)

| Item number | Description, including face amount of bonds or number of shares and par value for identification. Give CUSIP number, if any, (realestate), or closely held entity), give EIN | CUSIP number or EIN, where applicable | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| 1 | JP Morgan | | | | | 315,104.00 |
| | Deutsche Bank | | | | | 720,232.00 |
| | US Trust Co. | | | | | 665,603.00 |

Total from continuation schedule (or additional sheets) attached to this schedule

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at Item 2)                     1,701,939.

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(The instructions to Schedule B are in the separate instructions)                     Schedule B—Page 12

SKW-000033

Form 703 (Rev. 10-5009)

Estate of:

## SCHEDULE C—Mortgages, Notes, and Cash
### (For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule C.)

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |

| | | | | |
|---|---|---|---|---|
| Total from continuation schedules (or additional sheets) attached to this schedule | | | | |
| **TOTAL.** (Also enter on Part 5—Recapitulation, page 3, at item 3.) | | | | |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule C—Page 13

SKW-000034

Form 706 (Rev. 10-1988)

## Instructions for Schedule C—Mortgages, Notes, and Cash

Complete Schedule C and file it with your return if the total gross estate contains any:

- Mortgages,
- Notes, or
- Cash.

List on Schedule C:

- Mortgages and notes payable to the decedent at the time of death.
- Cash the decedent had at the date of death.

Do not list on Schedule C:

- Mortgages and notes payable by the decedent. (If these are deductible, list them on Schedule K.)

List the items on Schedule C in the following order:

1. Mortgages;
2. Promissory notes;
3. Contracts by decedent to sell land;
4. Cash in possession and
5. Cash in banks, savings and loan associations, and other types of financial organizations.

### What to enter in the "Description" column

For mortgages, list:

- Face value,
- Unpaid balance,
- Date of mortgage,
- Name of maker,
- Property mortgaged,
- Date of maturity,
- Interest rate, and
- Interest date.

Example to enter in "Description" column:

"Bond and mortgage of $50,000, unpaid balance: $25,000; dated: January 1, 1992; John Doe to Richard Roe; premises: 22 Clinton Street, Newark, NJ; due January 1, 2012; interest payable at 10% a year—January 1 and July 1."

For promissory notes, list in the same way as mortgages.

For contracts by the decedent to sell land, list:

- Name of purchaser,
- Contract date,
- Property description,
- Sale price,
- Initial payment,
- Amounts of installment payment,
- Unpaid balance of principal, and
- Interest rate.

For cash in possession, list such cash separately from bank deposits.

For cash in banks, savings and loan associations, and other types of financial organizations, list:

- Name and address of each financial organization,
- Amount in each account,
- Serial or account number,
- Nature of account—checking, savings, time deposit, etc., and
- Unpaid interest accrued from date of last interest payment to the date of death.

Note. If you obtain statements from the financial organizations, keep them for IRS inspection.

Schedule C—Page 14

SKW-000035

Form 706 (Rev. 10-2001)

Estate of:

## SCHEDULE D—Insurance on the Decedent's Life
You must list all policies on the life of the decedent and attach a Form 712 for each policy.

| Item Number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | |
| | **TOTAL** (Also enter on Part 5—Recapitulation, page 3, at item 4.) | | | |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule D—Page 15

SKW-000036

Form 706 (Rev. 10-2008)

## Instructions for Schedule D—Insurance on the Decedent's Life

If you are required to file Form 706 and there was any insurance on the decedent's life, whether or not included in the gross estate, you must complete Schedule D and file it with the return.

Insurance you must include on Schedule D. Under section 2042, you must include in the gross estate:

- Insurance on the decedent's life receivable by or for the benefit of the estate; and
- Insurance on the decedent's life receivable by beneficiaries other than the estate, as described below.

The term "insurance" refers to life insurance of every description, including death benefits paid by fraternal beneficiary societies operating under the lodge system, and death benefits paid under no-fault automobile insurance policies if the no-fault insurer was unconditionally bound to pay the benefit in the event of the insured's death.

Insurance in favor of the estate. Include on Schedule D the full amount of the proceeds of insurance on the life of the decedent receivable by the executor or otherwise payable to or for the benefit of the estate. Insurance in favor of the estate includes insurance used to pay the estate tax, and any other taxes, debts, or charges that are enforceable against the estate. The manner in which the policy is drawn is immaterial as long as there is an obligation, legally binding on the beneficiary, to use the proceeds to pay taxes, debts, or charges. You must include the full amount even though the premiums or other consideration may have been paid by a person other than the decedent.

Insurance receivable by beneficiaries other than the estate. Include on Schedule D the proceeds of all insurance on the life of the decedent not receivable by or for the benefit of the decedent's estate if the decedent possessed at death any of the incidents of ownership, exercisable either alone or in conjunction with any person.

Incidents of ownership in a policy include:

- The right of the insured or estate to its economic benefits;
- The power to change the beneficiary;
- The power to surrender or cancel the policy;
- The power to assign the policy or to revoke an assignment;
- The power to pledge the policy for a loan;
- The power to obtain from the insurer a loan against the surrender value of the policy; and
- A reversionary interest if the value of the reversionary interest was more than 5% of the value of the policy immediately before the decedent died. (An interest in an insurance policy is considered a reversionary interest if, for example, the proceeds become payable to the insured's estate or payable as the insured directs if the beneficiary dies before the insured.)

Life insurance not includible in the gross estate under section 2042 may be includible under some other section of the Code. For example, a life insurance policy could be transferred by the decedent in such a way that it would be includible in the gross estate under section 2035, 2037, or 2038. See the instructions to Schedule G for a description of these sections.

### Completing the Schedule

You must list every policy of insurance on the life of the decedent, whether or not it is included in the gross estate.

Under "Description," list:

- The name of the insurance company, and
- The number of the policy.

For every policy of life insurance listed on the schedule, you must request a statement on Form 712, Life Insurance Statement, from the company that issued the policy. Attach the Form 712 to the back of Schedule D.

If the policy proceeds are paid in one lump sum, enter the net proceeds received (from Form 712, line 24) in the value (and alternate value) columns of Schedule D. If the policy proceeds are not paid in one sum, enter the value of the proceeds as of the date of the decedent's death (from Form 712, line 25).

If part or all of the policy proceeds are not included in the gross estate, you must explain why they were not included.

SKW-000037

Form 706 (Rev. 10/2006)

Estate of:

# SCHEDULE E—Jointly Owned Property

(If you elect section 2032A valuation, you must complete Schedule E and Schedule A-1.)

## PART 1. Qualified Joint Interests—Interests Held by the Decedent and His or Her Spouse as the Only Joint Tenants (Section 2040(b)(2))

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 1 | 135 East 19th Street New York City NY 10003 | | | | 9,000,000. |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | | |
| 1a | Totals | | | | 9,000,000. |
| 1b | Amounts included in gross estate (one-half of line 1a) | | | | 4,500,000. |

## PART 2. All Other Joint Interests

2a State the name and address of each surviving co-tenant. If there are more than three surviving co-tenants, list the additional co-tenants on an attached sheet.

| | Name | Address (number and street, city, state, and ZIP code) |
|---|---|---|
| A. | | |
| B. | | |
| C. | | |

| Item number | Enter letter for co-tenant | Description (including alternate valuation date if any). For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Percentage includible | Includible alternate value | Includible value at date of death |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| | | Total from continuation schedules (or additional sheets) attached to this schedule | | | | |
| 2b | | Total other joint interests | | | | |
| 3 | | Total includible joint interests (add lines 1b and 2b). Also enter on Part 5—Recapitulation, page 3, at item 5 | | | | 4,500,000 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Form 706 (Rev. 10-2001)

## Instructions for Schedule E—Jointly Owned Property

If you are required to file Form 706, you must complete Schedule E and file it with the return if the decedent owned any joint property at the time of death, whether or not the decedent's interest is includible in the gross estate.

Enter on this schedule all property of whatever kind or character, whether real estate, personal property, or bank accounts, in which the decedent held at the time of death an interest either as a joint tenant with right to survivorship or as a tenant by the entirety.

Do not list on this schedule property that the decedent held as a tenant in common, but report the value of the interest on Schedule A if real estate, or on the appropriate schedule if personal property. Similarly, community property held by the decedent and spouse should be reported on the appropriate Schedules A through I. The decedent's interest in a partnership should not be entered on this schedule unless the partnership interest itself is jointly owned. Solely owned partnership interests should be reported on Schedule F, "Other Miscellaneous Property."

**Part 1. Qualified joint interests held by decedent and spouse.** Under section 2040(b)(2), a joint interest is a qualified joint interest if the decedent and the surviving spouse held the interest as:

• Tenants by the entirety, or

• Joint tenants with right of survivorship if the decedent and the decedent's spouse are the only joint tenants.

Interests that meet either of the two requirements above should be entered in Part 1. Joint interests that do not meet either of the two requirements above should be entered in Part 2.

Under "Description," describe the property as required in the instructions for Schedules A, B, C, and F for the type of property involved. For example, jointly held stocks and bonds should be described using the rules given in the instructions to Schedule B.

Under "Alternate value" and "Value at date of death," enter the full value of the property.

**Note.** You cannot claim the special treatment under section 2040(b) for property held jointly by a decedent and a surviving spouse who is not a U.S. citizen. You must report these joint interests on Part 2 of Schedule E, not Part 1.

**Part 2. All other joint interests.** All joint interests that were not entered in Part 1 must be entered in Part 2.

For each item of property, enter the appropriate letter A, B, C, etc., from line 2a to indicate the name and address of the surviving co-tenant.

Under "Description," describe the property as required in the instructions for Schedules A, B, C, and F for the type of property involved.

In the "Percentage includible" column, enter the percentage of the total value of the property that you intend to include in the gross estate.

Generally, you must include the full value of the jointly owned property in the gross estate. However, the full value should not be included if you can show that a part of the property originally belonged to the other tenant or tenants and was never received or acquired by the other tenant or tenants from the decedent for less than adequate and full consideration in money or money's worth, or unless you can show that any part of the property was acquired with consideration originally belonging to the surviving joint tenant or tenants. In this case, you may exclude from the value of the property an amount proportionate to the consideration furnished by the other tenant or tenants. Relinquishing or promising to relinquish dower, curtesy, or statutory estate created instead of dower or curtesy, or other marital rights in the decedent's property or estate is not consideration in money or money's worth. See the Schedule A instructions for the value to show for real property that is subject to a mortgage.

If the property was acquired by the decedent and another person or persons by gift, bequest, devise, or inheritance as joint tenants, and their interests are not otherwise specified by law, include only that part of the value of the property that is figured by dividing the full value of the property by the number of joint tenants.

If you believe that less than the full value of the entire property is includible in the gross estate for tax purposes, you must establish the right to include the smaller value by attaching proof of the extent, origin, and nature of the decedent's interest and the interest(s) of the decedent's co-tenant or co-tenants.

In the "Includible alternate value" and "Includible value at date of death" columns, you should enter only the values that you believe are includible in the gross estate.

Schedule E—Page 15

SKW-000039

Form 706 (Rev. 10-1988)

**Estate of:**

## SCHEDULE F—Other Miscellaneous Property Not Reportable Under Any Other Schedule

(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E)
(If you elect section 2032A valuation, you must complete Schedule F and Schedule A-1.)

| | | Yes | No |
|---|---|---|---|
| 1 | Did the decedent at the time of death own any works of art or items with collectible value in excess of $3,000 or any collections whose artistic or collectible value combined at date of death exceeded $10,000? . . . . . If "Yes," submit full details on this schedule and attach appraisals. | | |
| 2 | Has the decedent's estate, spouse, or any other person, received (or will receive) any bonus or award as a result of the decedent's employment or death? If "Yes," submit full details on this schedule. | | |
| 3 | Did the decedent at the time of death have, or have access to, a safe deposit box? . . . . . . . . If "Yes," state location, and if held in joint names of decedent and another, state name and relationship of joint depositor. | | |

If any of the contents of the safe deposit box are omitted from the schedules in this return, explain fully why omitted.

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 1 | Oleg Cassini Inc. | 131844447 | NA | NA | 43,450,438.00 |
| | Cassini Parfums Ltd. | 133526856 | NA | NA | 1,685,000.00 |
| | Artwork, Furniture & Antiques | | | | 3,030,140.00 |
| | Memorabilia - Jackie Kennedy | | | | 1,070,000.00 |
| | Memorabilia - Grace Kelly | | | | 60,000.00 |

Total from continuation schedules (or additional sheets) attached to this schedule . . . .

**TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 6.)** . . . . . . . . . . . . . 50,855,578

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule F—Page 19

SKW-000040

Form 706 (Rev. 10-2005)

## Instructions for Schedule F—Other Miscellaneous Property

You must complete Schedule F and file it with the return.

On Schedule F, list all items that must be included in the gross estate that are not reported on any other schedule, including:

- Debts due the decedent (other than notes and mortgages included on Schedule C);
- Interests in business;
- Any interest in an Archer medical savings account (MSA) or Health Savings Account (HSA), unless such interest passes to the surviving spouse; and
- Insurance on the life of another (obtain and attach Form 712, Life Insurance Statement, for each policy).

Note (for single premium or paid-up policies). In certain situations, for example where the surrender value of the policy exceeds its replacement cost, the true economic value of the policy will be greater than the amount shown on line 59 of Form 712. In these situations, you should report the full economic value of the policy on Schedule F. See Rev. Rul. 78-137, 1978-1 C.B. 280 for details.

- Section 2044 property (see *Decedent Who Was a Surviving Spouse* below);
- Claims (including the value of the decedent's interest in a claim for refund of income taxes or the amount of the refund actually received);
- Rights;
- Royalties;
- Leaseholds;
- Judgments;
- Reversionary or remainder interests;
- Shares in trust funds (attach a copy of the trust instrument);
- Household goods and personal effects, including wearing apparel;
- Farm products and growing crops;
- Livestock;
- Farm machinery; and
- Automobiles.

If the decedent owned any interest in a partnership or unincorporated business, attach a statement of assets and liabilities for the valuation date and for the 5 years before the valuation date. Also attach statements of the net earnings for the same 5 years. Be sure to include the EIN of the entity. You must

account for goodwill in the valuation. In general, furnish the same information and follow the methods used to value close corporations. See the instructions for Schedule B.

All partnership interests should be reported on Schedule F unless the partnership interest, itself, is jointly owned. Jointly owned partnership interests should be reported on Schedule E.

If real estate is owned by the sole proprietorship, it should be reported on Schedule F and not on Schedule A. Describe the real estate with the same detail required for Schedule A.

Line 1. If the decedent owned at the date of death works of art or items with collectible value (for example, jewelry, furs, silverware, books, statuary, vases, oriental rugs, coin or stamp collections), check the "Yes" box on line 1 and provide full details. If any one work of art or item with collectible value is valued at more than $3,000, or any collection of similar articles is valued at more than $10,000, attach an appraisal by an expert under oath and the required statement regarding the appraiser's qualifications (see Regulations section 20.2031-6(b)).

## Decedent Who Was a Surviving Spouse

If the decedent was a surviving spouse, he or she may have received qualified terminable interest property (QTIP) from the predeceased spouse for which the marital deduction was elected either on the predeceased spouse's estate tax return or on a gift tax return, Form 709. The election was available for gifts made and decedents dying after December 31, 1981. List such property on Schedule F.

If this election was made and the surviving spouse retained his or her interest in the QTIP property at death, the full value of the QTIP property is includible in his or her estate, even though the surviving income interest terminated at death. It is valued as of the date of the surviving spouse's death, or alternate valuation date, if applicable. Do not reduce the value by any annual exclusion that may have applied to the transfer creating the interest.

The value of such property included in the surviving spouse's gross estate is treated as passing from the surviving spouse. It therefore qualifies for the charitable and marital deductions on the surviving spouse's estate tax return if it meets the other requirements for those deductions.

For additional details, see Regulations section 20.2044-1.

Schedule F—Page 20

SKW-000041

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE G—Transfers During Decedent's Life
(If you elect section 2032A valuation, you must complete Schedule G and Schedule A-1.)

| Item number | Description. For securities, give CUSIP number, if any, partnership or closely held entity, (see instructions) | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| A. | Gift tax paid or payable by the decedent or the estate for all gifts made by the decedent or his or her spouse within 3 years before the decedent's death (section 2035(b)) | X X X X X | | |
| B. 1 | Transfers includible under section 2035(a), 2036, 2037, or 2038 | | | |
| | | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 7.) | | | |

## SCHEDULE H—Powers of Appointment
(Include "5 and 5 lapsing" powers (section 2041(b)(2)) held by the decedent.)
(If you elect section 2032A valuation, you must complete Schedule H and Schedule A-1.)

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |
| | | | | |
| | | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 8.) | | | |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedules G and H are in the separate instructions.)

Schedule G and H—Page 21

SKW-000042

Form 706 (Rev. 10-1988)

Estate of:

## SCHEDULE I—Annuities

Note. Generally, no exclusion is allowed for the estates of decedents dying after December 31, 1984 (see page 18 of the instructions).

A. Are you excluding from the decedent's gross estate the value of a lump-sum distribution described in section 2039(f)(2) (as in effect before its repeal) by the Deficit Reduction Act of 1984)? If "Yes," you must attach the information required by the instructions.

| | | Yes | No |
| --- | --- | --- | --- |

| Item number | Description. Show the entire value of the annuity before any exclusion | Alternate valuation date | Includible alternate value | Includible value at date of death |
| --- | --- | --- | --- | --- |
| 1 | | | | |

Total from continuation schedules (or additional sheets) attached to this schedule

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 9.)

(If more space is needed, attach the continuation schedule from the end of the package or additional sheets of the same size.)

Schedule I—Page 28                    (The instructions to Schedule I are in the separate instructions)

SKW-000043

Form 706 (Rev. 10-2020)

Estate of:

## SCHEDULE J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

Note. Do not list on this schedule expenses of administering property not subject to claims. For those expenses, see the instructions for Schedule L.

If executors' commissions, attorney fees, etc., are claimed and allowed as a deduction for estate tax purposes, they are not allowable as a deduction in computing the taxable income of the estate for federal income tax purposes. They are allowable as an income tax deduction on Form 1041 if a waiver is filed to waive the deduction on Form 706 (see the Form 1041 instructions).

| Item number | Description | Expense amount | Total amount |
|---|---|---|---|
| 1 | A. Funeral expenses: | | |
| | 29,411.00 Frank Campbell | | 29,411.00 |
| | 9,345.00 Catholic Cemeteries | | 9,345.00 |
| | 3,000.00 Cash Choir & Prayer Masses | | 3,000.00 |
| | Total funeral expenses . . . . . . . . . . ▶ | | 41,756.00 |
| | B. Administration expenses: | | |
| | 1 Executors' commissions—amount estimated/agreed upon/paid. (Strike out the words that do not apply.) | | -0- |
| | 2 Attorney fees—amount estimated/agreed upon/paid. (Strike out the words that do not apply.) | | 93,252.00 |
| | 3 Accountant fees—amount estimated/agreed upon/paid. (Strike out the words that do not apply.) | | 10,000.00 |
| | 4 Miscellaneous expenses: | Expense amount | |
| | Appraisals | | 7,500.00 |
| | Total miscellaneous expenses from continuation schedules (or additional sheets) attached to this schedule . . . . . . . . . . . . . . . . . | | |
| | Total miscellaneous expenses . . . . . . . ▶ | | |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 18.) . . . ▶ | | 152,708 |

(If more space is needed, attach the continuation schedule from the end of the package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule J—Page 23

SKW-000044

Form 706 (Rev. 10-2025)

## Instructions for Schedule J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

**General.** You must complete and file Schedule J if you claim a deduction on item 18 of Part 5—Recapitulation.

On Schedule J, itemize funeral expenses and expenses incurred in administering property subject to claims. List the names and addresses of persons to whom the expenses are payable and describe the nature of the expense. Do not list expenses incurred in administering property not subject to claims on this schedule. List them on Schedule L instead.

The deduction is limited to the amount paid for these expenses that is allowable under local law but may not exceed:

1. The value of property subject to claims included in the gross estate, plus

2. The amount paid out of property included in the gross estate but not subject to claims. This amount must actually be paid by the due date of the estate tax return.

The applicable local law under which the estate is being administered determines which property is and is not subject to claims. If under local law a particular property interest included in the gross estate would bear the burden for the payment of the expenses, then the property is considered property subject to claims.

Unlike certain claims against the estate for debts of the decedent (see the instructions for Schedule K in the separate instructions), you cannot deduct expenses incurred in administering property subject to claims on both the estate tax return and the estate's income tax return. If you choose to deduct them on the estate tax return, you cannot deduct them on a Form 1041 filed for the estate. Funeral expenses are only deductible on the estate tax return.

**Funeral expenses.** Itemize funeral expenses on line A. Deduct from the expenses any amounts that were reimbursed, such as death benefits payable by the Social Security Administration and the Veterans Administration.

**Executors' commissions.** When you file the return, you may deduct commissions that have actually been paid to you or that you expect will be paid. You may not deduct commissions if none will be collected. If the amount of the commissions has not been fixed by decree of the proper court, the deduction will be allowed on the final examination of the return, provided that:

- The Estate and Gift Tax Territory Manager is reasonably satisfied that the commissions claimed will be paid;
- The amount entered as a deduction is within the amount allowable by the laws of the jurisdiction where the estate is being administered; and
- It is in accordance with the usually accepted practice in that jurisdiction for estates of similar size and character.

If you have not been paid the commissions claimed at the time of the final examination of the return, you must

support the amount you deducted with an affidavit or statement signed under the penalties of perjury that the amount has been agreed upon and will be paid.

You may not deduct a bequest or devise made to you instead of commissions. If, however, the decedent fixed by will the compensation payable to you for services to be rendered in the administration of the estate, you may deduct this amount to the extent it is not more than the compensation allowable by the local law or practice.

Do not deduct on this schedule amounts paid as trustees' commissions whether received by you acting in the capacity of a trustee or by a separate trustee. If such amounts were paid in administering property not subject to claims, deduct them on Schedule L.

Note. Executors' commissions are taxable income to the executors. Therefore, be sure to include them as income on your individual income tax return.

**Attorney fees.** Enter the amount of attorney fees that have actually been paid or that you reasonably expect to be paid. If on the final examination of the return, the fees claimed have not been awarded by the proper court and paid, the deduction will be allowed provided the Estate and Gift Tax Territory Manager is reasonably satisfied that the amount claimed will be paid and that it does not exceed a reasonable payment for the services performed, taking into account the size and character of the estate and the local law and practice. If the fees claimed have not been paid at the time of final examination of the return, the amount deducted must be supported by an affidavit, or statement signed under the penalties of perjury, by the executor or the attorney stating that the amount has been agreed upon and will be paid.

Do not deduct attorney fees incidental to litigation incurred by the beneficiaries. These expenses are charged against the beneficiaries personally and are not administration expenses authorized by the Code.

**Interest expense.** Interest expenses incurred after the decedent's death are generally allowed as a deduction if they are reasonable, necessary to the administration of the estate, and allowable under local law.

Interest incurred as the result of a federal estate tax deficiency is a deductible administrative expense. Penalties are not deductible even if they are otherwise deductible under local law.

Note. If you elect to pay the tax in installments under section 6166, you may not deduct the interest payable on the installments.

**Miscellaneous expenses.** Miscellaneous administration expenses necessarily incurred in preserving and distributing the estate are deductible. These expenses include appraiser's and accountant's fees, certain court costs, and costs of storing or maintaining assets of the estate.

The expenses of selling assets are deductible only if the sale is necessary to pay the decedent's debts, the expenses of administration, or taxes, or to preserve the estate or carry out distribution.

Schedule J—Page 24

SKW-000046

Form 706 (Rev. 10-2021)

Estate of:

## SCHEDULE K—Debts of the Decedent, and Mortgages and Liens

| Item number | Debts of the Decedent—Creditor and nature of claim, and allowable death taxes | Amount unpaid to date | Amount in contest | Amount claimed as a deduction |
|---|---|---|---|---|
| 1 | | | | |

Total from continuation schedules (or additional sheets) attached to this schedule . . . . .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 14.) . . . . . . . . .

| Item number | Mortgages and Liens—Description | Amount |
|---|---|---|
| 1 | | |

Total from continuation schedules (or additional sheets) attached to this schedule . . . . .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 15.) . . . . . . . . .

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedule K are in the separate instructions.)

Schedule K—Page 25

SKW-000046

Form 706 (Rev. 10-2003)

Estate of:

## SCHEDULE L—Net Losses During Administration and Expenses Incurred in Administering Property Not Subject to Claims

| Item number | Net losses during administration (Note. Do not deduct losses claimed on a federal income tax return.) | Amount |
|---|---|---|
| 1 | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | |
| | **TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 18.)** | |

| Item number | Expenses incurred in administering property not subject to claims. (Indicate whether estimated, agreed upon, or paid.) | Amount |
|---|---|---|
| 1 | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | |
| | **TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 19.)** | |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

Schedule L—Page 26

(The instructions to Schedule L are in the separate instructions.)

SKW-000047

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE M—Bequests, etc., to Surviving Spouse

Election To Deduct Qualified Terminable Interest Property Under Section 2056(b)(7). If a trust (or other property) meets the requirements of qualified terminable interest property under section 2056(b)(7), and

a. The trust or other property is listed on Schedule M and

b. The value of the trust (or other property) is entered in whole or in part as a deduction on Schedule M,

then unless the executor specifically identifies the trust (all or a fractional portion or percentage) or other property to be excluded from the election, the executor shall be deemed to have made an election to have such trust (or other property) treated as qualified terminable interest property under section 2056(b)(7).

If less than the entire value of the trust (or other property) that the executor has included in the gross estate is entered as a deduction on Schedule M, the executor shall be considered to have made an election only as to a fraction of the trust (or other property). The numerator of this fraction is equal to the amount of the trust (or other property) deducted on Schedule M. The denominator is equal to the total value of the trust (or other property).

Election To Deduct Qualified Domestic Trust Property Under Section 2056A. If a trust meets the requirements of a qualified domestic trust under section 2056A(a) and this return is filed no later than 1 year after the time prescribed by law (including extensions) for filing the return, and

a. The entire value of a trust or trust property is listed on Schedule M and

b. The entire value of the trust or trust property is entered as a deduction on Schedule M,

then unless the executor specifically identifies the trust to be excluded from the election, the executor shall be deemed to have made an election to have the entire trust treated as qualified domestic trust property.

| | | Yes | No |
|---|---|---|---|
| 1 | Did any property pass to the surviving spouse as a result of a qualified disclaimer? | | |
| | If "Yes," attach a copy of the written disclaimer required by section 2518(b). | 1 | |
| 2a | In what country was the surviving spouse born? | | |
| b | What is the surviving spouse's date of birth? | | |
| c | Is the surviving spouse a U.S. citizen? | 2c | |
| d | If the surviving spouse is a naturalized citizen, when did the surviving spouse acquire citizenship? | | |
| e | If the surviving spouse is not a U.S. citizen, of what country is the surviving spouse a citizen? | | |
| 3 | Election Out of QTIP Treatment of Annuities. Do you elect under section 2056(b)(7)(C)(ii) not to treat as qualified terminable interest property any joint and survivor annuities that are included in the gross estate and would otherwise be treated as qualified terminable interest property under section 2056(b)(7)(C) (see instructions)? | 3 | |

| Item number | Description of property interests passing to surviving spouse. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | Amount |
|---|---|---|
| A1 | QTIP property | |
| B1 | All other property | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | |
| 4 | Total amount of property interests listed on Schedule M | 4 |
| 5a | Federal estate taxes payable out of property interests listed on Schedule M | 5a |
| b | Other death taxes payable out of property interests listed on Schedule M | 5b |
| c | Federal and state GST taxes payable out of property interests listed on Schedule M | 5c |
| d | Add items 5a, 5b, and 5c | 5d |
| 6 | Net amount of property interests listed on Schedule M (subtract 5d from 4). Also enter on Part 5—Recapitulation, page 3, at item 20 | 6 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule M—Page 27

SKW-00004B

Form 706 (Rev. 10-2005)

## Instructions for Schedule M—Bequests, etc., to Surviving Spouse (Marital Deduction)

### General

You must complete Schedule M and file it with the return if you claim a deduction on Part 5—Recapitulation, Item 20.

The marital deduction is authorized by section 2056 for certain property interests that pass from the decedent to the surviving spouse. You may claim the deduction only for property interests that are included in the decedent's gross estate (Schedules A through I).

Note. The marital deduction is generally not allowed if the surviving spouse is not a U.S. citizen. The marital deduction is allowed for property passing to such a surviving spouse in a qualified domestic trust (QDOT) or if such property is transferred or irrevocably assigned to such a trust before the estate tax return is filed. The executor must elect qualified domestic trust status on this return. See the instructions that follow, on pages 29 and 30, for details on the election.

### Property Interests That You May List on Schedule M

Generally, you may list on Schedule M all property interests that pass from the decedent to the surviving spouse and are included in the gross estate. However, you should not list any nondeductible terminable interests (described below) on Schedule M unless you are making a QTIP election. The property for which you make this election must be included on Schedule M. See Qualified terminable interest property on the following page.

For the rules on common disaster and survival for a limited period, see section 2056(b)(3).

You may list on Schedule M only those interests that the surviving spouse takes:

1. As the decedent's legatee, devisee, heir, or donee;

2. As the decedent's surviving tenant by the entirety or joint tenant;

3. As an appointee under the decedent's exercise of a power or as a taker in default at the decedent's nonexercise of a power;

4. As a beneficiary of insurance on the decedent's life;

5. As the surviving spouse taking under dower or curtesy (or similar statutory interest); and

6. As a transferee of a transfer made by the decedent at any time.

### Property Interests That You May Not List on Schedule M

You should not list on Schedule M:

1. The value of any property that does not pass from the decedent to the surviving spouse;

2. Property interests that are not included in the decedent's gross estate;

3. The full value of a property interest for which a deduction was claimed on Schedules J through L. The value of the property interest should be reduced by the deductions claimed with respect to it;

4. The full value of a property interest that passes to the surviving spouse subject to a mortgage or other encumbrance or an obligation of the surviving spouse. Include on Schedule M only the net value of the interest after reducing it by the amount of the mortgage or other debt;

5. Nondeductible terminable interests (described below); or

6. Any property interest disclaimed by the surviving spouse.

### Terminable Interests

Certain interests in property passing from a decedent to a surviving spouse are referred to as "terminable interests." These are interests that will terminate or fail after the passage of time, or on the occurrence or nonoccurrence of some contingency. Examples are life estates, annuities, estates for terms of years, and patents.

The ownership of a bond, note, or other contractual obligation, which when discharged would not have the effect of an annuity for life or for a term, is not considered a terminable interest.

Nondeductible terminable interests. A terminable interest is nondeductible. Unless you are making a QTIP election, a terminable interest should not be entered on Schedule M if:

1. Another interest in the same property passed from the decedent to some other person for less than adequate and full consideration in money or money's worth and

2. By reason of its passing, the other person or that person's heirs may enjoy part of the property after the termination of the surviving spouse's interest.

This rule applies even though the interest that passes from the decedent to a person other than the surviving spouse is not included in the gross estate, and regardless of when the interest passes. This rule also applies regardless of whether the surviving spouse's interest and the other person's interest pass from the decedent at the same time.

Property interests that are considered to pass to a person other than the surviving spouse are any property interest that: (a) passes under a decedent's will or intestacy; (b) was transferred by a decedent during life; or (c) is held by or passed on to any person as a decedent's joint tenant, as appointee under a decedent's exercise of a power, as taker in default at a decedent's release of nonexercise of a power, or as a beneficiary of insurance on the decedent's life.

For example, a decedent devised real property to his wife for life, with remainder to his children. The life interest that passed to the wife does not qualify for the marital deduction because it will terminate at her death and the children will thereafter possess or enjoy the property.

However, if the decedent purchased a joint and survivor annuity for himself and his wife who survived him, the value of the survivor's annuity, to the extent that it is included in the gross estate, qualifies for the marital deduction because

### Examples of Listing of Property Interests on Schedule M

| Item number | Description of property interests passing to surviving spouse. For securities, give CUSIP number, if known, par value, or exactly full name, or share, etc. list. | Amount |
|---|---|---|
| 1 | All other property:<br>One-half the value of a house and lot, 256 South West Street, held by decedent and surviving spouse as joint tenants with right of survivorship under deed dated July 15, 1957 (Schedule E, Part I, Item 1) | $182,500 |
| 2 | Proceeds of Gibraltar Life Insurance Company policy No. 104729, payable in one sum to surviving spouse (Schedule D, Item 3) | $200,000 |
| 3 | Cash bequest under Paragraph Six of will | 100,000 |

Schedule M—Page 28

SKW-000049

Form 706 (Rev. 10-2008)

even though the interest will terminate on the wife's death, no one else will possess or enjoy any part of the property.

The marital deduction is not allowed for an interest that the decedent directed the executor or a trustee to convert, after death, into a terminable interest for the surviving spouse. The marital deduction is not allowed for such an interest even if there was no interest in the property passing to another person and even if the terminable interest would otherwise have been deductible under the exceptions described below for life estate and life insurance and annuity payments with powers of appointment. For more information, see Regulations sections 20.2056(b)-1(f) and 20.2056(b)-1(g), Example (7).

If any property interest passing from the decedent to the surviving spouse may be paid or otherwise satisfied out of any of a group of assets, the value of the property interest is, for the entry on Schedule M, reduced by the value of any asset or assets that, if passing from the decedent to the surviving spouse, would be nondeductible terminable interests. Examples of property interests that may be paid or otherwise satisfied out of any of a group of assets are a bequest of the residue of the decedent's estate, or of a share of the residue, and a cash legacy payable out of the general estate.

Example. A decedent bequeathed $100,000 to the surviving spouse. The general estate includes a term for years (valued at $10,000 in determining the value of the gross estate) in an office building, which interest was retained by the decedent under a deed of the building by gift to a son. Accordingly, the value of the specific bequest entered on Schedule M is $90,000.

Life Estate With Power of Appointment in the Surviving Spouse. A property interest, whether or not in trust, will be treated as passing to the surviving spouse, and will not be treated as a nondeductible terminable interest if (a) the surviving spouse is entitled for life to all of the income from the entire interest or all of the income from a specific portion of it, payable annually or at more frequent intervals; (b) the surviving spouse has the power, exercisable in favor of the surviving spouse or of the estate of the surviving spouse, to appoint the entire interest; (c) the power is exercisable by the surviving spouse alone and (whether exercisable by will or during life) in all events; (d) no part of the entire interest is subject to a power in any other person to appoint any part to any person other than the surviving spouse (or the surviving spouse's legal representative or relative if the surviving spouse is disabled, See Rev. Rul. 85-35, 1985-1 C.B. 328). If these five conditions are satisfied only for a specific portion of the entire interest, see the section 2056(b) regulations to determine the amount of the marital deduction.

Life Insurance, Endowment, or Annuity Payments, With Power of Appointment in Surviving Spouse. A property interest consisting of the entire proceeds under a life insurance, endowment, or annuity contract is treated as passing from the decedent to the surviving spouse, and will not be treated as a nondeductible terminable interest if (a) the surviving spouse is entitled to receive the proceeds in installments, or is entitled to interest on them, with all amounts payable during the life of the spouse, payable only to the surviving spouse by the installment or interest payments are payable annually, or more frequently, beginning not later than 13 months after the decedent's death; (b) the surviving spouse has the power, exercisable in favor of the surviving spouse or of the estate of the surviving spouse, to appoint all amounts payable under the contract; (c) the power is exercisable by the surviving spouse alone and (whether exercisable by will or during life) is exercisable by the surviving spouse in all events; and (d) no part of the amount payable under the contract is subject to a power in

any other person to appoint any part to any person other than the surviving spouse. If these five conditions are satisfied only for a specific portion of the proceeds, see the section 2056(b) regulations to determine the amount of the marital deduction.

Charitable Remainder Trusts. An interest in a charitable remainder trust will not be treated as a nondeductible terminable interest if:

1. The interest in the trust passes from the decedent to the surviving spouse, and

2. The surviving spouse is the only beneficiary of the trust other than charitable organizations described in section 170(c).

A charitable remainder trust is either a charitable remainder annuity trust or a charitable remainder unitrust. (See section 664 for descriptions of these trusts.)

Election To Deduct Qualified Terminable Interests (QTIP)

You may elect to claim a marital deduction for qualified terminable interest property or property interests. You make the QTIP election simply by listing the qualified terminable interest property on Schedule M and deducting its value. You are presumed to have made the QTIP election if you list the property and deduct its value on Schedule M. If you make this election, the surviving spouse's gross estate will include the value of the qualified terminable interest property. See the instructions for Part 4—General Information, line 6, for more details. This election is irrevocable.

If you file a Form 706 in which you do not make this election, you may not file an amended return to make the election unless you file the amended return on or before the due date for filing the original Form 706.

The effect of the election is that the property interest will be treated as passing to the surviving spouse and will not be treated as a nondeductible terminable interest. All of the other marital deduction requirements must still be satisfied before you may make this election. For example, you may not make this election for property or property interests that are not included in the decedent's gross estate.

Qualified terminable interest property. Qualified terminable interest property is property (a) that passes from the decedent, and (b) in which the surviving spouse has a qualifying income interest for life.

The surviving spouse has a qualifying income interest for life if the surviving spouse is entitled to all of the income from the property payable annually or at more frequent intervals, or has a usufruct interest for life in the property, and during the surviving spouse's lifetime no person has a power to appoint any part of the property to any person other than the surviving spouse. An annuity is treated as an income interest regardless of whether the property from which the annuity is payable can be separately identified.

Amendments to Regulations sections 20.2044-1, 20.2056(b)-7, and 20.2056(b)-10 clarify that an interest in property is eligible for QTIP treatment if the income interest is contingent upon the executor's election even if that portion of the property for which no election is made will pass to or for the benefit of beneficiaries other than the surviving spouse.

The QTIP election may be made for all or any part of qualified terminable interest property. A partial election must relate to a fractional or percentage share of the property so that the elective part will reflect its proportionate share of the increase or decline in the whole of the property when applying sections 2044 or 2519. Thus, if the interest of the surviving spouse in a trust (or other property) in which the spouse has a qualified life estate) is qualified terminable

Schedule M—Page 29

SKW-000050

Form 706 (Rev. 10-2005)

Interest property, you may make an election for a part of the trust (or other property) only if the election relates to a defined fraction or percentage of the entire trust (or other property). The fraction or percentage may be defined by means of a formula.

**Qualified Domestic Trust Election (QDOT)**

The marital deduction is allowed for transfers to a surviving spouse who is not a U.S. citizen only if the property passes to the surviving spouse in a qualified domestic trust (QDOT) or if such property is transferred or irrevocably assigned to a QDOT before the decedent's estate tax return is filed.

A QDOT is any trust:

1. That requires at least one trustee to be either an individual who is a citizen of the United States or a domestic corporation.

2. That requires that no distribution of corpus from the trust can be made unless such a trustee has the right to withhold from the distribution the tax imposed on the QDOT;

3. That meets the requirements of any applicable regulations; and

4. For which the executor has made an election on the estate tax return of the decedent.

Note. For trusts created by an instrument executed before November 5, 1990, paragraphs 1 and 2 above will be treated as met if the trust instrument requires that all trustees be individuals who are citizens of the United States or domestic corporations.

You make the QDOT election simply by listing the qualified domestic trust or the entire value of the trust property on Schedule M and deducting its value. You are presumed to have made the QDOT election if you list the trust or trust property and deduct its value on Schedule M. Once made, the election is irrevocable.

If an election is made to deduct qualified domestic trust property under section 2056A(d), provide the following information for each qualified domestic trust on an attachment to this schedule:

1. The name and address of every trustee;

2. A description of each transfer passing from the decedent that is the source of the property to be placed in trust; and

3. The employer identification number (EIN) for the trust.

The election must be made for an entire QDOT trust. In listing a trust for which you are making a QDOT election, unless you specifically identify the trust as not subject to the election, the election will be considered made for the entire trust.

The determination of whether a trust qualifies as a QDOT will be made as of the date the decedent's Form 706 is filed. If, however, judicial proceedings are brought before the Form 706's due date (including extensions) to have the trust revised to meet the QDOT requirements, then the determination will not be made until the court-ordered changes to the trust are made.

**Line 1**

If property passes to the surviving spouse as the result of a qualified disclaimer, check "Yes" and attach a copy of the written disclaimer required by section 2518(b).

**Line 3**

Section 2056(b)(7) creates an automatic QTIP election for certain joint and survivor annuities that are includible in the estate under section 2039. To qualify, only the surviving spouse can have the right to receive payments before the death of the surviving spouse.

Schedule M—Page 30

The executor can elect out of QTIP treatment, however, by checking the "Yes" box on line 3. Once made, the election is irrevocable. If there is more than one such joint and survivor annuity, you are not required to make the election for all of them.

If you make the election out of QTIP treatment by checking "Yes" on line 3, you cannot deduct the amount of the annuity on Schedule M. If you do not make the election out, you must list the joint and survivor annuities on Schedule M.

**Listing Property Interests on Schedule M**

List each property interest included in the gross estate that passes from the decedent to the surviving spouse and for which a marital deduction is claimed. This includes otherwise nondeductible terminable interest property for which you are making a QTIP election. Number each item in sequence and describe each item in detail. Describe the instrument (including any clause or paragraph number) or provision of law under which each item passed to the surviving spouse, if possible, show where each item appears (number and schedule) on Schedules A through I.

In listing otherwise nondeductible property for which you are making a QTIP election, unless you specifically identify a fractional portion of the trust or other property as not subject to the election, the election will be considered made for all of the trust or other property.

Enter the value of each interest before taking into account the federal estate tax or any other death tax. The valuation dates used in determining the value of the gross estate apply also on Schedule M.

If Schedule M includes a bequest of the residue or a part of the residue of the decedent's estate, attach a copy of the computation showing how the value of the residue was determined. Include a statement showing:

● The value of all property that is included in the decedent's gross estate (Schedules A through I) but is not a part of the decedent's probate estate, such as lifetime transfers, jointly owned property that passed to the survivor on decedent's death, and the insurance payable to specific beneficiaries;

● The values of all specific and general legacies or devises, with reference to the applicable clause or paragraph of the decedent's will or codicil. (If legacies are made to each member of a class, for example, $1,000 to each of decedent's employees, only the number in each class and the total value of property received by them need be furnished);

● The date of birth of all persons, the length of whose lives may affect the value of the residuary interest passing to the surviving spouse; and

● Any other important information such as that relating to any claim to any part of the estate not arising under the will.

Lines 5a, 5b, and 5c. The total of the values listed on Schedule M must be reduced by the amount of the federal estate tax, the federal GST tax, and the amount of state or other death and GST taxes paid out of the property interest involved. If you enter an amount for state or other death or GST taxes on lines 5b or 5c, identify the taxes and attach your computation of them.

Attachments. If you list property interests passing by the decedent's will on Schedule M, attach a certified copy of the order admitting the will to probate. If, when you file the return, the court of probate jurisdiction has entered any decree interpreting the will or any of its provisions affecting any of the interests listed on Schedule M, or has entered any order of distribution, attach a copy of the decree or order. In addition, the IRS may request other evidence to support the marital deduction claimed.

SKW-000051

Form 706 (Rev. 10-88)

Estate of:

## SCHEDULE O—Charitable, Public, and Similar Gifts and Bequests

| | | | Yes | No |
|---|---|---|---|---|
| 1a | If the transfer was made by will, has any action been instituted to have interpreted or to contest the will or any of its provisions affecting the charitable deduction claimed in this schedule? . . . . . . . . . If "Yes," full details must be submitted with this schedule. | | | |
| b | According to the information and belief of the person or persons filing this return, is any such action planned? If "Yes," full details must be submitted with this schedule. | | | |
| 2 | Did any property pass to charity as the result of a qualified disclaimer? . . . . . . . . . . If "Yes," attach a copy of the written disclaimer required by section 2518(b). | | | |

| Item number | Name and address of beneficiary | Character of institution | Amount |
|---|---|---|---|
| 1 | | | |
| | | | |
| | | | |

Total from continuation schedules (or additional sheets) attached to this schedule . . . . . . .

| | | | | |
|---|---|---|---|---|
| 3 | Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 3 |
| 4a | Federal estate tax payable out of property interests listed above | 4a | | |
| b | Other death taxes payable out of property interests listed above . . . | 4b | | |
| c | Federal and state GST taxes payable out of property interests listed above | 4c | | |
| d | Add items 4a, 4b, and 4c . . . . . . . . . . . . . . . . . . . | | | 4d |
| 5 | Net value of property interests listed above (subtract 4d from 3). Also enter on Part 5—Recapitulation, page 3, at item 21 . . . . . . . . . . . . . . . . . . . . . . . . . | | | 5 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedule O are in the separate instructions.)

Schedule O—Page 31

SKW-000052

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE P—Credit for Foreign Death Taxes

List all foreign countries to which death taxes have been paid and for which a credit is claimed on this return.

If a credit is claimed for death taxes paid to more than one foreign country, compute the credit for taxes paid to one country on this sheet and attach a separate copy of Schedule P for each of the other countries.

The credit computed on this sheet is for the ........................................................
(Name of death tax or taxes)

............................................ imposed in ........................................................
(Name of country)

Credit is computed under the ........................................................
(Insert title of treaty or "statute")

Citizenship (nationality) of decedent at time of death ........................................................

(All amounts and values must be entered in United States money.)

| | |
|---|---|
| 1 Total of estate, inheritance, legacy, and succession taxes imposed in the country named above attributable to property situated in that country, subjected to these taxes, and included in the gross estate (as defined by statute) | 1 |
| 2 Value of the gross estate (adjusted, if necessary, according to the instructions for item 2) | 2 |
| 3 Value of property situated in that country, subjected to death taxes imposed in that country, and included in the gross estate (adjusted, if necessary, according to the instructions for item 3) | 3 |
| 4 Tax imposed by section 2001 reduced by the total credits claimed under sections 2010 and 2012 (see instructions) | 4 |
| 5 Amount of federal estate tax attributable to property specified at item 3. Divide item 3 by item 2 and multiply the result by item 4) | 5 |
| 6 Credit for death taxes imposed in the country named above (the smaller of item 1 or item 6). Also enter on line 13 of Part 2—Tax Computation | 6 |

## SCHEDULE Q—Credit for Tax on Prior Transfers

### Part 1. Transferor Information

| | Name of transferor | Social security number | IRS office where estate tax return was filed | Date of death |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| C | | | | |

Check here ▶ ☐ if section 2013(f) (special valuation of farm, etc., real property) adjustments to the computation of the credit were made (see page 21 of the instructions).

### Part 2. Computation of Credit (see instructions beginning on page 21)

| Item | Transferee | | | Total A, B, & C |
|---|---|---|---|---|
| | A | B | C | |
| 1 Transferee's tax as apportioned (from Worksheet, (line 7 ÷ line 8) × line 35 for each column) | | | | |
| 2 Transferor's tax (from each column of Worksheet, line 20) | | | | |
| 3 Maximum amount before percentage requirement (for each column, enter amount from line 1 or 2, whichever is smaller) | | | | |
| 4 Percentage allowed (each column) (see instructions) | % | % | % | |
| 5 Credit allowable (line 3 × line 4 for each column) | | | | |
| 6 TOTAL credit allowable (add columns A, B, and C) of line 5. Enter here and on line 14 of Part 2—Tax Computation | | | | |

Schedules P and Q—Page 32                    (The instructions to Schedules P and Q are in the separate instructions.)

SKW-000053

Form 706 (Rev. 10/08)

## SCHEDULE R—Generation-Skipping Transfer Tax

Note. To avoid application of the deemed allocation rules, Form 706 and Schedule R should be filed to allocate the GST exemption to trusts that may later have taxable terminations or distributions under section 2612 even if the form is not required to be filed to report estate or GST tax.

The GST tax is imposed on taxable transfers of interests in property located outside the United States as well as property located inside the United States. (see instructions beginning on page 28)

### Part 1. GST Exemption Reconciliation (Section 2631) and Section 2652(a)(3) (Special QTIP) Election

You no longer need to check a box to make a section 2652(a)(3) (special QTIP) election. If you list qualifying property in Part 1, line 9 below, you will be considered to have made this election. See page 26 of the separate instructions for details.

| | | |
|---|---|---|
| 1 Maximum allowable GST exemption | | 1 |
| 2 Total GST exemption allocated by the decedent against decedent's lifetime transfers | | 2 |
| 3 Total GST exemption allocated by the executor, using Form 706, against decedent's lifetime transfers | | 3 |
| 4 GST exemption allocated on line 6 of Schedule R, Part 2 | | 4 |
| 5 GST exemption allocated on line 6 of Schedule R, Part 3 | | 5 |
| 6 Total GST exemption allocated on line 4 of Schedule(s) R-1 | | 6 |
| 7 Total GST exemption allocated to inter vivos transfers and direct skips (add lines 2–6) | | 7 |
| 8 GST exemption available to allocate to trusts and section 2032A interests (subtract line 7 from line 1) | | 8 |

9 Allocation of GST exemption to trusts (as defined for GST tax purposes)

| A Name of trust | B Trust's EIN (if any) | C GST exemption allocated on lines 2–6, above (see instructions) | D Additional GST exemption allocated (see instructions) | E Trust's inclusion ratio (optional—see instructions) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

9D Total. May not exceed line 8, above ... 9D

10 GST exemption available to allocate to section 2032A interests received by individual beneficiaries (subtract line 9D from line 8). You must attach special-use allocation schedule (see instructions). 10

(The instructions to Schedule R are in the separate instructions.)

Schedule R—Page 33

SKW-000054

Form 706 (Rev. 10-2004)

Estate of:

## Part 2. Direct Skips Where the Property Interests Transferred Bear the GST Tax on the Direct Skips

| Name of skip person | Description of property interest transferred | Estate tax value |
|---|---|---|
| | | |

| | | |
|---|---|---|
| 1 Total estate tax values of all property interests listed above | 1 | |
| 2 Estate taxes, state death taxes, and other charges borne by the property interests listed above | 2 | |
| 3 GST taxes borne by the property interests listed above but imposed on direct skips other than those shown on this Part 2 (see instructions) | 3 | |
| 4 Total fixed taxes and other charges (add lines 2 and 3) | 4 | |
| 5 Total tentative maximum direct skips (subtract line 4 from line 1) | 5 | |
| 6 GST exemption allocated | 6 | |
| 7 Subtract line 6 from line 5 | 7 | |
| 8 GST tax due (divide line 7 by 3.176819) | 8 | |
| 9 Enter the amount from line 8 of Schedule R, Part 2 | 9 | |
| 10 Total GST taxes payable by the estate (add lines 8 and 9). Enter here and on line 17 of Part 2—Tax Computation, on page 1. | 10 | |

Schedule R—Page 34

SKW-000055

Form 706 (Rev. 10-2008)

Estate of:

## Part 3. Direct Skips Where the Property Interests Transferred Do Not Bear the GST Tax on the Direct Skips

| Name of skip person | Description of property interest transferred | Estate tax value |
|---|---|---|
| | | |

| | | | |
|---|---|---|---|
| 1 | Total estate tax values of all property interests listed above . . . . . . . . . . . . . | 1 | |
| 2 | Estate taxes, state death taxes, and other charges borne by the property interests listed above | 2 | |
| 3 | GST taxes borne by the property interests listed above but imposed on direct skips other than those shown on this Part 3 (see instructions) . . . . . . . . . . . . . . | 3 | |
| 4 | Total fixed taxes and other charges (add lines 2 and 3) . . . . . . . . . . . . | 4 | |
| 5 | Total tentative maximum direct skips (subtract line 4 from line 1) . . . . . . . . . | 5 | |
| 6 | GST exemption allocated . . . . . . . . . . . . . . . . . . . . . | 6 | |
| 7 | Subtract line 6 from line 5 . . . . . . . . . . . . . . . . . . . . . | 7 | |
| 8 | GST tax due (multiply line 7 by .46). Enter here and on Schedule R, Part 2, line 9 . . . | 8 | |

Schedule R—Page 25

SKW-000058

| SCHEDULE R-1 (Form 706) (Rev. October 2008) Department of the Treasury Internal Revenue Service | Generation-Skipping Transfer Tax<br>Direct Skips From a Trust<br>Payment Voucher | OMB No. 1545-0015 |
|---|---|---|

Executor: File one copy with Form 706 and send two copies to the fiduciary. Do not pay the tax shown. See the separate instructions.
Fiduciary: See instructions on the following page. Pay the tax shown on line 6.

| Name of trust | | Trust's EIN |
|---|---|---|
| Name and title of fiduciary | Name of decedent | |
| Address of fiduciary (number and street) | Decedent's SSN | Service Center where Form 706 was filed |
| City, state, and ZIP code | Name of executor | |
| Address of executor (number and street) | City, state, and ZIP code | |
| Date of decedent's death | Filing due date of Schedule R, Form 706 (with extensions) | |

### Part 1. Computation of the GST Tax on the Direct Skip

| Description of property interests subject to the direct skip | Estate tax value |
|---|---|
| | |

| | | |
|---|---|---|
| 1 Total estate tax value of all property interests listed above | 1 | |
| 2 Estate taxes, state death taxes, and other charges borne by the property interests listed above | 2 | 0 |
| 3 Tentative maximum direct skip from trust (subtract line 2 from line 1) | 3 | |
| 4 GST exemption allocated | 4 | |
| 5 Subtract line 4 from line 3 | 5 | |
| 6 GST tax due from fiduciary (divide line 5 by 3.7368738). (See instructions if property will not bear the GST tax) | 6 | |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature of executor(s) _____ Date _____

_____ Date _____

Signature of fiduciary or officer representing fiduciary _____ Date _____

Schedule R-1—Page 50

SKW-000057

Form 706 (Rev. 10-2008)

## Instructions for the Trustee

**Introduction**
Schedule R-1 (Form 706) serves as a payment voucher for the Generation-Skipping Transfer (GST) tax imposed on a direct skip from a trust, which you, the trustee of the trust, must pay. The executor completes the Schedule R-1 (Form 706) and gives you 2 copies. File one copy and keep one for your records.

**How to pay**
You can pay by check or money order.
● Make it payable to the "United States Treasury."
● Make the check or money order for the amount on line 6 of Schedule R-1.
● Write "GST Tax" and the trust's EIN on the check or money order.

**Signature**
You must sign the Schedule R-1 in the space provided.

**What to mail**
Mail your check or money order and the copy of Schedule R-1 that you signed.

**Where to mail**
Mail to the Service Center shown on Schedule R-1.

**When to pay**
The GST tax is due and payable 9 months after the decedent's date of death (shown on the Schedule R-1). You will owe interest on any GST tax not paid by that date.

**Automatic extension**
You have an automatic extension of time to file Schedule R-1 and pay the GST tax. The automatic extension allows you to file and pay by 2 months after the due date (with extensions) for filing the decedent's Schedule R (shown on the Schedule R-1).

If you pay the GST tax under the automatic extension, you will be charged interest (but no penalties).

**Additional information**
For more information, see section 2603(a)(2) and the instructions for Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return.

Schedule R-1—Page 37

SKW-000058

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE U—Qualified Conservation Easement Exclusion

### Part 1. Election

Note. The executor is deemed to have made the election under section 2031(c)(6) if he or she files Schedule U and excludes any qualifying conservation easements from the gross estate.

### Part 2. General Qualifications

1 Describe the land subject to the qualified conservation easement (see separate instructions).

2 Did the decedent or a member of the decedent's family own the land described above during the 3-year period ending on the date of the decedent's death? . . . . . . . . . . . . . . . . . □ Yes □ No

3 Describe the conservation easement with regard to which the exclusion is being claimed (see separate instructions).

### Part 3. Computation of Exclusion

| | | |
|---|---|---|
| 4 | Estate tax value of the land subject to the qualified conservation easement (see separate instructions). | 4 |
| 5 | Date of death value of any easements granted prior to decedent's death and included on line 10 below (see instructions) | 5 |
| 6 | Add lines 4 and 5. | 6 |
| 7 | Value of retained development rights on the land (see instructions) | 7 |
| 8 | Subtract line 7 from line 6. | 8 |
| 9 | Multiply line 8 by 30% (.30) | 9 |
| 10 | Value of qualified conservation easement for which the exclusion is being claimed (see instructions). Note. If line 10 is less than line 9, continue with line 11. If line 10 is equal to or more than line 9, skip lines 11 through 18, enter ".40" on line 14, and complete the schedule. | 10 |
| 11 | Divide line 10 by line 8. Figure to 3 decimal places (for example, ".123") Note. If line 11 is equal to or less than .100, stop here the estate does not qualify for the conservation easement exclusion. | 11 |
| 12 | Subtract line 11 from .300. Enter the answer in hundredths by rounding any thousandths up to the next higher hundredth (that is, .030 = .03) (.031 = .04). | 12 |
| 13 | Multiply line 12 by 2. | 13 |
| 14 | Subtract line 13 from .40 | 14 |
| 15 | Deduction under section 2055(f) for the conservation easement (see separate instructions). | 15 |
| 16 | Amount of indebtedness on the land (see separate instructions). | 16 |
| 17 | Total reductions in value (add lines 7, 15, and 16). | 17 |
| 18 | Net value of land (subtract line 17 from line 4) | 18 |
| 19 | Multiply line 18 by line 14 | 19 |
| 20 | Enter the smaller of line 19 or the exclusion limitation (see instructions). Also enter this amount on item 11, Part 5—Recapitulation, page 3 | 20 |

Schedule U—Page 38

SKW-000069

Form 706 (Rev 10-2021)                    Make copies of this schedule before completing it if you will need more than one schedule.

Estate of:

# CONTINUATION SCHEDULE

Continuation of Schedule ___
(Enter letter of schedule you are continuing.)

| Item number | Description For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN. | Unit value (Sch. B, E, or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| | | | | | |

TOTAL (Carry forward to main schedule)  . . . . . . . . . . . .

See the instructions on the reverse side.

Continuation Schedule—Page 30

SKW-000060

Form 100 (Rev. 10-2009)

## Instructions for Continuation Schedule

When you need to list more assets or deductions than you have room for on one of the main schedules, use the Continuation Schedule on page 39. It provides a uniform format for listing additional assets from Schedules A through I and additional deductions from Schedules J, K, L, M, and O.

Please keep the following points in mind:
• Use a separate Continuation Schedule for each main schedule you are continuing. Do not combine assets or deductions from different schedules on one Continuation Schedule.
• Make copies of the blank schedule before completing it if you expect to need more than one.
• Use as many Continuation Schedules as needed to list all the assets or deductions.
• Enter the letter of the schedule you are continuing in the space at the top of the Continuation Schedule.
• Use the *Unit value* column only if continuing Schedule B, E, or G. For all other schedules, use this space to continue the description.
• Carry the total from the Continuation Schedule forward to the appropriate line on the main schedule.

| If continuing | Report | Where on Continuation Schedule |
|---|---|---|
| Schedule E, Pt. 2 | Percentage includible | Alternate valuation date |
| Schedule K | Amount unpaid to date | Alternate valuation date |
| Schedule K | Amount in contest | Alternate value |
| Schedules J, L, M | Description of deduction continuation | Alternate valuation date and Alternate value |
| Schedule O | Character of institution | Alternate valuation date and Alternate value |
| Schedule O | Amount of each deduction | Amount deductible |

Continuation Schedule—Page 40

SKW-000061

Form 706 (Rev. 10-2006)

Estate of: Oleg Cassini 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

## SCHEDULE J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

Note. Do not list on this schedule expenses of administering property not subject to claims. For those expenses, see the instructions for Schedule L.

If executors' commissions, attorney fees, etc., are claimed and allowed as a deduction for estate tax purposes, they are not allowable as a deduction in computing the taxable income of the estate for federal income tax purposes. They are allowable as an income tax deduction on Form 1041 if a waiver is filed to waive the deduction on Form 706 (see the Form 1041 instructions).

| Item number | Description | Expense amount | Total amount |
|---|---|---|---|
| | A. Funeral expenses: | | |
| 1 | Frank Campbell | | 29,411 |
| 2 | Catholic Cemeteries | | 9,345 |
| 3 | Cash Choir & Prayer Masses | | 3,000 |
| | Total funeral expenses . . . . . . . . . . . ▶ | | 41,756 |
| | B. Administration expenses: | | |
| | 1 Executors' commissions—amount estimated/agreed upon/paid. (Strike out the words that do not apply.) | | |
| | 2 Attorney fees—amount estimated/agreed upon/paid. (Strike out the words that do not apply.) | | 103,652 |
| | 3 Accountant fees—amount estimated/agreed upon/paid. (Strike out the words that do not apply.) | | |

| | | Expense amount | |
|---|---|---|---|
| | 4 Miscellaneous expenses: | | |
| | Appraisals | | 7,300 |
| | Total miscellaneous expenses from continuation schedule (or additional sheets) attached to this schedule . . . . . . . . . . . ▶ | | |
| | Total miscellaneous expenses . . . . . . . . . . . ▶ | | |

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 13.) . . . . . . ▶ | | | 152,708 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule J—Page 23

Form 706 (Rev. 10-2009)

## Instructions for Schedule J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

**General.** You must complete and file Schedule J if you claim a deduction on item 13 of Part 5—Recapitulation.

On Schedule J, itemize funeral expenses and expenses incurred in administering property subject to claims. List the names and addresses of persons to whom the expenses are payable and describe the nature of the expense. Do not list expenses incurred in administering property not subject to claims on this schedule. List them on Schedule L instead.

The deduction is limited to the amount paid for these expenses that is allowable under local law but may not exceed:

1. The value of property subject to claims included in the gross estate, plus

2. The amount paid out of property included in the gross estate but not subject to claims. This amount actually be paid by the due date of the estate tax return.

The applicable local law under which the estate is being administered determines which property is and is not subject to claims. If under local law a particular property interest included in the gross estate would bear the burden for the payment of the expenses, then the property is considered property subject to claims.

Unlike certain claims against the estate for debts of the decedent (see the instructions for Schedule K in the separate instructions), you cannot deduct expenses incurred in administering property subject to claims on both the estate tax return and the estate's income tax return. If you choose to deduct them on the estate tax return, you cannot deduct them on a Form 1041 filed for the estate. Funeral expenses are only deductible on the estate tax return.

**Funeral expenses.** Itemize funeral expenses on line A. Deduct from the expenses any amounts that were reimbursed, such as death benefits payable by the Social Security Administration and the Veterans Administration.

**Executors' commissions.** When you file the return, you may deduct commissions that have actually been paid to you or that you expect will be paid. You may not deduct commissions if none will be collected. If the amount of the commissions has not been fixed by decree of the proper court, the deduction will be allowed on the final examination of the return, provided that

● The Estate and Gift Tax Territory Manager is reasonably satisfied that the commissions claimed will be paid;

● The amount entered as a deduction is within the amount allowable by the laws of the jurisdiction where the estate is being administered; and

● It is in accordance with the usually accepted practice in that jurisdiction for estates of similar size and character.

If you have not been paid the commissions claimed at the time of the final examination of the return, you must

support the amount you deducted with an affidavit or statement signed under the penalties of perjury that the amount has been agreed upon and will be paid.

You may not deduct a bequest or devise made to you instead of commissions. If, however, the decedent fixed by will the compensation payable to you for services to be rendered in the administration of the estate, you may deduct this amount to the extent it is not more than the compensation allowable by the local law or practice.

Do not deduct on this schedule amounts paid as trustees' commissions whether received by you acting in the capacity of a trustee or by a separate trustee. If such amounts were paid in administering property not subject to claims, deduct them on Schedule L.

**Note.** Executors' commissions are taxable income to the executors. Therefore, be sure to include them as income on your individual income tax return.

**Attorney fees.** Enter the amount of attorney fees that have actually been paid or that you reasonably expect to be paid. If on the final examination of the return, the fees claimed have not been awarded by the proper court and paid, the deduction will be allowed provided the Estate and Gift Tax Territory Manager is reasonably satisfied that the amount claimed will be paid and it does not exceed a reasonable payment for the services performed, taking into account the size and character of the estate and the local law and practice. If the fees claimed have not been paid at the time of final examination of the return, the amount deducted must be supported by an affidavit, or statement signed under the penalties of perjury, by the executor or the attorney stating that the amount has been agreed upon and will be paid.

Do not deduct attorney fees incidental to litigation incurred by the beneficiaries. These expenses are charged against the beneficiaries personally and are not administration expenses authorized by the Code.

**Interest expense.** Interest expenses incurred after the decedent's death are generally allowed as a deduction if they are reasonable, necessary to the administration of the estate, and allowable under local law.

Interest incurred as the result of a federal estate tax deficiency is a deductible administrative expense. Penalties are not deductible even if they are allowable under local law.

**Note.** If you elect to pay the tax in installments under section 6166, you may not deduct the interest payable on the installments.

**Miscellaneous expenses.** Miscellaneous administration expenses necessarily incurred in preserving and distributing the estate are deductible. These expenses include appraiser's and accountant's fees, certain court costs, and costs of storing or maintaining assets of the estate.

The expenses of selling assets are deductible only if the sale is necessary to pay the decedent's debts, the expenses of administration, or taxes, or to preserve the estate or carry out distribution.

Schedule J—Page 24

Form 706 (Rev. 10-2006)

Estate of:

## SCHEDULE K—Debts of the Decedent, and Mortgages and Liens

| Item number | Debts of the Decedent—Creditor and nature of claim, and allowable death taxes | Amount unpaid to date | Amount in contest | Amount claimed as a deduction |
|---|---|---|---|---|
| 1 | | | | |

Total from continuation schedules (or additional sheets) attached to this schedule . . . . .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 14.) . . . . .

| Item number | Mortgages and Liens—Description | Amount |
|---|---|---|
| 1 | | |

Total from continuation schedules (or additional sheets) attached to this schedule . . . . .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 15.) . . . . .

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(The instructions to Schedule K are in the separate instructions.)

Schedule K—Page 25

Form 706 (Rev. 10-2000)

Estate of:

## SCHEDULE L.—Net Losses During Administration and Expenses Incurred in Administering Property Not Subject to Claims

| Item number | Net losses during administration (Note. Do not deduct losses claimed on a federal income tax return.) | Amount |
|---|---|---|
| 1 | | |

Total from continuation schedule's (or additional sheets) attached to this schedule . . . . . . . .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 18.) . . . . . . . . . .

| Item number | Expenses incurred in administering property not subject to claims. (Indicate whether estimated, agreed upon, or paid.) | Amount |
|---|---|---|
| 1 | | |

Total from continuation schedules (or additional sheets) attached to this schedule . . . . . . .

TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 19.) . . . . . . . . . .

(If more space is needed, attach the continuation schedule from the end of the package or additional sheets of the same size.)

Schedule L.—Page 28                                    (The instructions to Schedule L are in the separate instructions.)

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE M—Bequests, etc., to Surviving Spouse

**Election To Deduct Qualified Terminable Interest Property Under Section 2056(b)(7).** If a trust (or other property) meets the requirements of qualified terminable interest property under section 2056(b)(7), and

a. The trust or other property is listed on Schedule M and

b. The value of the trust (or other property) is entered in whole or in part as a deduction on Schedule M,

then unless the executor specifically identifies the trust (all or a fractional portion or percentage) or other property to be excluded from the election, the executor shall be deemed to have made an election to have such trust (or other property) treated as qualified terminable interest property under section 2056(b)(7).

If less than the entire value of the trust (or other property) that the executor has included in the gross estate is entered as a deduction on Schedule M, the executor shall be considered to have made an election only as to a fraction of the trust (or other property). The numerator of this fraction is equal to the amount of the trust (or other property) deducted on Schedule M. The denominator is equal to the total value of the trust (or other property).

**Election To Deduct Qualified Domestic Trust Property Under Section 2056A.** If a trust meets the requirements of a qualified domestic trust under section 2056A(a) and this return is filed no later than 1 year after the time prescribed by law (including extensions) for filing the return, and

a. The entire value of a trust or trust property is listed on Schedule M and

b. The entire value of the trust or trust property is entered as a deduction on Schedule M,

then unless the executor specifically identifies the trust to be excluded from the election, the executor shall be deemed to have made an election to have the entire trust treated as qualified domestic trust property.

| | | | Yes | No |
|---|---|---|---|---|
| 1 | Did any property pass to the surviving spouse as a result of a qualified disclaimer? . . . . . . . . | 1 | | |
| | If "Yes," attach a copy of the written disclaimer required by section 2518(b). | | | |
| 2a | In what country was the surviving spouse born? _____ | | | |
| b | What is the surviving spouse's date of birth? _____ | | | |
| c | Is the surviving spouse a U.S. citizen? _____ | 2c | | |
| d | If the surviving spouse is a naturalized citizen, when did the surviving spouse acquire citizenship? _____ | | | |
| e | If the surviving spouse is not a U.S. citizen, of what country is the surviving spouse a citizen? _____ | | | |
| 3 | Election Out of QTIP Treatment of Annuities. Do you elect under section 2056(b)(7)(C)(ii) not to treat as qualified terminable interest property any joint and survivor annuities that are included in the gross estate and would otherwise be treated as qualified terminable interest property under section 2056(b)(7)(C)? (see instructions) . . . . . | 3 | | |

| Item number | Description of property interests passing to surviving spouse. For securities, give CUSIP number; if trust, partnership, or closely held entity, give EIN | Amount |
|---|---|---|
| A1 | QTIP property: | |
| B1 | All other property: | |
| | Total from continuation schedules (or additional sheets) attached to this schedule . . | | |
| 4 | Total amount of property interests listed on Schedule M . . . . . . . . . . | 4 | |
| 5a | Federal estate taxes payable out of property interests listed on Schedule M . . | 5a | |
| b | Other death taxes payable out of property interests listed on Schedule M . . | 5b | |
| c | Federal and state GST taxes payable out of property interests listed on Schedule M . . . . . . . . . . . . . . . . . . | 5c | |
| d | Add items 5a, 5b, and 5c . . . . . . . . . . . . . . . . | 5d | |
| 6 | Net amount of property interests listed on Schedule M (subtract 5d from 4). Also enter on Part 5—Recapitulation, page 3, at item 20 . . . . . . . . . . . . | 6 | |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Schedule M—Page 27

Form 706 (Rev. 10-2008)

## Instructions for Schedule M—Bequests, etc., to Surviving Spouse (Marital Deduction)

### General

You must complete Schedule M and file it with the return if you claim a deduction on Part 5—Recapitulation, item 20.

The marital deduction is authorized by section 2056 for certain property interests that pass from the decedent to the surviving spouse. You may claim the deduction only for property interests that are included in the decedent's gross estate (Schedules A through I).

**Note.** The marital deduction is generally not allowed if the surviving spouse is not a U.S. citizen. The marital deduction is allowed for property passing to such a surviving spouse in a *qualified domestic trust (QDOT)* or if such property is transferred or irrevocably assigned to such a trust before the estate tax return is filed. The executor must elect qualified domestic trust status on this return. See the instructions that follow, on pages 29 and 30, for details on the election.

### Property Interests That You May List on Schedule M

Generally, you may list on Schedule M all property interests that pass from the decedent to the surviving spouse and are included in the gross estate. However, you should not list any *nondeductible terminable interests* (described below) on Schedule M unless you are making a QTIP election. The property for which you make this election must be included on Schedule M. See *Qualified terminable interest property* on the following page.

For the rules on common disaster and survival for a limited period, see section 2056(b)(3).

You may list on Schedule M only those interests that the surviving spouse takes:

1. As the decedent's legatee, devisee, heir, or donee;

2. As the decedent's surviving tenant by the entirety or joint tenant;

3. As an appointee under the decedent's exercise of a power or as a taker in default at the decedent's nonexercise of a power;

4. As a beneficiary of insurance on the decedent's life;

5. As the surviving spouse taking under dower or curtesy (or similar statutory interest); and

6. As a transferee of a transfer made by the decedent at any time.

### Property Interests That You May Not List on Schedule M

You should not list on Schedule M:

1. The value of any property that does not pass from the decedent to the surviving spouse;

2. Property interests that are not included in the decedent's gross estate;

3. The full value of a property interest for which a deduction was claimed on Schedules J through L. The value of the property interest should be reduced by the deductions claimed with respect to it;

4. The full value of a property interest that passes to the surviving spouse subject to a mortgage or other encumbrance or an obligation of the surviving spouse. Include on Schedule M only the net value of the interest after reducing it by the amount of the mortgage or other debt;

5. Nondeductible terminable interests (described below); or

6. Any property interest disclaimed by the surviving spouse.

### Terminable Interests

Certain interests in property passing from a decedent to a surviving spouse are referred to as "terminable interests." These are interests that will terminate or fail after the passage of time, or on the occurrence or nonoccurrence of some contingency. Examples are: life estates, annuities, estates for terms of years, and patents.

The ownership of a bond, note, or other contractual obligation, which when discharged would not have the effect of an annuity for life or for a term, is not considered a terminable interest.

Nondeductible terminable interests. A terminable interest is nondeductible. Unless you are making a QTIP election, a terminable interest should not be entered on Schedule M if:

1. Another interest in the same property passed from the decedent to some other person for less than adequate and full consideration in money or money's worth; and

2. By reason of its passing, the other person or that person's heirs may enjoy part of the property after the termination of the surviving spouse's interest.

This rule applies even though the interest that passes from the decedent to a person other than the surviving spouse is not included in the gross estate, and regardless of when the interest passes. The rule also applies regardless of whether the surviving spouse's interest and the other person's interest pass from the decedent at the same time.

Property interests that are considered to pass to a person other than the surviving spouse are any property interest that (a) passes under a decedent's will or intestacy; (b) was transferred by a decedent during life; or (c) is held by or passed on to any person as a decedent's joint tenant, as appointee under a decedent's exercise of a power, as taker in default at a decedent's release or nonexercise of a power, or as a beneficiary of insurance on the decedent's life.

For example, a decedent devised real property to his wife for life, with remainder to his children. The life interest that passed to the wife does not qualify for the marital deduction because it will terminate at her death and the children will thereafter possess or enjoy the property.

However, if the decedent purchased a joint and survivor annuity for himself and his wife who survived him, the value of the survivor's annuity, to the extent that it is included in the gross estate, qualifies for the marital deduction because

### Examples of Listing of Property Interests on Schedule M

| Item number | Description of property interests passing to surviving spouse. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN. | Amount |
|---|---|---|
| | **All other property:** | |
| B1 | One-half the value of a house and lot, 256 South West Street, held by decedent and surviving spouse as joint tenants with right of survivorship under deed dated July 15, 1957 (Schedule E, Part I, item 1) . . . . . . . . . . . . | $132,500 |
| 2 | Proceeds of Gibraltar Life Insurance Company policy No. 104729, payable in one sum to surviving spouse (Schedule D, item 3) . . . . . . . . . . . . . . . . . . . . . . . . | 200,000 |
| 3 | Cash bequest under Paragraph Six of will . . . . . . . . . . . . . . . . . . . . . . . . | 100,000 |

Schedule M—Page 28

Form 706 (Rev. 10-2008)

even though the interest will terminate on the wife's death, no one else will possess or enjoy any part of the property.

The marital deduction is not allowed for an interest that the decedent directed the executor or a trustee to convert, after death, into a terminable interest for the surviving spouse. The marital deduction is not allowed for such an interest even if there was no interest in the property passing to another person and even if the terminable interest would otherwise have been deductible under the exceptions described below for life estate and life insurance and annuity payments with powers of appointment. For more information, see Regulations sections 20.2056(b)-1(f) and 20.2056(b)-1(g), Example (7).

If any property interest passing from the decedent to the surviving spouse may be paid or otherwise satisfied out of any of a group of assets, the value of the property interest is, for the entry on Schedule M, reduced by the value of any asset or assets that, if passing from the decedent to the surviving spouse, would be nondeductible terminable interests. Examples of property interests that may be paid or otherwise satisfied out of any of a group of assets are a bequest of the residue of the decedent's estate, or of a share of the residue, and a cash legacy payable out of the general estate.

*Example.* A decedent bequeathed $100,000 to the surviving spouse. The general estate includes a term for years (valued at $10,000 in determining the value of the gross estate) in an office building, which interest was retained by the decedent under a deed of the building by gift to a son. Accordingly, the value of the specific bequest entered on Schedule M is $90,000.

**Life Estate With Power of Appointment in the Surviving Spouse.** A property interest, whether or not in trust, will be treated as passing to the surviving spouse, and will not be treated as a nondeductible terminable interest if: (a) the surviving spouse is entitled for life to all of the income from the entire interest; (b) the income is payable annually or at more frequent intervals; (c) the surviving spouse has the power, exercisable in favor of the surviving spouse or the estate of the surviving spouse, to appoint the entire interest; (d) the power is exercisable by the surviving spouse alone and (whether exercisable by will or during life) is exercisable by the surviving spouse in all events; and (e) no part of the entire interest is subject to a power in any other person to appoint any part to any person other than the surviving spouse (or the surviving spouse's legal representative or relative if the surviving spouse is disabled. See Rev. Rul. 85-35, 1985-1 C.B. 328). If these five conditions are satisfied only for a specific portion of the entire interest, see the section 2056(b) regulations to determine the amount of the marital deduction.

**Life Insurance, Endowment, or Annuity Payments, With Power of Appointment in the Surviving Spouse.** A property interest consisting of the entire proceeds under a life insurance, endowment, or annuity contract is treated as passing from the decedent to the surviving spouse, and will not be treated as a nondeductible terminable interest if: (a) the surviving spouse is entitled to receive the proceeds in installments, or is entitled to interest on them, with all amounts payable during the life of the spouse, payable only to the surviving spouse; (b) the installment or interest payments are payable annually, or more frequently, beginning not later than 13 months after the decedent's death; (c) the surviving spouse has the power, exercisable in favor of the surviving spouse or of the estate of the surviving spouse, to appoint all amounts payable under the contract; (d) the power is exercisable by the surviving spouse alone and (whether exercisable by will or during life) is exercisable by the surviving spouse in all events; and (e) no part of the amount payable under the contract is subject to a power in

any other person to appoint any part to any person other than the surviving spouse. If these five conditions are satisfied only for a specific portion of the proceeds, see the section 2056(b) regulations to determine the amount of the marital deduction.

**Charitable Remainder Trusts.** An interest in a charitable remainder trust will not be treated as a nondeductible terminable interest if:

1. The interest in the trust passes from the decedent to the surviving spouse, and

2. The surviving spouse is the only beneficiary of the trust other than charitable organizations described in section 170(c).

A charitable remainder trust is either a charitable remainder annuity trust or a charitable remainder unitrust. (See section 664 for descriptions of these trusts.)

**Election To Deduct Qualified Terminable Interests (QTIP)**

You may elect to claim a marital deduction for qualified terminable interest property or property interests. You make the QTIP election simply by listing the qualified terminable interest property on Schedule M and deducting its value. You are presumed to have made the QTIP election if you list the property and deduct its value on Schedule M. If you make this election, the surviving spouse's gross estate will include the value of the qualified terminable interest property. See the instructions for Part 4—General Information, line 6, for more details. The election is irrevocable.

If you file a Form 706 in which you do not make this election, you may not file an amended return to make the election unless you file the amended return on or before the due date for filing the original Form 706.

The effect of the election is that the property (interest) will be treated as passing to the surviving spouse and will not be treated as a nondeductible terminable interest. All of the other marital deduction requirements must still be satisfied before you may make this election. For example, you may not make this election for property or property interests that are not included in the decedent's gross estate.

**Qualified terminable interest property.** *Qualified terminable interest property* is property (a) that passes from the decedent, and (b) in which the surviving spouse has a qualifying income interest for life.

The surviving spouse has a *qualifying income interest for life* if the surviving spouse is entitled to all of the income from the property payable annually or at more frequent intervals, or has a usufruct interest for life in the property, and during the surviving spouse's lifetime no person has a power to appoint any part of the property to any person other than the surviving spouse. An annuity is treated as an income interest regardless of whether the property from which the annuity is payable can be separately identified.

Amendments to Regulations sections 20.2044-1, 20.2056(b)-7, and 20.2056(b)-10 clarify that an interest in property is eligible for QTIP treatment if the income interest is contingent upon the executor's election even if that portion of the property for which no election is made will pass to or for the benefit of beneficiaries other than the surviving spouse.

The QTIP election may be made for all or any part of qualified terminable interest property. A partial election must relate to a fractional or percentile share of the property so that the elective part will reflect its proportionate share of the increase or decline in the whole of the property when applying sections 2044 or 2519. Thus, if the interest of the surviving spouse in a trust (or other property in which the spouse has a qualified life estate) is qualified terminable

Schedule M—Page 29

Form 706 (Rev. 10-2008)

Interest property, you may make an election for a part of the trust (or other property) only if the election relates to a defined fraction or percentage of the entire trust for other property). The fraction or percentage may be defined by means of a formula.

**Qualified Domestic Trust Election (QDOT)**

The marital deduction is allowed for transfers to a surviving spouse who is not a U.S. citizen only if the property passes to the surviving spouse in a qualified domestic trust (QDOT) or if such property is transferred or irrevocably assigned to a QDOT before the decedent's estate tax return is filed.

A QDOT is any trust:

1. That requires at least one trustee to be either an individual who is a citizen of the United States or a domestic corporation;

2. That requires that no distribution of corpus from the trust can be made unless such a trustee has the right to withhold from the distribution the tax imposed on the QDOT;

3. That meets the requirements of any applicable regulations; and

4. For which the executor has made an election on the estate tax return of the decedent.

Note. For trusts created by an instrument executed before November 5, 1990, paragraphs 1 and 2 above will be treated as met if the trust instrument requires that all trustees be individuals who are citizens of the United States or domestic corporations.

You make the QDOT election simply by listing the qualified domestic trust or the entire value of the trust property on Schedule M and deducting its value. You are presumed to have made the QDOT election if you list the trust or trust property and deduct its value on Schedule M. Once made, the election is irrevocable.

If an election is made to deduct qualified domestic trust property under section 2056A(d), provide the following information for each qualified domestic trust on an attachment to this schedule:

1. The name and address of every trustee;

2. A description of each transfer passing from the decedent that is the source of the property to be placed in trust; and

3. The employer identification number (EIN) for the trust.

The election must be made for an entire QDOT trust. In listing a trust for which you are making a QDOT election, unless you specifically identify the trust as not subject to the election, the election will be considered made for the entire trust.

The determination of whether a trust qualifies as a QDOT will be made as of the date the decedent's Form 706 is filed. If, however, judicial proceedings are brought before the Form 706's due date (including extensions) to have the trust revised to meet the QDOT requirements, then the determination will not be made until the court-ordered changes to the trust are made.

**Line 1**

If property passes to the surviving spouse as the result of a qualified disclaimer, check "Yes" and attach a copy of the written disclaimer required by section 2518(b).

**Line 3**

Section 2056(b)(7) creates an automatic QTIP election for certain joint and survivor annuities that are includible in the estate under section 2039. To qualify, only the surviving spouse can have the right to receive payments before the death of the surviving spouse.

The executor can elect out of QTIP treatment, however, by checking the "Yes" box on line 3. Once made, the election is irrevocable. If there is more than one such joint and survivor annuity, you are not required to make the election for all of them.

If you make the election out of QTIP treatment by checking "Yes" on line 3, you cannot deduct the amount of the annuity on Schedule M. If you do not make the election out, you must list the joint and survivor annuities on Schedule M.

**Listing Property Interests on Schedule M**

List each property interest included in the gross estate that passes from the decedent to the surviving spouse and for which a marital deduction is claimed. This includes otherwise nondeductible terminable interest property for which you are making a QTIP election. Number each item in sequence and describe each item in detail. Describe the instrument (including any clause or paragraph number) or provision of law under which each item passed to the surviving spouse. If possible, show where each item appears (number and schedule) on Schedules A through I.

In listing otherwise nondeductible property for which you are making a QTIP election, unless you specifically identify a fractional portion of the trust or other property as not subject to the election, the election will be considered made for all of the trust or other property.

Enter the value of each interest before taking into account the federal estate tax or any other death tax. The valuation dates used in determining the value of the gross estate apply also on Schedule M.

If Schedule M includes a bequest of the residue or a part of the residue of the decedent's estate, attach a copy of the computation showing how the value of the residue was determined. Include a statement showing:

• The value of all property that is included in the decedent's gross estate (Schedules A through I) but is not a part of the decedent's probate estate, such as lifetime transfers, jointly owned property that passed to the survivor on decedent's death, and the insurance payable to specific beneficiaries.

• The values of all specific and general legacies or devises, with reference to the applicable clause or paragraph of the decedent's will or codicil. (If legacies are made to each member of a class; for example, $1,000 to each of decedent's employees, only the number in each class and the total value of property received by them need be furnished.)

• The date of birth of all persons, the length of whose lives may affect the value of the residuary interest passing to the surviving spouse; and

• Any other important information such as that relating to any claim to any part of the estate not arising under the will.

Lines 5a, 5b, and 5c. The total of the values listed on Schedule M must be reduced by the amount of the federal estate tax, the federal GST tax, and the amount of state or other death and GST taxes paid out of the property interest involved. If you enter an amount for state or other death or GST taxes on lines 5b or 5c, identify the taxes and attach your computation of them.

Attachments. If you list property interests passing by the decedent's will on Schedule M, attach a certified copy of the order admitting the will to probate. If, when you file the return, the court of probate jurisdiction has entered any decree interpreting the will or any of its provisions affecting any of the interests listed on Schedule M, or has entered any order of distribution, attach a copy of the decree or order. In addition, the IRS may request other evidence to support the marital deduction claimed.

Schedule M—Page 30

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE O—Charitable, Public, and Similar Gifts and Bequests

|  |  | Yes | No |
|---|---|---|---|
| 1a | If the transfer was made by will, has any action been instituted to have interpreted or to contest the will or any of its provisions affecting the charitable deductions claimed in this schedule? . . . . . . . . . . . . . . If "Yes," full details must be submitted with this schedule. |  |  |
| b | According to the information and belief of the person or persons filing this return, is any such action planned? If "Yes," full details must be submitted with this schedule. |  |  |
| 2 | Did any property pass to charity as the result of a qualified disclaimer? . . . . . . . . . . . . . If "Yes," attach a copy of the written disclaimer required by section 2518(b). |  |  |

| Item number | Name and address of beneficiary | Character of institution | Amount |
|---|---|---|---|
| 1 |  |  |  |

| Total from continuation schedules (or additional sheets) attached to this schedule . . . . . . . . |  |
|---|---|
| 3 | Total . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | 0 |
| 4a | Federal estate tax payable out of property interests listed above . . . | 4a | |
| b | Other death taxes payable out of property interests listed above . . . | 4b | |
| c | Federal and state GST taxes payable out of property interests listed above | 4c | |
| d | Add items 4a, 4b, and 4c . . . . . . . . . . . . . . . | 4d | |
| 5 | Net value of property interests listed above (subtract 4d from 3). Also enter on Part 5—Recapitulation, page 3, at item 21 . . . . . . . . . . . . . . . . . . . . | 5 | |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedule O are in the separate instructions.)

Form 706 (Rev. 10-2005)

Estate of:

## SCHEDULE P—Credit for Foreign Death Taxes

List all foreign countries to which death taxes have been paid and for which a credit is claimed on this return.

If a credit is claimed for death taxes paid to more than one foreign country, compute the credit for taxes paid to one country on this sheet and attach a separate copy of Schedule P for each of the other countries.

The credit computed on this sheet is for the ......................................................
(Name of death tax or taxes)

.......................................... imposed in ..........................................
(Name of country)

Credit is computed under the ...................................................................................
(Insert title of treaty or "statute")

Citizenship (nationality) of decedent at time of death ...........................................................

(All amounts and values must be entered in United States money.)

| | | |
|---|---|---|
| 1 Total of estate, inheritance, legacy, and succession taxes imposed in the country named above attributable to property situated in that country, subjected to these taxes, and included in the gross estate (as defined by statute) | 1 | |
| 2 Value of the gross estate (adjusted, if necessary, according to the instructions for Item 2) . . . . . | 2 | |
| 3 Value of property situated in that country, subjected to death taxes imposed in that country, and included in the gross estate (adjusted, if necessary, according to the instructions for Item 3) . . . . . . | 3 | |
| 4 Tax imposed by section 2001 reduced by the total credits claimed under sections 2010 and 2012 (see instructions) | 4 | |
| 5 Amount of federal estate tax attributable to property specified at Item 3. (Divide Item 3 by Item 2 and multiply the result by Item 4.) | 5 | |
| 6 Credit for death taxes imposed in the country named above (the smaller of Item 1 or Item 5). Also enter on line 13 of Part 2—Tax Computation . . . . . . | 6 | |

## SCHEDULE Q—Credit for Tax on Prior Transfers

### Part 1. Transferor Information

| | Name of transferor | Social security number | IRS office where estate tax return was filed | Date of death |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| C | | | | |

Check here ► ☐ if section 2013(f) (special valuation of farm, etc., real property) adjustments to the computation of the credit were made (see page 21 of the instructions).

### Part 2. Computation of Credit (see instructions beginning on page 21)

| Item | Transferor | | | Total A, B, & C |
|---|---|---|---|---|
| | A | B | C | |
| 1 Transferee's tax as apportioned (from worksheet, (line 7 ÷ line 8) × line 35 for each column) | | | | |
| 2 Transferor's tax (from each column of worksheet, line 20) | | | | |
| 3 Maximum amount before percentage requirement (for each column, enter amount from line 1 or 2, whichever is smaller) | | | | |
| 4 Percentage allowed (each column) (see instructions) | % | % | % | |
| 5 Credit allowable (line 3 × line 4 for each column) | | | | |
| 6 TOTAL credit allowable (add columns A, B, and C of line 5). Enter here and on line 14 of Part 2—Tax Computation . . . . . . | | | | |

Schedules P and Q—Page 32

(The instructions to Schedules P and Q are in the separate instructions.)

Form 706 (Rev. 10-2005)

## SCHEDULE R—Generation-Skipping Transfer Tax

Note. To avoid application of the deemed allocation rules, Form 706 and Schedule R should be filed to allocate the GST exemption to trusts that may later have taxable terminations or distributions under section 2612 even if the form is not required to be filed to report estate or GST tax.

The GST tax is imposed on taxable transfers of interests in property located outside the United States as well as property located inside the United States. (see instructions beginning on page 22)

### Part 1. GST Exemption Reconciliation (Section 2631) and Section 2652(a)(3) (Special QTIP) Election

You no longer need to check a box to make a section 2652(a)(3) (special QTIP) election. If you list qualifying property in Part 1, line 9 below, you will be considered to have made this election. See page 25 of the separate instructions for details.

| | | |
|---|---|---|
| 1 | Maximum allowable GST exemption . . . . . . . . . . . . . . . . . | 1 |
| 2 | Total GST exemption allocated by the decedent against decedent's lifetime transfers . . . | 2 |
| 3 | Total GST exemption allocated by the executor, using Form 709, against decedent's lifetime transfers . . . . . . . . . . . . . . . . . . . . | 3 |
| 4 | GST exemption allocated on line 6 of Schedule R, Part 2 . . . . . . . . . | 4 |
| 5 | GST exemption allocated on line 6 of Schedule R, Part 3 . . . . . . . . . | 5 |
| 6 | Total GST exemption allocated on line 4 of Schedule(s) R-1 . . . . . . . . | 6 |
| 7 | Total GST exemption allocated to inter vivos transfers and direct skips (add lines 2–6) . . . | 7 |
| 8 | GST exemption available to allocate to trusts and section 2032A interests (subtract line 7 from line 1) . . . . . . . . . . . . . . . . . . . . . | 8 |

9 Allocation of GST exemption to trusts (as defined for GST tax purposes):

| A Name of trust | B Trust's EIN (if any) | C GST exemption allocated on lines 2–6, above (see instructions) | D Additional GST exemption allocated (see instructions) | E Trust's inclusion ratio (optional—see instructions) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| 9D Total. May not exceed line 8, above . . . . . . . . . | | 9D | | |
| 10 GST exemption available to allocate to section 2032A interests received by individual beneficiaries (subtract line 9D from line 8). You must attach special-use allocation schedule (see instructions). | | | 10 | |

(The instructions to Schedule R are in the separate instructions.)                    Schedule R—Page 33

Form 706 (Rev. 10-2008)

Estate of:

## Part 2. Direct Skips Where the Property Interests Transferred Bear the GST Tax on the Direct Skips

| Name of skip person | Description of property interest transferred | Estate tax value |
|---|---|---|
| | | |

| | | |
|---|---|---|
| 1 Total estate tax value of all property interests listed above . . . . . . . . . . | 1 | |
| 2 Estate taxes, state death taxes, and other charges borne by the property interest listed above | 2 | |
| 3 GST taxes borne by the property interests listed above but imposed on direct skips other than those shown on the Part 2 (see instructions) . . . . . . . . . . . | 3 | |
| 4 Total fixed taxes and other charges (add lines 2 and 3) . . . . . . . . . | 4 | |
| 5 Total tentative maximum direct skips (subtract line 4 from line 1) . . . . . . | 5 | |
| 6 GST exemption allocated . . . . . . . . . . . . . . . . | 6 | |
| 7 Subtract line 6 from line 5 . . . . . . . . . . . . . . . | 7 | |
| 8 GST tax due (divide line 7 by 3.173913) . . . . . . . . . . . | 8 | |
| 9 Enter the amount from line 8 of Schedule R, Part 3 . . . . . . . . . | 9 | |
| 10 Total GST taxes payable by the estate (add lines 9 and 8). Enter here and on line 17 of Part 2—Tax Computation, on page 1 . . . . . . . . . . . | 10 | |

Schedule R—Page 34

Form 706 (Rev. 10-2008)

Estate of:

## Part 3. Direct Skips Where the Property Interests Transferred Do Not Bear the GST Tax on the Direct Skips

| Name of skip person | Description of property interest transferred | Estate tax value |
|---|---|---|
|  |  |  |

| | | |
|---|---|---|
| 1 Total estate tax value of all property interests listed above . . . . . . . . . | 1 | |
| 2 Estate taxes, state death taxes, and other charges borne by the property interests listed above | 2 | |
| 3 GST taxes borne by the property interests listed above but imposed on direct skips other than those shown on the Part 3 (see instructions) . . . . . . . . . . | 3 | |
| 4 Total fixed taxes and other charges (add lines 2 and 3) . . . . . . . . | 4 | |
| 5 Total tentative maximum direct skips (subtract line 4 from 1) . . . . . . . . | 5 | |
| 6 GST exemption allocated . . . . . . . . . . . . . . | 6 | |
| 7 Subtract line 6 from line 5 . . . . . . . . . . . . . | 7 | |
| 8 GST tax due (multiply line 7 by .45). Enter here and on Schedule R, Part 2, line 9 . . . . . | 8 | |

Schedule R—Page 35

**SCHEDULE R-1**
**(Form 706)**
(Rev. October 2008)
Department of the Treasury
Internal Revenue Service

**Generation-Skipping Transfer Tax**
Direct Skips From a Trust
Payment Voucher

OMB No. 1545-0015

Executor: File one copy with Form 706 and send two copies to the fiduciary. Do not pay the tax shown. See the separate Instructions. Fiduciary: See Instructions on the following page. Pay the tax shown on line 6.

| Name of trust | | Trust's EIN |
|---|---|---|
| Name and title of fiduciary | Name of decedent | |
| Address of fiduciary (number and street) | Decedent's SSN | Service Center where Form 706 was filed |
| City, state, and ZIP code | Name of executor | |
| Address of executor (number and street) | City, state, and ZIP code | |
| Date of decedent's death | Filing due date of Schedule R, Form 706 (with extensions) | |

**Part 1. Computation of the GST Tax on the Direct Skip**

| Description of property interests subject to the direct skip | Estate tax value |
|---|---|
| | |

| | | |
|---|---|---|
| 1 | Total estate tax value of all property interests listed above . . . . . . . | 1 |
| 2 | Estate taxes, state death taxes, and other charges borne by the property interests listed above | 2 |
| 3 | Tentative maximum direct skip from trust (subtract line 2 from line 1) . . . . . . | 3 |
| 4 | GST exemption allocated . . . . . . . . . . . . . . . . . | 4 |
| 5 | Subtract line 4 from line 3 . . . . . . . . . . . . . . . . | 5 |
| 6 | GST tax due from fiduciary (divide line 5 by 3.173913). (See Instructions if property will not bear the GST tax.) | 6 |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| | |
|---|---|
| Signature(s) of executor(s) | Date |
| | Date |
| Signature of fiduciary or officer representing fiduciary | Date |

**Schedule R-1—Page 36**

Form 706 (Rev. 10-2008)

## Instructions for the Trustee

**Introduction**

Schedule R-1 (Form 706) serves as a payment voucher for the Generation-Skipping Transfer (GST) tax imposed on a direct skip from a trust, which you, the trustee of the trust, must pay. The executor completes the Schedule R-1 (Form 706) and gives you 2 copies. File one copy and keep one for your records.

**How to pay**

You can pay by check or money order.

- Make it payable to the "United States Treasury."
- Make the check or money order for the amount on line 6 of Schedule R-1.
- Write "GST Tax" and the trust's EIN on the check or money order.

**Signature**

You must sign the Schedule R-1 in the space provided.

**What to mail**

Mail your check or money order and the copy of Schedule R-1 that you signed.

**Where to mail**

Mail to the Service Center shown on Schedule R-1.

**When to pay**

The GST tax is due and payable 9 months after the decedent's date of death (shown on the Schedule R-1). You will owe interest on any GST tax not paid by that date.

**Automatic extension**

You have an automatic extension of time to file Schedule R-1 and pay the GST tax. The automatic extension allows you to file and pay by 2 months after the due date (with extensions) for filing the decedent's Schedule R (shown on the Schedule R-1).

If you pay the GST tax under the automatic extension, you will be charged interest (but no penalties).

**Additional information**

For more information, see section 2603(a)(2) and the Instructions for Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return.

Form 706 (Rev. 10-2008)

Estate of:

## SCHEDULE U—Qualified Conservation Easement Exclusion

### Part 1. Election

Note. The executor is deemed to have made the election under section 2031(c)(6) if he or she files Schedule U and excludes any qualifying conservation easement from the gross estate.

### Part 2. General Qualifications

1 Describe the land subject to the qualified conservation easement (see separate instructions) _____

2 Did the decedent or a member of the decedent's family own the land described above during the 3-year period ending on the date of the decedent's death? . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

3 Describe the conservation easement with regard to which the exclusion is being claimed (see separate instructions).

_____

### Part 3. Computation of Exclusion

| | | | |
|---|---|---|---|
| 4 | Estate tax value of the land subject to the qualified conservation easement (see separate instructions). . . . . . . . . . . . . . . . . . | **4** | |
| 5 | Date of death value of any easements granted prior to decedent's death and included on line 10 below (see instructions) . . . . | **5** | |
| 6 | Add lines 4 and 5. . . . . . . . . . . . . . . . . . . | **6** | |
| 7 | Value of retained development rights on the land (see instructions) | **7** | |
| 8 | Subtract line 7 from line 6 . . . . . . . . . . . . . | **8** | |
| 9 | Multiply line 8 by 30% (.30) . . . . . . . . . . . . . | **9** | |
| 10 | Value of qualified conservation easement for which the exclusion is being claimed (see instructions) . . . . . . . . . . . . . Note. If line 10 is less than line 9, continue with line 11. If line 10 is equal to or more than line 9, skip lines 11 through 13, enter ".40" on line 14, and complete the schedule. | **10** | |
| 11 | Divide line 10 by line 6. Figure to 3 decimal places (for example, ".123") . . . . . . . . . . . . . . . . . . . . . . Note. If line 11 is equal to or less than .100, stop here; the estate does not qualify for the conservation easement exclusion. . | **11** | |
| 12 | Subtract line 11 from .300. Enter the answer in hundredths by rounding any thousandths up to the next higher hundredth (that is, .030 = .03; but .031 = .04) . . . . . . . . . . . . . . . . . . | **12** | |
| 13 | Multiply line 12 by 2 . . . . . . . . . . . . . . . | **13** | |
| 14 | Subtract line 13 from .40 . . . . . . . . . . . . . . | **14** | |
| 15 | Deduction under section 2055(f) for the conservation easement (see separate instructions) . . . . . . . . . . . . . . | **15** | |
| 16 | Amount of indebtedness on the land (see separate instructions) . | **16** | |
| 17 | Total reductions in value (add lines 7, 15, and 16) . . . . . . | **17** | |
| 18 | Net value of land (subtract line 17 from line 4) . . . . . . . | **18** | |
| 19 | Multiply line 18 by line 14 . . . . . . . . . . . . . | **19** | |
| 20 | Enter the smaller of line 19 or the exclusion limitation (see instructions). Also enter this amount on Item 11, Part 5—Recapitulation, page 3 . . . . . . . . . . . . | **20** | |

Form 706 (Rev. 10-2005)                                  (Make copies of this schedule before completing it if you will need more than one schedule.)

Estate of:

## CONTINUATION SCHEDULE

Continuation of Schedule _____
(Enter letter of schedule you are continuing.)

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN. | Unit value (Sch. B, E, or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| TOTAL. (Carry forward to main schedule.) . . . . . . . . . . . . . . . . . | | | | |

See the instructions on the reverse side.

Form 706 (Rev. 10-2006)

## Instructions for Continuation Schedule

When you need to list more assets or deductions than you have room for on one of the main schedules, use the Continuation Schedule on page 39. It provides a uniform format for listing additional assets from Schedules A through I and additional deductions from Schedules J, K, L, M, and O.

Please keep the following points in mind:

• Use a separate Continuation Schedule for each main schedule you are continuing. Do not combine assets or deductions from different schedules on one Continuation Schedule.

• Make copies of the blank schedule before completing it if you expect to need more than one.

• Use as many Continuation Schedules as needed to list all the assets or deductions.

• Enter the letter of the schedule you are continuing in the space at the top of the Continuation Schedule.

• Use the *Unit value* column only if continuing Schedule B, E, or G. For all other schedules, use this space to continue the description.

• Carry the total from the Continuation Schedules forward to the appropriate line on the main schedule.

| If continuing | Report | Where on Continuation Schedule |
|---|---|---|
| Schedule E, Pt. 2 | *Percentage includible* | *Alternate valuation date* |
| Schedule K | *Amount unpaid to date* | *Alternate valuation date* |
| Schedule K | *Amount in contest* | *Alternate value* |
| Schedules J, L, M | *Description of deduction continuation* | *Alternate valuation date and Alternate value* |
| Schedule O | *Character of institution* | *Alternate valuation date and Alternate value* |
| Schedule O | *Amount of each deduction* | *Amount deductible* |

Printed on recycled paper

Exhibit 2

Original 706 —

| Form **706** | | United States Estate (and Generation-Skipping | | OMB No. 1545-0015 |
|---|---|---|---|---|
| (Rev. October 2003) | | Transfer) Tax Return | | |
| Department of the Treasury Internal Revenue Service | | Estate of a citizen or resident of the United States (see separate instructions). To be filed for decedents dying after December 31, 2003, and before January 1, 2007. | | |

| 1a | Decedent's first name and middle initial (and maiden name, if any) | 1b | Decedent's last name | | 2 | Decedent's Social Security No. |
|---|---|---|---|---|---|---|
| | Olga L. | | Cassini | | 115 07 7045 |

| 3a | County, state, and ZIP code, or foreign country, of legal residence (domicile) at time of death | 3b | Year domicile established | 4 | Date of birth | 5 | Date of death |
|---|---|---|---|---|---|---|---|
| 312 McQuown Lane | | 1003 | | 4/11/13 | | 3/17/00 |
| Oyster Bay Cove, New York 11771 | | | | | | |

| 6a | Name of executor (see page 4 of the instructions) | | | 6b | Executor's address (number and street including apartment or suite no. or rural route; city, town, or post office; state; and ZIP code) and phone no. |
|---|---|---|---|---|---|
| Marianna Nestor Cassini | | | | 18 1/2 East 63rd Street New York City, New York 10021 |

| 6c | Executor's social security number (see page 4 of the instructions) | | | | Phone no. (212) 371-0767 |
|---|---|---|---|---|---|
| 268 50 0082 | | | | |

| 7a | Name and location of court where will was probated or estate administered | | 7b | Case number |
|---|---|---|---|---|
| Nassau County | | | |

8  If decedent died testate, check here ▶ ☐ and attach a certified copy of the will.  9  If you extended the time to file this Form 706, check here ▶ ☐

10  If Schedule R-1 is attached, check here ▶ ☐

| | | | | |
|---|---|---|---|---|
| 1 | Total gross estate less exclusion (from Part 5—Recapitulation, page 3, item 12) | 1 | 67,187,514 |
| 2 | Tentative total allowable deductions (from Part 5—Recapitulation, page 3, item 22) | 2 | 67,187,514 |
| 3a | Tentative taxable estate (before state death tax deduction) (subtract line 2 from line 1) | 3a | |
| b | State death tax deduction | 3b | 92,400 |
| c | Taxable estate (subtract line 3b from line 3a) | 3c | 0 |
| 4 | Adjusted taxable gifts (total taxable gifts (within the meaning of section 2503) made by the decedent after December 31, 1976, other than gifts that are includible in decedent's gross estate (section 2001(b))) | 4 | |
| 5 | Add lines 3c and 4 | 5 | |
| 6 | Tentative tax on the amount on line 5 from Table A on page 4 of the instructions | 6 | |
| 7 | Total gift tax paid or payable with respect to gifts made by the decedent after December 31, 1976. Include gift taxes by the decedent's spouse for such spouse's share of split gifts (section 2513) only if the decedent was the donor of these gifts and they are includible in the decedent's gross estate (see instructions) | 7 | |
| 8 | Gross estate tax (subtract line 7 from line 6) | 8 | |
| 9 | Maximum unified credit (applicable credit amount) against estate tax | 9 | |
| 10 | Adjustment to unified credit (applicable credit amount). (This adjustment may not exceed $6,000. See page 6 of the instructions.) | 10 | |
| 11 | Allowable unified credit (applicable credit amount) (subtract line 10 from line 9) | 11 | |
| 12 | Subtract line 11 from line 8 (but do not enter less than zero) | 12 | |
| 13 | Credit for foreign death taxes (from Schedule(s) P). (Attach Form(s) 706-CE) | 13 | |
| 14 | Credit for tax on prior transfers (from Schedule Q) | 14 | |
| 15 | Total credits (add lines 13 and 14) | 15 | |
| 16 | Net estate tax (subtract line 15 from line 12) | 16 | |
| 17 | Generation-skipping transfer (GST) taxes payable (from Schedule R, Part 2, line 10) | 17 | |
| 18 | Total transfer taxes (add lines 16 and 17) | 18 | |
| 19 | Prior payments. Explain in an attached statement | 19 | |
| 20 | Balance due (or overpayment) (subtract line 19 from line 18) | 20 | |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer other than the executor is based on all information of which preparer has any knowledge.

| Signature(s) of executor(s) | | Date |
|---|---|---|

| Signature of preparer other than executor | Address (and ZIP code) | Date |
|---|---|---|

For Privacy Act and Paperwork Reduction Act Notice, see page 30 of the separate instructions for this form.   Cat. No. 20548R   Form **706** (Rev. 10-2003)

SKW-000022

Form 706 (Rev. 10-2009)

Estate of:

## Part 3—Elections by the Executor

Please check the "Yes" or "No" box for each question (see instructions beginning on page 6).
Note: Some of these elections require the posting of bonds or liens.

| | | | Yes | No |
|---|---|---|---|---|
| 1 | Do you elect alternate valuation? | 1 | | ✓ |
| 2 | Do you elect special-use valuation? If "Yes," you must complete and attach Schedule A-1. | 2 | | |
| 3 | Do you elect to pay the taxes in installments as described in section 6166? If "Yes," you must attach the additional information described on pages 9 and 10 of the instructions. Note: By electing section 6166, you agree to provide security for estate tax deferred under section 6166 and interest in the form of a surety bond or a section 6324A special lien. | 3 | | |
| 4 | Do you elect to postpone the part of the taxes attributable to a reversionary or remainder interest as described in section 6163? | 4 | | ✓ |

## Part 4—General Information

(Note. Please attach the necessary supplemental documents. You must attach the death certificate.) (see instructions on page 9)

Authorization to receive confidential tax information under Regs. sec. 601.504(b)(2)(i); to act as the estate's representative before the IRS; and to make written or oral presentations on behalf of the estate if Return prepared by an attorney, accountant, or enrolled agent for the executor:

| Name of representative (print or type) | State | Address (number, street, and room or suite no., city, state, and ZIP code) |
|---|---|---|
| | | |

I declare that I am the ☐ attorney/ ☐ certified public accountant/ ☐ enrolled agent (you must check the applicable box) for the executor and prepared this return for the executor. I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

| Signature | CAF number | Date | Telephone number |
|---|---|---|---|
| | | | |

1  Death certificate number and issuing authority (attach a copy of the death certificate to this return).

2  Decedent's business or occupation. If retired, check here ▶ ☐ and state decedent's former business or occupation.

3  Marital status of the decedent at time of death:
   ☒ Married
   ☐ Widow or widower—Name, SSN, and date of death of deceased spouse ▶
   ☐ Single
   ☐ Legally separated
   ☐ Divorced—Date divorce decree became final ▶

| 4a Surviving spouse's name | 4b Social security number | 4c Amount received (see page 11 of the instructions) |
|---|---|---|
| Marianne Nestor Cassini | 288 68 0662 | |

5  Individuals (other than the surviving spouse), trusts, or other estates who receive benefits from the estate (do not include charitable beneficiaries shown in Schedule O) (see instructions).

| Name of individual, trust, or estate receiving $5,000 or more | Identifying number | Relationship to decedent | Amount (see instructions) |
|---|---|---|---|
| Christina Cassini Brandts Helmont | | daughter | 1,000,000.00 |
| Daria Cassini | xx 168 08 0576 | daughter | 500,000.00 |
| All unascertainable beneficiaries and those who receive less than $5,000 | | ▶ | |
| **Total** | | | 1,500,000.00 |

Please check the "Yes" or "No" box for each question.

| | | Yes | No |
|---|---|---|---|
| 6 | Does the gross estate contain any section 2044 property (qualified terminable interest property (QTIP) from a prior gift or estate) (see page 11 of the instructions)? | | ✓ |
| 7a | Have federal gift tax returns ever been filed? If "Yes," please attach copies of the returns, if available, and furnish the following information: | | ✓ |
| 7b | Period(s) covered | 7c Internal Revenue office(s) where filed | | |

(continued on next page)

Page 2

SKW-000023

Form 706 (Rev. 10-2004)

## Part 4—General Information (continued)

| If you answer "Yes" to any of questions 6–16, you must attach additional information as described in the instructions. | | Yes | No |
|---|---|---|---|
| 6a | Was there any insurance on the decedent's life that is not included on the return as part of the gross estate? | | ✓ |
| b | Did the decedent own any insurance on the life of another that is not included in the gross estate? | | ✓ |
| 8 | Did the decedent at the time of death own any property as a joint tenant with right of survivorship in which (a) one or more of the other joint tenants was someone other than the decedent's spouse, and (b) less than the full value of the property is included on the return as part of the gross estate? If "Yes," you must complete and attach Schedule E | | ✓ |
| 10 | Did the decedent, at the time of death, own any interest in a partnership or unincorporated business or any stock in an inactive or closely held corporation? | ✓ | |
| 11 | Did the decedent make any transfer described in section 2035, 2036, 2037, or 2038 (see the instructions for Schedule G beginning on page 13 of the separate instructions)? If "Yes," you must complete and attach Schedule G | | ✓ |
| 12a | Were there in existence at the time of the decedent's death any trusts created by the decedent during his or her lifetime? | | ✓ |
| b | Were there in existence at the time of the decedent's death any trusts not created by the decedent under which the decedent possessed any power, beneficial interest, or trusteeship? | | ✓ |
| c | Was the decedent receiving income from a trust created after October 22, 1986 by a parent or grandparent? | | ✓ |
| | If "Yes," was there a GST taxable termination (under section 2612) upon the death of the decedent? | | ✓ |
| d | If there was a GST taxable termination (under section 2612), attach a statement to explain. Provide a copy of the trust or will creating the trust, and give the name, address, and phone number of the current trustee(s). | | |
| e | Did decedent at any time during his or her lifetime transfer or sell an interest in a partnership, limited liability company, or closely held corporation to a trust described in question 12a or 12b? | | ✓ |
| | If "Yes," provide the EIN number to this transferred/sold item. ▶ | | |
| 13 | Did the decedent ever possess, exercise, or release any general power of appointment? If "Yes," you must complete and attach Schedule H | | ✓ |
| 14 | Was the marital deduction computed under the transitional rule of Public Law 97-34, section 403(e)(3) (Economic Recovery Tax Act of 1981)? If "Yes," attach a separate computation of the marital deduction, enter the amount on item 20 of the Recapitulation, and note on item 20 "computation attached." | | ✓ |
| 15 | Was the decedent, immediately before death, receiving an annuity described in the "General" paragraph of the instructions for Schedule I or a private annuity? If "Yes," you must complete and attach Schedule I | | ✓ |
| 16 | Was the decedent ever the beneficiary of a trust for which a deduction was claimed by the estate of a pre-deceased spouse under section 2056(b)(7) and which is not reported on this return? If "Yes," attach an explanation | | ✓ |

## Part 5—Recapitulation

| Item number | Gross estate | | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Schedule A—Real Estate | 1 | | |
| 2 | Schedule B—Stocks and Bonds | 2 | | 1,701,233 |
| 3 | Schedule C—Mortgages, Notes, and Cash | 3 | | |
| 4 | Schedule D—Insurance on the Decedent's Life (attach Form(s) 712) | 4 | | |
| 5 | Schedule E—Jointly Owned Property (attach Form(s) 712 for life insurance) | 5 | | 4,600,000 |
| 6 | Schedule F—Other Miscellaneous Property (attach Form(s) 712 for life insurance) | 6 | | 50,885,678 |
| 7 | Schedule G—Transfers During Decedent's Life (att. Form(s) 712 for life insurance) | 7 | | NA |
| 8 | Schedule H—Powers of Appointment | 8 | | NA |
| 9 | Schedule I—Annuities | 9 | | NA |
| 10 | Total gross estate (add items 1 through 9) | 10 | | 57,187,514 |
| 11 | Schedule U—Qualified Conservation Easement Exclusion | 11 | | |
| 12 | Total gross estate less exclusion (subtract item 11 from item 10). Enter here and on line 1 of Part 2—Tax Computation | 12 | | 57,187,514 |

| Item number | Deductions | | Amount |
|---|---|---|---|
| 13 | Schedule J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims | 13 | 182,708 |
| 14 | Schedule K—Debts of the Decedent | 14 | |
| 15 | Schedule K—Mortgages and Liens | 15 | -0- |
| 16 | Total of items 13 through 15 | 16 | 182,708 |
| 17 | Allowable amount of deductions from item 16 (see the instructions for item 17 of the Recapitulation) | 17 | 182,708 |
| 18 | Schedule L—Net Losses During Administration | 18 | |
| 19 | Schedule L—Expenses Incurred in Administering Property Not Subject to Claims | 19 | |
| 20 | Schedule M—Bequests, etc., to Surviving Spouse | 20 | 55,804,808 |
| 21 | Schedule O—Charitable, Public, and Similar Gifts and Bequests | 21 | 1,200,000 |
| 22 | Tentative total allowable deductions (add items 17 through 21). Enter here and on line 2 of the Tax Computation | 22 | 57,187,514 |

Page 3

SKW-000024



EL 703674822 US

UNITED STATES POSTAL SERVICE®

PRIORITY
★ MAIL ★
EXPRESS℠

FROM:

PAYMENT BY ACCOUNT (if applicable)

DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED

Delivery Options

TO:

ORIGIN (POSTAL SERVICE USE ONLY)

DELIVERY (POSTAL SERVICE USE ONLY)

★ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.

★ $100.00 insurance included.

2-CUSTOMER COPY

```
==================================
            RADIO CITY
          322 W 52ND ST
            NEW YORK
               NY
           10019-9998
          3096650058
03/13/2017   (800)275-8777    4:12 PM
==================================
Product                Sale    Final
Description             Qty     Price
----------------------------------
Ult Mlr 10.5"           6      $7.14
x16"
    (Unit Price:$1.19)
PM Exp 1-Day            1      $32.55
    (Domestic)
    (CINCINNATI, OH  45999)
    (Weight:1 Lb 10.90 Oz)
    (Signature Requested)
    (Scheduled Delivery Day)
    (Tuesday 03/14/2017 12:00 PM)
    (Money Back Guarantee)
    (USPS Tracking #)
    (EL703674822US)
PM Exp                 1       $0.00
Insurance
    (Up to $100.00 included)
----------------------------------
Total                         $39.69
                     ╷
Credit Card Remitd            $39.69
    (Card Name:VISA)
    (Account #:XXXXXXXXXXXX8671)
    (Approval #:011256)
    (Transaction #:450)

Includes up to $100 insurance

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.


*********************************
BRIGHTEN SOMEONE'S MAILBOX. Greeting
cards available for purchase at select
Post Offices.
*********************************

Save this receipt as evidence of
```

*Nassau County Museum of Art*
One Museum Drive, Roslyn Harbor, NY 11576
(516) 484-9337

CONFIDENTIAL

OC000223



## NASSAU COUNTY MUSEUM OF ART

**BOARD OF TRUSTEES**

*President*
H. Brooks Smith

*Executive Vice President*
° Frank Castagna

*Vice Presidents*
Mrs. Vincent de Roulet
Robert Fromer
° Arthur S. Levine
° Clarence Michalis
Donald Kuchler
Mrs. F. Page Stormont
Peter Tilles

*Treasurer*
David Sandler

*Secretary*
Mrs. Maurice A. Deane

*Founding President Life Trustee*
Amb. Arnold A. Saltzman

William Achenbaum
W. Russell G. Byers, Jr
John P. Casaly
Mrs. Stephen J. Cuchel
Lisa M. Eastman
Mrs. Abner B. Green
Barbara S. Horowitz
Mrs. Herbert Klapper
Gary Paston
Mrs. Luis Rinaldini
Marvin L. Schachter
Jonathan R. Serko

*Chairman of Associate Trustees*
Robin Isabel Ahrens

**DIRECTOR**
Constance Schwartz

*Deputy Director*
Fernanda Bennett

*Secretary to the Board*
Louis Vlahos, Esq

*Presidents Emeritus*
Mrs. Daniel P. Davison
Alan Seligson

° Past Presidents

TELEPHONE 516/484-9338
FAX 516/484-0710

Mrs. Marianne Cassini
Mrs. Marianne Cassini
Cassini Building 15 East 63rd Street
New York NY 10021

Dear Marianne

On behalf of the Board of Trustees and myself personally, I want to thank you for your generous loan of the following work(s) to the exhibition *Surrealism: Dreams on Canvas.*

Salvador Dali
**Flatware Set, six pieces , 1957**

The Art that we are borrowing from you makes an important contribution and looks beautiful in the overall design of the exhibition. I do hope that you have the opportunity to view the presentation, it is an important exhibition and adds much to the scholarship of the history of art for this period.

With warmest appreciation for your participation, I am

Constance Schwartz
Director

ONE MUSEUM DRIVE • ROSLYN HARBOR, NEW YORK 11576
website: nassaumuseum.com

**CONFIDENTIAL**

OC000224



NASSAU COUNTY MUSEUM OF ART

**BOARD OF TRUSTEES**

*President*
H. Brooks Smith

*Executive Vice President*
° Frank Castagna

*Vice Presidents*
Mrs. Vincent de Roulet
Robert Feurer
° Arthur S. Lewine
° Chretien Michalle
Donald Rechler
Mrs. F. Page Storman
Peter Tilles

*Treasurer*
David Sember

*Secretary*
Mrs. Maurice A. Deine

*Founding President,*
*Life Trustee*
Amb. Arnold A. Salzman

William Achenbaum
W. Russell O. Byers, Jr.
John P. Cleary
Mrs. Stephen J. Curchel
Mrs. Gerard L. Eastman, Jr.
Mrs. Abner R. Orton
Barbara E. Reequin
Mrs. Herbert Klipper
Gary Pason
Mrs. Luis Rinaldini
Marvin L. Schachter
Jonathan R. Sorko

*Chairman of Associate Trustees*
Robin Isabel Ahrens

**DIRECTOR**
Constance Schwartz

*Deputy Director*
Fernanda Bennett

*Secretary to the Board*
Louis Vicheo, Esq.

*Presidents Emeritus*
Mrs. Daniel P. Davison
Alan Salzman

° Past Presidents

TELEPHONE 516/484-9316
FAX 516/484-0710

Receipt of Delivery

Date:       2/1/2007

Exhibition:   Picasso and the School of Paris
              November 19, 2006 – February 4, 2007

The following object(s), which were lent to The Nassau County Museum of Art, have been returned in good condition. Please sign and return one copy as our receipt of delivery so that we may cancel our insurance, if any, in effect on this loan. Thank you.

To:        Mrs. Marianne Cassini
           Marianne Cassini

Via:       ARTEX

delivered to (if different than above)

Andre Lhote
*Femme,*
Pastel on paper stretched over canvas

26" x 36"        $150,000.00

NCMA loan #      162.2006.1

Received By: _____   date 2/22/07

ONE MUSEUM DRIVE • ROSLYN HARBOR, NEW YORK 11576
website: nassaumuseum.com

CONFIDENTIAL                                    OC000225





as separate narrators. The interior monologue, whereby the inner thoughts and impressions of the characters are forthrightly conveyed, is most thoroughly realized through the three main characters Stephen Daedalus, Leopold Bloom and his wife, Molly Bloom. The time sequence of the book encompasses a 24-hour period in Dublin. As the narrative begins at 8 a.m. from the standpoint of Stephen (the character representing Joyce himself), it proceeds through three chapters, and then the 8 a.m. time starts all over again enacted this time by Leopold Bloom. The two ultimately become surrogate son and father, thus recreating the relationship between Telemachus and Odysseus. The vantage point switches between first, second, or third person through descriptions of actual thought or observation. Dreams, fantasies, delusions, and literary ramblings include, evidencing a layering of the inner lives of Joyce's protagonists with their outward actions. The "Oxen of the Sun" chapter is done in a historic succession of English literary styles encompassing Anglo-Saxon, Chaucerian, Elizabethan, Georgian, Victorian and the populist vernacular of the 20th century. This method of stylistic appropriation parallels Picasso's reuse of the Old Masters in his paintings. Joyce's characters, seemingly mundane, unwittingly embody the heroic characters of Homer's Odyssey, recasting them in contemporary terms. They are depicted in detail doing the most ordinary things from making breakfast; going to work, school, a newspaper office, pub, library, concert or carousing in bars of ill repute

42

CONFIDENTIAL



CONFIDENTIAL

OC000227

**NASSAU COUNTY MUSEUM OF ART**
One Museum Drive
Roslyn Harbor, New York 11576
Telephone: (516) 484-9338
Fax: (516) 484-0710

*LOAN AGREEMENT*

*Please complete and return the white and yellow copies of this agreement to the Museum.*
*Retain the pink copy for your records.*
*The information contained on this form will serve as the basis for catalogue entry.*

| | |
|---|---|
| EXHIBITION | Picasso and the School of Paris |
| DATES OF EXHIBITION | November 19, 2006 – February 4, 2007 |
| DATES OF LOAN | November 1, 2006 – Februray 28, 2007 |
| LENDER | Marianne Cassini    TELEPHONE  212.753.7540 |
| ADDRESS | 15 East 63rd Street, New York City, NY 11021 |
| | Return shipment will be made to this address unless otherwise instructed |
| | *** |
| CREDIT | Lender's name as it should appear for exhibition label and catalogue |
| ARTIST | Andre L'Hote    INVENTORY OR ACCESSION NO. |
| TITLE / DATE | Femme 1918 |
| MEDIUM | |
| DIMENSIONS | Without Frame or Base  H._____ W._____ D._____ APPROX. WT._____ |
| | With Frame or Base  H._____ W._____ D._____ APPROX. WT._____ |
| PHOTOGRAPHY | Which of the following are available: Black & White_____ Color Separations or Plates_____ Transparencies_____ |
| APPEARANCE / LOCATION OF DATE | |
| APPEARANCE / LOCATION OF SIGNATURE | |
| INSURANCE VALUE | *** |
| | See conditions on reverse for insurance coverage |
| SHIPPING INSTRUCTIONS | Fernanda Bennett chief registrar and Oksana Salamatina registrar will coordinate transport arrangements with you. |

Signature of Lender _____  Date  1 28/06

Signature of Authorized Borrower _____  Date OCT 12 2006
(Nassau County Museum of Art)

CONFIDENTIAL

**WELLS FARGO INSURANCE SERVICES OF NEW YORK, INC.**
330 Madison Avenue – 7th Floor
New York, New York 10017
Telephone: (212) 682-7500
Fax: (212) 682-1043

## CERTIFICATE OF INSURANCE

NAMED INSURED: Nassau County Museum of Art            DATE: April 17, 2007
One Museum Drive
Roslyn, NY  11576

TYPE OF POLICY: Fine Arts Insurance            INS. CO. XL Specialty Insurance Co.

POLICY NUMBER: UM00013941SP06A            INCEPTION: May 1, 2007

EXPIRATION: August 31, 2007

COVERING ON:
*SURREALISM: EUROPE AND USA*

**Salvador Dali**
*"Flatware set, 6 pieces consisting of a simple knife (1 of 1),
simple fork (2 of 99), fancy knife (1 of 1), fancy fork (1 of 1)"*
**Gold**
Value: $500,000

PERILS INSURED: Usual "all risks" fine arts terms and conditions including transit to, from and
while at the premises of Nassau County Museum of Art, One Museum Drive,
Roslyn, NY and including any un-named locations or any transits that might be
required anywhere in the World.  ("Wall to Wall")

CERTIFICATE
ISSUED FOR:        Mrs. Marianne Cassini

THIS POLICY(s) INDICATED HEREIN APPLY WITH RESPECT TO THE RELEASE AND OR THE COVERAGES AND LIMITS OF LIABILITY INDICATED BY EFFECTED
EXCEPT WHEREIN NOT THE CERTIFICATE OF INSURANCE DOES NOT AMEND, EXTEND OR OTHERWISE ALTER THE TERMS AND CONDITIONS OF THE
INSURANCE COVERAGE IN THE POLICY(s) IDENTIFIED HEREIN.

*Ellen Hoener*
AUTHORIZED REPRESENTATIVE
ELLEN HOENER ROSS

CONFIDENTIAL

OC000229



THE MUSEUM DALI

# *Exhibition Images*

15  Henri Cartier Bresson
    *"Marcel Duchamp, French Visual Artist and Poet with Man Ray, American Photographer, Painter and Film-Maker, at Man Ray's Home." Paris, France.*
    silver gelatin photograph
    Executed in 1968. Printed later
    12 x 16 in.
    Collection of Muriel and Howard Weingrow

16  Joan Miró
    *Untitled*, 1934
    collage on map
    25 x 35 in.
    Private Collection
    © 2007 Successió Miró / Artists Rights Society (ARS), New York / ADAGP, Paris

17  Francis Picabia
    *Salome*, 1930
    oil on canvas
    76 ? x 51 in.
    Collection of Muriel and Howard Weingrow

18  Salvador Dalí
    Flatware Set, six pieces consisting of a simple knife (1 of 1), a simple fork (2 of 99), a fancy knife (1 of 1), a fancy fork (1 of 1), a large enamel spoon (1 of 99) and a small enamel spoon (1 of 99), 1957
    Gold
    Collection of Oleg Cassini
    © 2007 Salvador Dalí, Gala-Salvador Dalí Foundation / Artists Rights Society (ARS), New York.

19  Max Ernst
    *Moonmad*, 1956
    bronze with gold patina. One of an edition of 10 unsigned, cast executed in 1956, 6 numbered and 4 unnumbered
    H: 36 1/4 in.
    Collection of Muriel and Howard Weingrow
    © 2007 Artists Rights Society (ARS), New York / ADAGP, Paris

    *18*



 Internal Revenue Service
Cincinnati, OH 45999

Contact Person: Betty Turner
Badge Number: 17-03498
Telephone: 1-866-699-4083
(Toll Free Number)

November 7, 2007

Estate Tax Closing Document
(Not a bill for tax due)

MARIANNE NESTOR CASSINI
15 BIS EAST 63RD ST
NEW YORK  NY  10021

Estate Name:  OLEG L CASSINI
Social Security Number: ▓▓▓▓▓▓▓
Date of Death:  3/17/2006

We have determined the following:

| | | |
|---|---|---|
| NET ESTATE TAX: | $ | 0.00 |
| STATE DEATH TAX CREDIT/DEDUCTION*: | $ | 64,400.00 |
| GENERATION-SKIPPING TAX: | $ | 0.00 |

These figures do not include any interest and penalties that may be charged.

Please keep this document in your permanent records.  You may need it to complete administration of the estate, such as: close probate proceedings, transfer title to property, and settle state taxes.  Keep it with your cancelled check(s) to show that you have met the estate tax obligation.  Proof of payment in the amount shown above releases you of personal liability (IRC 2204).  If the time for payment in the amount shown above is extended under section 6161, 6163, or 6166, personal liability is not released until full payment has been received.

We will not reopen this return unless you notify us of changes to the return, or there is evidence of misrepresentation of a material fact, a clearly defined substantial error based upon an established Service position or a serious administrative omission. (See Rev. Proc 2005-32; IRB 2005-23 page 1206.

*R. A. Mitchell*

Director, Compliance Campus Operations

*For dates of death after 12/31/04, this amount represents the State Death Tax Deduction.

CONFIDENTIAL

OC000231

CONFIDENTIAL

OC000232

FIRST-CLASS MAIL
POSTAGE AND FEES PAID
IRS
PERMIT NO. G-48

Internal Revenue Service
Cincinnati, OH 45999

Official Business
Penalty for Private Use, $300

MARIANNE NESTOR CASSINI
15 BIS EAST 63RD ST
NEW YORK NY 10021

10001



New York State Department of
**Taxation and Finance**
Audit Division - TTTB - Estate Tax Audit
W A Harriman Campus
Albany NY 12227

1 800 641-0004
(518) 457-5500

Date: 9/12/07

Estate tax paid:  $64,400.00

Interest paid:  $0.00

Penalty paid:  $0.00

MARIANNE NESTOR CASSINI
15 EAST 63RD STREET
NEW YORK NY  10021

RE:  Estate of:  OLEG L. CASSINI

County of:  NASSAU

Date of death:  3/17/06

Social security number: 

### New York State Estate Tax Closing Letter

(This is a *Certification of No Tax Due*, a *Final Receipt for Tax Due*, or a *Final Receipt for Agreed Tax*.)

# This is not a bill.

The New York State estate tax, interest, and penalty paid, if any, is shown above.  The estate's
obligations have been satisfied. Keep this receipt for your records. You may present a copy of this
letter, with your canceled checks if a tax was due, as proof of payment of the New York State estate
tax.

You should keep a copy of this letter as a permanent record.  Your attorney may need it to close any
probate proceedings that might have been started in a surrogate's court.  This letter is evidence that
the New York State estate tax return for this estate has either been accepted as filed or accepted
after an adjustment to which you or your representative agreed.

This closing letter is issued under New York State Tax Law, Article 26, section 981 (a), (b), or (c).
However, this letter does not apply to any additional taxes imposed by Tax Law section 954-a, 958-a,
or 979.  This case will not be reopened unless a previously undisclosed asset is identified or there is
a final determination of a federal change or correction required to be reported pursuant to Tax Law
section 979(a) and which does not agree with the New York return as filed or adjusted.

If you have any questions, please contact the Tax Department at one of the telephone numbers
listed above.

Estate Tax Section

NOTE: A copy of this letter is being provided to the Surrogate's Court of NASSAU.

AU-901 (6/06)     MNP0000042 2441215

CONFIDENTIAL

OC000233

OLEG CASSINI

June 3rd
1993.

I Oleg Cassini
being of sound mind
make the following
decision.

Upon my death all
my possessions pass
to my wife Marianne
Nester Cassini.
She can withdraw
at her pleasure

CONFIDENTIAL

OC000234

all my liquid funds
at chemical Bank,
Bankers Trust Union
Des Banques Suisses
and Merrill Lynch
(read)

Oleg Cassini

CONFIDENTIAL

**Cassini Parfums, Ltd.**

M N. will be responsible To
Take financial care of Dana -
also will control destiny
of all my animals.
she will at her discretion
employ from Time To Time
Igor Cassini for public
relations.
being of sound mind

P.S. Naturally OCI and the
perfume business will go
To M.N.

3 West 57th Street
New York, N.Y. 10019

Telephone
(800) 441-6534
(212) 755-3490

Telefax (212) 308-3053



August 6, 1980

Aronld I. Biegan
BOOTH LIPTON & LIPTON
405 Park Avenue
New York City, N.Y.

Dear Arnold:

I hereby notify you that the last will & testament
that I signed in your offices at 405 Park Avenue
New York City, on February 1977 is null and void.

I have tried for several weeks to sit down and
finish a new will and until this is terminated,
I leave all my possessions, business, houses ,
furniture etc. to Marianne Nestor, and she is to
be sole executor.

As I am of sound mind, I believe this will be sufficient
for the time being, until you can  get together with
me and set forth an acceptable document.

Very Truly Yours,

Oleg Cassini

P.S.  Please acknowledge receipt by signing
where indicated and returning a copy to me.

received by
Arnold I. Biegan

_____

sent by certified
mail

257 Park Avenue So., Suite 1506          Telephone (212) 477-3770
New York, N.Y. 10010                     Telex: 427003 OLEGUI

# *Cassini Parfums, Ltd.*

January 2, 1990

Marianne Nestor
210 Avenue of the Americas
New York City, N.Y.   10014

Dear Ms. Nestor:

This letter is to confirm our understanding relative to granting you
an irrevocable, non-negotiable and non-transferable option to purchase
from Cassini Parfums, Ltd. one hundred (100) shares of no par common stock of
Cassini Parfums, Ltd.   I am the holder of one hundred (100) shares of Cassini
Parfums, Ltd. stock, representing all of the issued and outstanding common
stock of the Cassini Parfums, Ltd. company.  The total authorized issue are one
thousand  (1,000) shares without par value.

In consideration of ten ($10.) dollars and other good and valuable consideration
I hereby agree to grant to you an irrevocable option and right to purchase
from Cassini Parfums, Ltd.  one hundred (100) shares of the no-par common stock of
Cassini Parfums, Ltd. stock for the sum of five hundred ($500.) dollars.

The irrevocable option granted hereunder shall lapse after ten(10) years from
the date of this letter, and may not be assigned, transferred or otherwise
disposed of, without our written consent.

In order to exercise this option, you shall notify us in writing, sent by
certified mail, return receipt requested, or hand delivered, to the
address below.  The closing shall take place thirty (30) days after notice.

During the  term of this irrevocable option, I , as the sole stockholder of
the corporation, and its only director, individually and on behalf of the
corporation, agree that the corporation shall not undertake the following:

1. to amend its Certificate of Incorporation, or to issue any additional
   capital stock,

2. to transfer or sell any of its material assets,

3. to hypothecate any of its capital stock or any substantial asset of the
   corporation, or any of the rights set forth in this paragraph.

Any corporate action  by Cassini Parfums, Ltd. which shall require the approval
of its Board of Directors or stockholders shall not be undertaken without first
affording to you ten (10) days notice of such contemplated action.   In the event
that you do not object to such action, withinthe ten (10) day period, then your
consent shall be conclusively presumed.  In the event of your objection, such
proposed action will not be taken.

3 West 57th Street
8th Floor
CONFIDENTIAL 10019

Telephone (212) 753 7540
Telex 427003 OLEG UI
Telefax (212) 838 0236

# Cassini Parfums, Ltd.

Marianne Nestor
January 2, 1990
page 2

At the closing, a stock certificate for one hundred (100) shares shall be presented and delivered to you.

Prior to or simultaneously with the closing, we shall enter into a Stockholders Agreement which shall provide for, but shall not be limited to :

    (a)   Election of officers;

    (b)   Election of directors;

    (c)   Restriction as to disposition and transference of shares;

    (d)   Terms of payment for any sale or other transference of shares.

If the foregoing correctly sets forth our understanding, kindly indicate your acceptance by signing below and returning an executed copy to me.

Very truly yours,

Oleg Cassini
Cassini Parfums, Ltd.

Agreed and accepted
Marianne Nestor

3 West 57th Street
8th Floor
New York, NY 10019

Telephone (212) 753-1540
Telex 42003 OLEG UI
Telefax (212) 751-9737

CONFIDENTIAL 0010
NESTOR000237



Effective December 31, 1995, the loan payable to me of $11,900,000. (eleven million nine hundred thousand dollars) should be recharacterized as additional paid in capital to Cassini Parfums Ltd.

Sincerely,

Oleg Cassini

April 1996

Oleg Cassini
CASSINI PARFUMS LTD.
3 West 57th Street
New York City, N.Y.
10019

Dear Oleg,

Thank you so much for your January 2, 1990 letter and offer
re the irrevocable option to purchase all of the issued and outstanding
shares of Cassini Parfums Ltd.

Your offer is accepted, payment having already been made.

Sincerely,

Marianne Nestor

OC000239



OC090240



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
201 W RIVERCENTER BLVD
COVINGTON, KY  41011
STOP 824G

Marianne Cassini
135 E 19th Street
New York, NY  10003

PERSON TO CONTACT:
Ms. Webster
TELEPHONE NUMBER:
1-866-699-4083 EXT 443404
FAX NUMBER:
855-386-5128
DATE:
July 24, 2017

RE:    Oleg Cassini Estate

SSN:    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V
FORM: 706

Dear Ms. Cassini:

The amended return dated March 17, 2017, for the above estate has been accepted as filed. The figures on the closing letter will remain the same. Therefore, no new letter will be issued.

If you have any questions regarding this information, please feel free to contact me at the above number.

Sincerely,

Enclosures:
Copy of letter

Paralegal Specialist
Estate & Gift

EXHIBIT 3

IRS LETTER SENT JULY 14, 2022

TRANSMISSION VERIFICATION REPORT

```
                                    TIME   : 07/14/2022 12:53
                                    NAME   :
                                    FAX    :
                                    TEL    :
                                    SER. # : U63274M6J200748
```

```
DATE,TIME              07/14  12:08
FAX NO./NAME           0553065128
DURATION               00:41:05
PAGE(S)                148
RESULT                 OK
MODE                   STANDARD
                       ECM
```

MARIANNE NESTOR CASSINI

Ms. Julie Webster
Paralegal Specialist
Estate & Gift
Department of the Treasury
Internal Revenue Service
201 Rivercenter Blvd.
Covington Ky. 41011

July 14, 2022

SSN: 115-077946V
FORM 706

Dear Ms. Webster,

I write to request a letter confirming that, after a thorough review of the documents, the IRS decision and closing letter of July 24, 2017, the amended 706 of my husband's estate is accepted as filed with no tax due.

It was concluded that Cassini Parfums Ltd. was purchased by the undersigned, that Oleg Cassini Inc. was held as Joint Tenants with Rights of Survivorship, passing to me upon Oleg's untimely death, and the IRA in my name, since 1996, passed out of the Estate.

For reference, attached, is the letter of July 24, 2017, to the undersigned, regarding the amended 706, responding to my submission of 3/13/2017 for an amended document, attached as well.

The amended 706, was accepted as filed, with no tax due. Both companies are the property of Marianne Nestor Cassini, as well as an IRA, in the name of Marianne Nestor since 1996, all three entities were not in Oleg Cassini's probated will of 1992.

My contact cell phone is 917 679 2558.

Thank you for your assistance and I will again reach out by phone. I was unable to get through previously.

Thanking you in advance.

Sincerely,

*Marianne Nestor Cassini*

With enclosures - documents sent by US Postal Service & Fax 855 386 5128



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**201 W RIVERCENTER BLVD**
**COVINGTON, KY 41011**
**STOP 824G**

Marianne Cassini
135 E 19th Street
New York, NY 10003

PERSON TO CONTACT:
Ms. Webster
TELEPHONE NUMBER:
1-866-699-4083 EXT 443404
FAX NUMBER:
855-386-5128
DATE:
July 24, 2017

RE:    Oleg Cassini Estate

SSN:   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V
FORM: 706

Dear Ms. Cassini:

The amended return dated March 17, 2017, for the above estate has been accepted as filed. The figures on the closing letter will remain the same. Therefore, no new letter will be issued.

If you have any questions regarding this information, please feel free to contact me at the above number.

Sincerely,

Enclosures:
Copy of letter

Paralegal Specialist
Estate & Gift

MARIANNE CASSINI

Internal Revenue Service
Cincinnati, OH 45999

Re: 706
Oleg L. Cassini
SS 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
DOD 3/17/06

March 13, 2017

Gentlepeople,

Attached, please find updated 706, reference Oleg L. Cassini - SS number 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.

Exhibit 1 - Updated corrected information of 706 and Exhibits.

Exhibit 2 - Original 706 document.

The exhibits listed below - tie into - the numbers on the 706 documents.

Exhibit B - IRA $660,693. US Trust, which has been excluded, passed out of the estate to Oleg's wife, Marianne.

Exhibit F - Cassini Parfums Ltd. - Purchase of Cassini Parfums Ltd in 1996 prior to death of Oleg in 2006. Included herein are the original option document, the exercise of option, and copy of cancelled check re: purchase.

Therefore, the value included in original 706 of $1,595,000. dollars is excluded due to the fact that the Option was exercised in 1996 prior to death of Decedent 3/17/06.

Exhibit E1 - The value of 135 East 19th Street in 2006 was $6,570,000.
The prior number of $9,000,000. was incorrect.
Please see attached statement from New York City Property Assessment.

Exhibit E5 - The value of Oleg Cassini Inc. in original 706, was incorrect. The value of the property of 313 McCouns Lane, Oyster Bay Cove, New York 11771 is $10,117,900. from 2006. A copy of real estate tax assessment from Nassau County of 2006, in the amount of $10,117,900. is attached.

313 McCOUNS LANE          OYSTER BAY COVE, NY 11771

# Exhibit Four

Christopher Kelly

**From:** Eugene Shifrin <eshifrin@nycourts.gov>
**Sent:** Thursday, January 07, 2016 3:56 PM
**To:** Christopher Kelly
**Cc:** 'Harper, Robert M.'; 'Barnosky, John'; 'Kenneth P. Mahon'; Charles Kaplan; movearound@aol.com; jvreppert@reppertkelly.com
**Subject:** RE: Estate of Cassini

Counsel;

Judge Reilly has asked me to advise you that the court will be severing the cross-motion seeking the appointment of a receiver returnable January 13, 2016 so that opposition to the cross-motion will not be due at this time.

Gene Shifrin

**From:** Christopher Kelly [mailto:ckelly@reppertkelly.com]
**Sent:** Thursday, January 07, 2016 2:15 PM
**To:** Eugene Shifrin <eshifrin@nycourts.gov>
**Cc:** Eugene Shifrin <eshifrin@nycourts.gov>; 'Harper, Robert M.' <RHarper@FarrellFritz.com>; 'Barnosky, John' <JBarnosky@FarrellFritz.com>; 'Kenneth P. Mahon' <kmahon@mahonlaw.com>; Charles Kaplan <ckaplan@sillscummis.com>; movearound@aol.com; jvreppert@reppertkelly.com
**Subject:** Estate of Cassini

Dear Mr. Shifrin,

Attached please see our letter to Judge Reilly in reply to Mr. Harper's letter dated today.

Christopher P. Kelly, Esq.
Reppert Kelly, LLC
120 Mountainview Boulevard
P.O. Box 509
Basking Ridge, New Jersey 07920
(908) 605-2120
(908) 605-2121 (fax)
Email: ckelly@reppertkelly.com

Exhibit Five

Exhibit 20Link 19 Oral Argument 9/25/19 – AD2

http://wowza.nycourts.gov/vod/vod.php?source=ad2&video=VGA.1569434501.External_(Public).

LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.

ORDERED that the appeals from the orders dated November 14, 2017, and December 21, 2017, respectively, are dismissed; and it is further,

ORDERED that the order dated March 6, 2017, is reversed, on the law, the petitioner's motion to vacate the order dated July 1, 2016, is granted, the order dated July 1, 2016, is vacated, the matter is remitted to the Surrogate's Court, Nassau County, for a new determination of the objectants' cross motion to appoint a receiver, and pending the new determination of the cross motion, the receiver appointed pursuant to the order dated July 1, 2016, shall continue as temporary receiver; and it is further,

ORDERED that the amended order dated November 13, 2017, is reversed, on the law, the petitioner's motion to vacate and declare void all decisions, orders, and judgments entered after March 14, 2016, is granted to the extent that all decisions, orders, and judgments entered in all proceedings herein between March 14, 2016, and July 25, 2016, are vacated, and the motion is otherwise denied; and it is further,

ORDERED that one bill of costs is awarded to the petitioner.

ENTER:

Aprilanne Agostino
Clerk of the Court

SUPREME COURT, STATE OF NEW YORK
APPELLATE DIVISION SECOND DEPT.
I, APRILANNE AGOSTINO, Clerk of the Appellate Division of
the Supreme Court, Second Judicial Department, do hereby certify
that I have compared this copy with the original filed in my office or
and that this copy is a correct transcription of said original
IN WITNESS WHEREOF I have hereunto set my hand and affix
the seal of this Court on

APPEAL,ACO

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:22-cv-01696-DG-AYS

Nestor Cassini et al v. County of Nassau et al
Assigned to: Judge Diane Gujarati
Referred to: Magistrate Judge Anne Y. Shields
Demand: $350,000,000
Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 03/27/2022
Date Terminated: 08/13/2024
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Marianne Nestor Cassini**

represented by **Kristina Susanna Heuser**
Kristina S. Heuser, PC
Po Box 672
Locust, NY 11560
516-676-1565
Fax: 516-676-6382
Email: kheuser@lc.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Oleg Cassini, Inc.**
*TERMINATED: 08/05/2022*

represented by **Kristina Susanna Heuser**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cassini Parfums Ltd.**
*TERMINATED: 08/05/2022*

represented by **Kristina Susanna Heuser**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gemeaux Ltd.**

represented by **Kristina Susanna Heuser**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**County of Nassau**

represented by **Matthew M Rozea**
Office of the County Attorney
1 West Street
11501
Mineola, NY 11771
516-571-0709
Email: mrozea@nassaucountyny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian Curran**
*in his official capacity as NASSAU*
*COUNTY PUBLIC AMINISTRATOR*

represented by **Matthew M Rozea**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffrey Deluca**

represented by **Matthew M Rozea**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kenneth Mahon**

represented by **Kimberly J. Glenn**
L'Abbate Balkan Colavita & Contini
3 Huntington Quadrangle
Suite 102s
Melville, NY 11747
516-294-8844
Fax: 516-294-8202
Email: kglenn@lbcclaw.com
*ATTORNEY TO BE NOTICED*

**Marian C. Rice**
L'Abbate Balkan Colavita & Contini
3 Huntington Quadrangle
Suite 102-S
Melville, NY 11747
516-294-8844
Email: mrice@lbcclaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Margaret C. Reilly**

represented by **Anjali Bhat**
New York State Office of the Attorney
General
28 Liberty Street
New York, NY 10005
212-416-8632
Email: anjali.bhat@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Adam Sutro**
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
212-416-8273
Email: ssutro@boydlawgroup.com
*TERMINATED: 08/07/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Anne Figueira**
Office of Attorney General
28 Liberty Street
New York, NY 10005
212-416-8528
Fax: 212-416-4009
Email: elizabeth.figueira@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rosalia Baiamonte**
      represented by **Jeffrey A. Miller**
Westerman Ball Ederer Miller & Sharfstein,
LLP
1201 RXR Plaza
Uniondale, NY 11556
516-622-9200
Fax: 516-622-9212
Email: jmiller@westermanllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffrey Miller**
      represented by **Brett A Scher**
Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Drive
Suite 201
Woodbury, NY 11797
516-681-1100
Fax: 516-681-1101
Email: bscher@kdvlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Doyle Galleries, Inc.**
      represented by **Kevin Patrick Mulry**
400 RXR Plaza
Uniondale, NY 11556
516-227-0700
Email: kmulry@farrellfritz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**James Dzurends**
*in his official capacity as NASSAU
COUNTY SHERIFF*
      represented by **Matthew M Rozea**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joseph Fucito**
*in his official capacity as NEW YORK CITY
SHERIFF*
      represented by **Inna Shapovalova**
New York City Law Department
Special Federal Litigation
100 Church Street
3rd Floor

Ste 3-179
New York, NY 10007
212-356-2656
Email: inshapov@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John & Jane Doe 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/27/2022 | 1 | COMPLAINT *(Verified)* against All Defendants filing fee $ 402, receipt number ANYEDC-15412058 Was the Disclosure Statement on Civil Cover Sheet completed -NO,, filed by Cassini Parfums Ltd., Oleg Cassini, Inc., Gemeaux Ltd., Marianne Nestor Cassini. (Attachments: # 1 Verification of Complaint by Marianne Nestor Cassini, # 2 Exhibit A to Complaint, # 3 Exhibit B to Complaint, # 4 Civil Cover Sheet) (Heuser, Kristina) Modified on 3/28/2022 (Landow, Concetta). (Entered: 03/27/2022) |
| 03/28/2022 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (Landow, Concetta) (Entered: 03/28/2022) |
| 03/28/2022 | | Case Assigned to Judge Diane Gujarati and Magistrate Judge Anne Y. Shields. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Landow, Concetta) (Entered: 03/28/2022) |
| 03/28/2022 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent <u>unless</u> all parties have signed the consent.** (Landow, Concetta) (Landow, Concetta). (Entered: 03/28/2022) |
| 04/01/2022 | 4 | Proposed Summons. by Cassini Parfums Ltd., Gemeaux Ltd., Marianne Nestor Cassini, Oleg Cassini, Inc. (Attachments: # 1 Proposed Summons, # 2 Proposed Summons, # 3 Proposed Summons, # 4 Proposed Summons, # 5 Proposed Summons, # 6 Proposed Summons) (Heuser, Kristina) Modified on 4/11/2022 (Landow, Concetta). (Entered: 04/01/2022) |
| 04/05/2022 | | Your proposed summons was not issued for one of the following reasons: **If multiple defendants, there must me a rider attached to the summons with the name and addresses of all defendants included.,**<br><br>Please correct and resubmit using Proposed Summons/Civil Cover Sheet. (Herrera, Isaiah) (Entered: 04/05/2022) |

| 04/13/2022 | 5 | ORDER: Initial Conference set for 9/22/2022 at 11:30 AM before Magistrate Judge Anne Y. Shields.The parties are directed to call the ATTteleconferencing center at (877) 810-9415 and to enter Access Code9005911 when prompted. See order and attachments. Ordered by Magistrate Judge Anne Y. Shields on 4/13/2022. (Attachments: # 1 AYS Rules, # 2 Joint Letter Requirements) (Torres, Jasmine) (Entered: 04/13/2022) |
|---|---|---|
| 04/14/2022 | 6 | Proposed Summons. by Cassini Parfums Ltd., Gemeaux Ltd., Marianne Nestor Cassini, Oleg Cassini, Inc. (Attachments: # 1 Rider) (Heuser, Kristina) (Entered: 04/14/2022) |
| 05/03/2022 | 7 | SUMMONS ISSUED as to **County of Nassau, Brian Curran, James Dzurends, Jeffrey Deluca, Kenneth Mahon, Esq., Hon. Margaret C. Reilly, Rosalia Baiamonte** c/o Gassman Baiamonte Gruner, P.C., **Jeffrey Miller, Esq., William Doyle Galleries, Inc., Joseph Fucito.** (Latka-Mucha, Wieslawa) (Entered: 05/03/2022) |
| 06/01/2022 | 8 | NOTICE of Appearance by Matthew M Rozea on behalf of County of Nassau, Brian Curran, Jeffrey Deluca, James Dzurends (aty to be noticed) (Rozea, Matthew) (Entered: 06/01/2022) |
| 06/02/2022 | 9 | NOTICE of Appearance by Jeffrey A. Miller on behalf of Rosalia Baiamonte (aty to be noticed) (Miller, Jeffrey) (Entered: 06/02/2022) |
| 06/03/2022 | 10 | NOTICE of Appearance by Marian C. Rice on behalf of Kenneth Mahon (aty to be noticed) (Rice, Marian) (Entered: 06/03/2022) |
| 06/03/2022 | 11 | First MOTION for pre motion conference by County of Nassau, Brian Curran, Jeffrey Deluca, James Dzurends. (Rozea, Matthew) (Entered: 06/03/2022) |
| 06/03/2022 | 12 | Letter MOTION for pre motion conference by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 06/03/2022) |
| 06/03/2022 | 13 | Letter MOTION for pre motion conference by Kenneth Mahon. (Rice, Marian) (Entered: 06/03/2022) |
| 06/06/2022 | 14 | NOTICE of Appearance by Brett A Scher on behalf of Jeffrey Miller (aty to be noticed) (Scher, Brett) (Entered: 06/06/2022) |
| 06/07/2022 | 15 | Letter MOTION for Extension of Time to File Response/Reply as to 13 Letter MOTION for pre motion conference , 11 First MOTION for pre motion conference , 12 Letter MOTION for pre motion conference by Cassini Parfums Ltd., Gemeaux Ltd., Marianne Nestor Cassini, Oleg Cassini, Inc.. (Heuser, Kristina) (Entered: 06/07/2022) |
| 06/08/2022 | 16 | NOTICE of Appearance by Kevin Patrick Mulry on behalf of William Doyle Galleries, Inc. (aty to be noticed) (Mulry, Kevin) (Entered: 06/08/2022) |
| 06/08/2022 | 17 | Letter MOTION for pre motion conference by William Doyle Galleries, Inc.. (Mulry, Kevin) (Entered: 06/08/2022) |
| 06/08/2022 | 18 | NOTICE of Appearance by Kevin Patrick Mulry on behalf of William Doyle Galleries, Inc. (notification declined or already on case) (Mulry, Kevin) (Entered: 06/08/2022) |
| 06/08/2022 | 19 | Letter *Re: Re-Motion Conference* by William Doyle Galleries, Inc. (Mulry, Kevin) (Entered: 06/08/2022) |
| 06/08/2022 | | ORDER granting 15 Motion for Extension of Time to File: The motion is granted. Plaintiffs shall file their response(s) to Defendants' 11 12 13 Motions for pre motion conference by June 20, 2022. Ordered by Judge Diane Gujarati on 6/8/2022. (Almonte, Kelly) (Entered: 06/08/2022) |
| 06/20/2022 | 20 | Letter *responding to Nassau County Attorney's letter requesting pre-motion conference* by Cassini Parfums Ltd., Gemeaux Ltd., Marianne Nestor Cassini, Oleg Cassini, Inc. (Heuser, |

| | | Kristina) (Entered: 06/20/2022) |
|---|---|---|
| 06/20/2022 | 21 | Letter *responding to Mr. Miller's letter requesting pre-motion conference* by Cassini Parfums Ltd., Gemeaux Ltd., Marianne Nestor Cassini, Oleg Cassini, Inc. (Heuser, Kristina) (Entered: 06/20/2022) |
| 06/20/2022 | 22 | Letter *responding to Ms. Rice's (on behalf of Defendant Mahon) letter requesting pre-motion conference* by Cassini Parfums Ltd., Gemeaux Ltd., Marianne Nestor Cassini, Oleg Cassini, Inc. (Heuser, Kristina) (Entered: 06/20/2022) |
| 06/24/2022 | | ORDER re: 17 Letter MOTION for pre motion conference: On June 8, 2022, Defendant William Doyle Galleries, Inc. filed a 17 Letter MOTION for pre-motion conference requesting a pre-motion conference in anticipation of filing a motion to dismiss. To date, Plaintiffs have failed to file a response, as required by the undersigned's Individual Practice Rules. *See* Individual Practice Rule III.A. Plaintiffs are directed to respond to Defendant's 17 Letter MOTION for pre-motion conference by July 1, 2022. Ordered by Judge Diane Gujarati on 6/24/2022. (Almonte, Kelly) (Entered: 06/24/2022) |
| 07/01/2022 | 23 | Letter *responding to Defendant William Doyle Galleries, Inc.'s letter requesting pre-motion conference* by Cassini Parfums Ltd., Gemeaux Ltd., Marianne Nestor Cassini, Oleg Cassini, Inc. (Heuser, Kristina) (Entered: 07/01/2022) |
| 07/05/2022 | | ORDER denying 11 12 13 17 Motions for pre motion conference and granting leave to amend: In their letters in response to Defendants' motions for pre-motion conference, Plaintiffs request leave to amend the Complaint in this action. *See* ECF No. 20 at 3; ECF No. 21 at 2; ECF No. 22 at 3; ECF No. 23 at 3. The Court has determined that leave to amend is appropriate here, where the record does not reflect any undue delay, bad faith by Plaintiffs, that amendment at this stage will result in undue prejudice to Defendants, or that amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend] when justice so requires"); *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02978, 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) ("Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend."). Plaintiffs shall file their amended complaint on or before August 5, 2022, in accordance with the undersigned's Individual Practice Rules. *See* Individual Practice Rule I.E. Defendants' 11 12 13 17 Motions for pre motion conference are denied without prejudice to Defendants renewing their requests after that deadline. Ordered by Judge Diane Gujarati on 7/5/2022. (Almonte, Kelly) (Entered: 07/05/2022) |
| 07/19/2022 | 24 | Letter MOTION for Extension of Time to File Answer re 1 Complaint, *respectfully requesting that defendant Fucito be relieved of the obligation to respond to plaintiffs Complaint, and be permitted instead to respond only to plaintiffs Amended Complaint* by Joseph Fucito. (Shapovalova, Inna) (Entered: 07/19/2022) |
| 07/21/2022 | | ORDER granting 24 Motion for Extension of Time to Answer: Joseph Fucito answer due 8/19/2022. So Ordered by Magistrate Judge Anne Y. Shields on 7/21/2022. (Minerva, Deanna) (Entered: 07/21/2022) |
| 08/05/2022 | 25 | AMENDED COMPLAINT against All Defendants, filed by Gemeaux Ltd., Marianne Nestor Cassini. (Attachments: # 1 Amended Complaint showing markup (redline), # 2 Exhibit NYS Appellate Division Order, # 3 Exhibit NYS Appellate Division Order) (Heuser, Kristina) (Entered: 08/05/2022) |
| 08/19/2022 | 26 | Joint MOTION for pre motion conference *Joint letter motion to the Honorable Diane Gujarati requesting a pre-motion conference in advance of filing a Rule 12 Motion to Dismiss Plaintiffs' Amended Complaint* by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 08/19/2022) |

| 08/19/2022 | 27 | Letter MOTION for pre motion conference *in advance of a motion to dismiss the Amended Complaint (Doc. No. 25) pursuant to Fed. R. Civ. P. 12(b)(6).* by William Doyle Galleries, Inc.. (Mulry, Kevin) (Entered: 08/19/2022) |
| 08/19/2022 | 28 | NOTICE of Appearance by Steven Adam Sutro on behalf of Margaret C. Reilly (aty to be noticed) (Sutro, Steven) (Entered: 08/19/2022) |
| 08/19/2022 | 29 | Letter MOTION to Dismiss *the Amended Complaint* by Margaret C. Reilly. (Sutro, Steven) Modified on 9/12/2022 to correct event type. (Almonte, Kelly) (Entered: 08/19/2022) |
| 08/19/2022 | 30 | MOTION for pre motion conference *respectfully requesting that the Court schedule a pre-motion conference to discuss defendant Fucito's contemplated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* by Joseph Fucito. (Shapovalova, Inna) (Entered: 08/19/2022) |
| 08/19/2022 | 31 | Letter MOTION for pre motion conference *County Defendants' Renewed Letter Motion requesting a Pre-Motion Conference* by County of Nassau, Brian Curran, Jeffrey Deluca, James Dzurends. (Rozea, Matthew) (Entered: 08/19/2022) |
| 08/22/2022 | 32 | Letter MOTION for pre motion conference by Kenneth Mahon. (Rice, Marian) (Entered: 08/22/2022) |
| 08/25/2022 | 33 | Letter MOTION for Extension of Time to File Response/Reply as to 32 Letter MOTION for pre motion conference , 30 MOTION for pre motion conference *respectfully requesting that the Court schedule a pre-motion conference to discuss defendant Fucito's contemplated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,* 31 Letter MOTION for pre motion conference *County Defendants' Renewed Letter Motion requesting a Pre-Motion Conference,* 29 Letter MOTION to Dismiss *the Amended Complaint* by Gemeaux Ltd., Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 08/25/2022) |
| 08/26/2022 | | ORDER granting 33 Letter MOTION for Extension of Time to File Response/Reply -- The motion is granted. Plaintiffs shall file their responses to Defendants Baiamonte and Miller's 26 Joint MOTION for pre motion conference and Defendant William Doyle Galleries, Inc.'s 27 Letter MOTION for pre motion conference by August 26, 2022. Plaintiffs shall file their responses to Defendant Reilly's 29 Letter MOTION and Defendant Fucito's 30 MOTION for pre motion conference by September 2, 2022. Plaintiffs shall file their responses to the County Defendants' 31 Letter MOTION for pre motion conference and Defendant Mahon's 32 Letter MOTION for pre motion conference by September 9, 2022. Ordered by Judge Diane Gujarati on 8/26/2022. (Sanders, Scott) (Entered: 08/26/2022) |
| 08/26/2022 | 34 | RESPONSE in Opposition re 27 Letter MOTION for pre motion conference *in advance of a motion to dismiss the Amended Complaint (Doc. No. 25) pursuant to Fed. R. Civ. P. 12(b)(6).* filed by Gemeaux Ltd., Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 08/26/2022) |
| 08/26/2022 | 35 | RESPONSE in Opposition re 26 Joint MOTION for pre motion conference *Joint letter motion to the Honorable Diane Gujarati requesting a pre-motion conference in advance of filing a Rule 12 Motion to Dismiss Plaintiffs' Amended Complaint and letter motion requesting pre-motion conference regarding plaintiffs' desire to move to disqualify Mr. Miller based upon the advocate-witness rule* filed by Gemeaux Ltd., Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 08/26/2022) |
| 09/02/2022 | 36 | Letter *to the Honorable Diane Gujarati from Jeffrey A. Miller, Esq. in response to Plaintiffs' letter dated August 26, 2022 requesting a pre-motion conference* by Rosalia Baiamonte (Miller, Jeffrey) (Entered: 09/02/2022) |

| 09/02/2022 | 37 | RESPONSE in Opposition re 29 Letter MOTION to Dismiss *the Amended Complaint* filed by Gemeaux Ltd., Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 09/02/2022) |
| 09/02/2022 | 38 | RESPONSE in Opposition re 30 MOTION for pre motion conference *respectfully requesting that the Court schedule a pre-motion conference to discuss defendant Fucito's contemplated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* filed by Gemeaux Ltd., Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 09/02/2022) |
| 09/09/2022 | 39 | RESPONSE in Opposition re 32 Letter MOTION for pre motion conference filed by Gemeaux Ltd., Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 09/09/2022) |
| 09/09/2022 | 40 | RESPONSE in Opposition re 31 Letter MOTION for pre motion conference *County Defendants' Renewed Letter Motion requesting a Pre-Motion Conference* filed by Gemeaux Ltd., Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 09/09/2022) |
| 09/12/2022 | | ORDER granting 26 27 29 30 31 32 Motions for Pre Motion Conference -- A pre-motion conference on Defendants' anticipated motions to dismiss will be held on October 12, 2022 at 2:00 p.m. The call-in information for the telephone conference is **1-877-336-1839** and the access code is **2643682**. Counsel should call in to the telephone conference five minutes before the conference begins. Persons granted remote access to proceedings are reminded that photographing, recording, and rebroadcasting of any court proceeding or communication with the Court are prohibited. Violation of these prohibitions may result in sanctions. A transcript of the proceedings may be ordered from the Clerk's Office. If any party has difficulty accessing the telephone conference, please contact chambers at Gujarati_Chambers@nyed.uscourts.gov. Ordered by Judge Diane Gujarati on 9/12/2022. (Almonte, Kelly) (Entered: 09/12/2022) |
| 09/15/2022 | 41 | Letter MOTION to Adjourn Conference */pre-trial conference currently scheduled for September 22, 2022* by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 09/15/2022) |
| 09/20/2022 | | ORDER granting 41 Motion to Adjourn Conference: Upon the consent of all parties, the initial conference scheduled for September 22, 2022 is adjourned to October 20, 2022 at 11:30 a.m., by telephone. All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911 when prompted. Counsel are reminded to comply with the requirements set forth at Docket Entry 5 in advance of the initial conference. So Ordered by Magistrate Judge Anne Y. Shields on 9/20/2022. (Minerva, Deanna) (Entered: 09/20/2022) |
| 10/11/2022 | 42 | NOTICE of Appearance by Kimberly J. Glenn on behalf of Kenneth Mahon (aty to be noticed) (Glenn, Kimberly) (Entered: 10/11/2022) |
| 10/12/2022 | 43 | NOTICE of Appearance by Elizabeth Anne Figueira on behalf of Margaret C. Reilly (aty to be noticed) (Figueira, Elizabeth) (Entered: 10/12/2022) |
| 10/12/2022 | | Minute Entry for proceedings held before Judge Diane Gujarati: Pre-Motion Conference held on October 12, 2022. Kristina Susanna Heuser appeared on behalf of Plaintiffs. Matthew M. Rozea appeared on behalf of Defendants County of Nassau, Brian Curran, Jeffrey Deluca, and James Dzurenda. Marian C. Rice appeared on behalf of Defendant Kenneth Mahon. Steven Adam Sutro and Elizabeth Anne Figueira appeared on behalf of Defendant Margaret C. Reilly. Jeffrey A. Miller appeared on behalf of Defendant Rosalia Baiamonte. Brett A. Scher appeared on behalf of Defendant Jeffrey Miller. Kevin Patrick Mulry appeared on behalf of Defendant William Doyle Galleries, Inc. Inna Shapovalova appeared on behalf of Defendant Joseph Fucito. Case called. Discussion held. The parties were directed to jointly propose, by **October 26, 2022**, a schedule for the coordinated briefing of motions to dismiss in this action. The parties' joint proposal shall set forth any common issues to be briefed jointly and any defendant-specific issues to be briefed |

| | | |
|---|---|---|
| | | separately, with an explanation as to why any defendant-specific briefing is warranted with regard to the issues specified. Should Plaintiffs intend to file a motion to disqualify Defendant Miller as counsel for Defendant Baiamonte, Plaintiffs and Defendants Miller and Baiamonte shall, by **October 26, 2022**, jointly propose a briefing schedule for such motion. (IH) (Entered: 10/13/2022) |
| 10/14/2022 | 44 | Letter MOTION to Stay *discovery* by Margaret C. Reilly. (Sutro, Steven) (Entered: 10/14/2022) |
| 10/14/2022 | 45 | Letter MOTION to Stay *discovery* by Margaret C. Reilly. (Sutro, Steven) (Entered: 10/14/2022) |
| 10/17/2022 | | ORDER denying 45 Motion to Stay: The request to adjourn the initial conference and relieve the parties of their requirement to file an initial joint letter is denied. The initial conference will take place, as scheduled, on October 19, 2022. All counsel shall appear. The parties are directed to comply with their obligation to file an initial joint letter by the close of business today. The Court will consider the request to stay discovery during the initial conference. So Ordered by Magistrate Judge Anne Y. Shields on 10/17/2022. (DM) (Entered: 10/17/2022) |
| 10/17/2022 | 46 | Proposed Scheduling Order - *Discovery Plan Worksheet* by Rosalia Baiamonte (Miller, Jeffrey) (Entered: 10/17/2022) |
| 10/17/2022 | | Incorrect Case/Document/Entry Information: Docket entry 44 removed from the docket as it was filed in the wrong case. (KA) (Entered: 10/17/2022) |
| 10/18/2022 | | SCHEDULING ORDER: The Court's Order of October 17, 2022 incorrectly stated that the initial conference before this Court would be held on October 19, 2022. The initial conference remains scheduled for October 20, 2022 at 11:30 a.m., by telephone. So Ordered by Magistrate Judge Anne Y. Shields on 10/18/2022. (DM) (Entered: 10/18/2022) |
| 10/18/2022 | 47 | Letter *(Initial Joint Letter)* by Gemeaux Ltd., Marianne Nestor Cassini (Heuser, Kristina) (Entered: 10/18/2022) |
| 10/19/2022 | 48 | Letter *to Magistrate Judge Anne Y. Shields from Jeffrey A. Miller, Esq. regarding submission of a purported "Joint Letter"* by Rosalia Baiamonte (Miller, Jeffrey) (Entered: 10/19/2022) |
| 10/20/2022 | 49 | Minute Entry for proceedings held before Magistrate Judge Anne Y. Shields:Initial Conference Hearing held on 10/20/2022 (FTR Log #11:34-11:38.) (JT) (Entered: 10/20/2022) |
| 10/20/2022 | | SCHEDULING ORDER: As stated on the record during the initial conference held today, all discovery is stayed pending the outcome of the motions to dismiss due to be filed before the assigned District Judge. Counsel for the parties shall advise this Court once a decision has been issued on the motions to dismiss. So Ordered by Magistrate Judge Anne Y. Shields on 10/20/2022. (DM) (Entered: 10/20/2022) |
| 10/25/2022 | 50 | Letter *to the Honorable Diane Gujarati from Jeffrey A. Miller, Esq. submitting a joint letter with proposed briefing schedules* by Rosalia Baiamonte (Miller, Jeffrey) (Entered: 10/25/2022) |
| 10/27/2022 | | ORDER re: 50 Joint Letter with Proposed Briefing Schedules: Pursuant to the Court's October 12, 2022 directive, the parties have jointly proposed a schedule for the coordinated briefing of Defendants' motions to dismiss. *See* ECF No. 50. The parties have indicated that Defendants will include all grounds for dismissal in a single joint brief, including issues that may relate to only some Defendants. *See* ECF No. 50 at 1. Briefing shall proceed as follows: Defendants shall serve their motions to dismiss, supported by a single joint brief not to exceed 50 pages, on Plaintiffs by December 23, 2022. Plaintiffs shall |

| | | serve their opposition, not to exceed 50 pages, on Defendants by February 10, 2023. Defendants shall serve their reply on Plaintiffs by March 10, 2023, at which point Defendants shall file the fully-briefed motion on ECF in accordance with Individual Practice Rule III.B.4.<br><br>Pursuant to the Court's October 12, 2022 directive, the parties' 50 Joint Letter also proposes a schedule for the briefing of Plaintiffs' motion to disqualify Defendant Miller as counsel for Defendant Baiamonte. *See* ECF No. 50. Briefing on the motion to disqualify shall proceed as follows: Plaintiffs shall serve their motion by December 23, 2022. Any opposition shall be served by February 10, 2023. Plaintiffs shall serve their reply by March 10, 2023, at which point Plaintiffs shall file the fully-briefed motion on ECF in accordance with Individual Practice Rule III.B.4. Ordered by Judge Diane Gujarati on 10/27/2022. (KA) (Entered: 10/27/2022) |
|---|---|---|
| 12/21/2022 | 51 | SUMMONS Returned Executed by Gemeaux Ltd., Marianne Nestor Cassini. Margaret C. Reilly served on 5/16/2022, answer due 6/2/2022. (Attachments: # 1 Affidavit of Service Proof of Service for Second Service of Process, # 2 Affidavit of Service Proof of Service of Third Service of Process) (Heuser, Kristina) (Entered: 12/21/2022) |
| 12/23/2022 | 52 | Letter *to Kristina S. Heuser, Esq. from Jeffrey A. Miller, Esq. on behalf of all Defendants enclosing service copies of Defendants' Notice of Motion to Dismiss and supporting documents* by Rosalia Baiamonte (Miller, Jeffrey) (Entered: 12/23/2022) |
| 12/23/2022 | 53 | Letter *to all defense counsel accompanying Notice of Motion and Memorandum of Law* by Gemeaux Ltd., Marianne Nestor Cassini (Heuser, Kristina) (Entered: 12/23/2022) |
| 02/10/2023 | 54 | Letter *Accompanying Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss* by Gemeaux Ltd., Marianne Nestor Cassini (Heuser, Kristina) (Entered: 02/10/2023) |
| 02/22/2023 | 55 | Letter *to Kristina S. Heuser, Esq. from Jeffrey A. Miller, Esq. forwarding service copies of Notice of Motion for Sanctions and Supporting Documents pursuant to Judge Gujarati's Individual Practice Rules* by Rosalia Baiamonte (Miller, Jeffrey) (Entered: 02/22/2023) |
| 03/03/2023 | 56 | Letter MOTION for Extension of Time to File Response/Reply *and request additional pages for Defendants' Reply Memorandum of Law* by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 03/03/2023) |
| 03/06/2023 | | ORDER granting 56 Letter MOTION -- The motion is granted. Defendants shall serve their reply on Plaintiffs by March 24, 2023, at which point Defendants shall file the fully-briefed motion on ECF in accordance with Individual Practice Rule III.B.4. Defendants are granted leave to file a reply memorandum of law limited to thirty double-spaced pages. Ordered by Judge Diane Gujarati on 3/6/2023. (KA) (Entered: 03/06/2023) |
| 03/15/2023 | 57 | Letter *accompanying Plaintiffs' opposition to Defendants' Rule 11 motion* by Gemeaux Ltd., Marianne Nestor Cassini (Heuser, Kristina) (Entered: 03/15/2023) |

| 03/15/2023 | 58 | ~~MEMORANDUM in Opposition re 55 Letter, *(Motion for Sanctions)* filed by Gemeaux Ltd., Marianne Nestor Cassini. (Attachments: # 1 Declaration of Kristina S. Heuser, # 2 Exhibit A (Verified Amended Complaint), # 3 Exhibit B (Last Will and Testament of Oleg Cassini), # 4 Exhibit C (Proof of Ownership of Oleg Cassini, Inc.), # 5 Exhibit D (Proof of Ownership of Cassini Parfums Ltd.), # 6 Exhibit E (IRS letter confirming no tax due on Amended Estate Tax Return), # 7 Exhibit F (Response to Inventory of Auctioned Items with Proof of Ownership), # 8 Exhibit G (Appraisal of Nassau County Property Sold at Well Below Market Value), # 9 Exhibit H (Newsday Article Quoting Judge Azrack Describing Long Island's Culture of Corruption), # 10 Email from opposing counsel evening of return date rejecting opposition papers) (Heuser, Kristina)~~ **STRICKEN** *pursuant to Order dated 3/22/2023.* (IH) (Entered: 03/15/2023) |
| 03/16/2023 | 59 | Joint MOTION for Extension of Time to File Response/Reply *Letter to the Honorable Diane Gujarati from Jeffrey A. Miller, Esq. and Brett A. Scher, Esq.* by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 03/16/2023) |
| 03/22/2023 | | ORDER striking 58 MEMORANDUM in Opposition -- On February 22, 2023, Defendants Baiamonte and Miller ("Defendants") filed a letter indicating that they had served a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c) on Plaintiffs. *See* ECF No. 55. In the letter, Defendants indicated that, pursuant to the undersigned's Individual Practice Rules, Defendants would "electronically file all motion papers once the motion is fully briefed." *See* ECF No. 55. On March 15, 2023 -- before Defendants' Rule 11(c) motion was filed -- Plaintiffs filed their opposition to the motion. *See* ECF No. 58. The Clerk of Court is respectfully directed to strike Docket Entry 58 from the docket. In the event Plaintiffs intend to request a deadline extension in connection with serving their opposition, they shall do so forthwith. Ordered by Judge Diane Gujarati on 3/22/2023. (IH) (Entered: 03/22/2023) |
| 03/22/2023 | 60 | Letter MOTION for Extension of Time to File Response/Reply *Letter from Jeffrey A. Miller, requesting extension of time to submit Reply Memorandum of Law in Further Support of the Motion to Dismiss Plaintiffs' Amended Complaint* by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 03/22/2023) |
| 03/23/2023 | | ORDER granting 60 Letter MOTION for Extension of Time to File Response/Reply -- The motion is granted. Defendants shall serve their reply on Plaintiffs by March 31, 2023, at which point Defendants shall file the fully-briefed motion on ECF in accordance with Individual Practice Rule III.B.4. Ordered by Judge Diane Gujarati on 3/23/2023. (IH) (Entered: 03/23/2023) |
| 03/24/2023 | 61 | ~~Fully-Briefed MOTION to Disqualify Counsel *Jeffrey Miller, Esq.* by Gemeaux Ltd., Marianne Nestor Cassini. (Attachments: # 1 Memorandum in Support, # 2 Memorandum in Opposition) (Heuser, Kristina)~~ **STRICKEN** pursuant to Judge Gujarati's Order dated 3/27/2023. (KA) (Entered: 03/24/2023) |
| 03/27/2023 | | ORDER striking 61 Fully Briefed MOTION to Disqualify Counsel -- Plaintiffs are directed to comply with the undersigned's Individual Practice Rules governing the filing of motion papers. *See* Individual Practice Rule III.B.4 ("Separate docket entries should be used for each party's papers."). The Clerk of Court is respectfully directed to strike Docket Entry 61 from the docket. Ordered by Judge Diane Gujarati on 3/27/2023. (KA) (Entered: 03/27/2023) |
| 03/27/2023 | 62 | MOTION to Disqualify Counsel *Jeffrey Miller* by Gemeaux Ltd., Marianne Nestor Cassini. (Attachments: # 1 Memorandum of Law in Support of Motion) (Heuser, Kristina) (Entered: 03/27/2023) |
| 03/27/2023 | 63 | MEMORANDUM in Opposition re 62 MOTION to Disqualify Counsel *Jeffrey Miller* filed by Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 03/27/2023) |

| 03/31/2023 | 64 | Notice of MOTION to Dismiss by Rosalia Baiamonte. (Attachments: # 1 Affidavit in Support of Motion to Dismiss, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit BB, # 30 Exhibit CC, # 31 Exhibit DD, # 32 Exhibit EE, # 33 Exhibit FF, # 34 Exhibit GG, # 35 Exhibit HH, # 36 Exhibit II, # 37 Exhibit JJ, # 38 Exhibit KK, # 39 Memorandum in Support) (Miller, Jeffrey) (Entered: 03/31/2023) |
| 03/31/2023 | 65 | MEMORANDUM in Opposition re 64 Notice of MOTION to Dismiss *Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss* filed by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 03/31/2023) |
| 03/31/2023 | 66 | REPLY in Support re 64 Notice of MOTION to Dismiss *Defendants' Reply Memorandum of Law in Further Support of Their Joint Motion to Dismiss the Amended Complaint* filed by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 03/31/2023) |
| 04/04/2023 | 67 | Letter MOTION for Leave to File Document *to the Honorable Diane Gujarati from Jeffrey A. Miller, Esq. and Brett A. Scher, Esq. requesting permission to file motion for sanctions and that the Court deem it fully submitted, without opposition* by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 04/04/2023) |
| 04/04/2023 | 68 | Letter MOTION for Extension of Time to File Response/Reply as to 55 Letter, 57 Letter *(motion for extension of time to serve opposition to Defendant Baiamonte and Miller's Rule 11 Motion until March 15, 2023)* by Gemeaux Ltd., Marianne Nestor Cassini. (Heuser, Kristina) (Entered: 04/04/2023) |
| 04/05/2023 | | ORDER re: 59 Joint MOTION for Extension of Time to File Response/Reply, 67 Letter MOTION for Leave to File Document, and 68 Letter MOTION for Extension of Time to File Response/Reply -- Defendants Baiamonte and Miller shall serve their reply in support of their motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c) on Plaintiffs by April 19, 2023, at which point Defendants Baiamonte and Miller shall file the fully-briefed motion -- including Plaintiffs' previously served opposition -- on ECF in accordance with Individual Practice Rule III.B.4. Ordered by Judge Diane Gujarati on 4/5/2023. (KA) (Entered: 04/05/2023) |
| 04/19/2023 | 69 | Notice of MOTION for Sanctions by Rosalia Baiamonte. (Attachments: # 1 Affidavit in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Affidavit in Support, # 7 Exhibit A, # 8 Exhibit B, # 9 Exhibit C, # 10 Exhibit D, # 11 Exhibit E, # 12 Exhibit F, # 13 Exhibit G, # 14 Exhibit H, # 15 Exhibit I, # 16 Exhibit J, # 17 Exhibit K, # 18 Exhibit L, # 19 Exhibit M, # 20 Exhibit N, # 21 Exhibit O, # 22 Exhibit P, # 23 Exhibit Q, # 24 Exhibit R, # 25 Exhibit S, # 26 Exhibit T, # 27 Exhibit U, # 28 Exhibit V, # 29 Exhibit W, # 30 Exhibit X, # 31 Exhibit Y, # 32 Exhibit Z, # 33 Exhibit AA, # 34 Exhibit BB, # 35 Exhibit CC, # 36 Exhibit DD, # 37 Exhibit EE, # 38 Exhibit FF, # 39 Exhibit GG, # 40 Exhibit HH, # 41 Exhibit II, # 42 Exhibit JJ, # 43 Exhibit KK, # 44 Memorandum in Support) (Miller, Jeffrey) (Entered: 04/19/2023) |
| 04/19/2023 | 70 | AFFIDAVIT/DECLARATION in Opposition re 69 Notice of MOTION for Sanctions filed by Rosalia Baiamonte. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Memorandum in Opposition) (Miller, Jeffrey) (Entered: 04/19/2023) |
| 04/19/2023 | 71 | REPLY in Support re 69 Notice of MOTION for Sanctions *Joint Reply Memorandum of Law in Further Support of Motion for Sanctions* filed by Rosalia Baiamonte. (Miller, Jeffrey) (Entered: 04/19/2023) |

| | | |
|---|---|---|
| 09/19/2023 | 72 | Letter *to the Honorable Diane Gujarati from Jeffrey A. Miller, Esq. forwarding a recent Decision issued in the Nassau County Surrogate's Court action with a copy of Decision* by Rosalia Baiamonte (Miller, Jeffrey) (Entered: 09/19/2023) |
| 09/20/2023 | | ORDER re 72 Letter -- Plaintiffs are directed to respond by September 27, 2023 to Defendant Rosalia Baiamonte's September 19, 2023 letter, ECF No. 72. Ordered by Judge Diane Gujarati on 9/20/2023. (MP) (Entered: 09/20/2023) |
| 09/27/2023 | 73 | Letter *Response to Letter of Jeffrey Miller, Esq. dated September 19, 2023* by Gemeaux Ltd., Marianne Nestor Cassini (Attachments: # 1 Exhibit A - Request for Interim Accounting, # 2 Exhibit B - Notice of Appeal) (Heuser, Kristina) (Entered: 09/27/2023) |
| 10/20/2023 | 74 | ORDER denying 62 Motion to Disqualify Counsel: For the reasons contained in the attached Order, Plaintiffs' motion to disqualify Jefferey Miller as counsel for Rosa Baiamonte is denied, without prejudice to renewal prior to trial. So Ordered by Magistrate Judge Anne Y. Shields on 10/20/2023. (DM) (Entered: 10/20/2023) |
| 08/06/2024 | 75 | NOTICE of Appearance by Anjali Bhat on behalf of Margaret C. Reilly (aty to be noticed) (Bhat, Anjali) (Entered: 08/06/2024) |
| 08/06/2024 | 76 | Letter MOTION to Substitute Attorney by Margaret C. Reilly. (Bhat, Anjali) (Entered: 08/06/2024) |
| 08/07/2024 | | ORDER granting 76 Motion to Substitute Attorney: Attorney Steven Adam Sutro terminated. So Ordered by Magistrate Judge Anne Y. Shields on 8/7/2024. (DM) (Entered: 08/07/2024) |
| 08/12/2024 | 77 | **MEMORANDUM & ORDER** -- As set forth in the attached Memorandum & Order, the Motion to Dismiss, ECF No. 64, is GRANTED; the Amended Complaint, ECF No. 25, is DISMISSED in its entirety; and the Motion for Sanctions, ECF No. 69, is DENIED. The Clerk of Court is directed to enter judgment and close this case. **SEE ATTACHED ORDER.** Ordered by Judge Diane Gujarati on 8/12/2024. (AC) (Entered: 08/12/2024) |
| 08/13/2024 | 78 | CLERK'S JUDGMENT: that the Motion to Dismiss, ECF No. 64, is granted; that the Amended Complaint, ECF No. 25, is dismissed in its entirety; that the Motion for Sanctions, ECF No. 69, is denied; and that dismissal of Mrs. Cassini's claims, other than any excessive force claim(s) against Judge Reilly, the County of Nassau, the Nassau County Sheriff, and the New York City Sheriff, is without prejudice. Signed by Deputy Clerk, Jalitza Poveda, on behalf of Clerk of Court, Brenna B. Mahoney, on 8/13/2024. (JP) (Entered: 08/13/2024) |
| 09/11/2024 | 79 | NOTICE OF APPEAL as to 77 Order on Motion to Dismiss, Order on Motion for Sanctions, by Marianne Nestor Cassini. (VJ) (Entered: 09/12/2024) |
| 09/11/2024 | 80 | USCA Appeal Fees received $ 605 receipt number 100016657 re 79 Notice of Appeal filed by Marianne Nestor Cassini (VJ) (Entered: 09/12/2024) |
| 09/12/2024 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 79 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 09/12/2024) |