UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------------X
MARIANNE NESTOR CASSINI,

                Plaintiff-Appellant,

OLEG CASSINI, INC., CASSINI PARFUMS, LTD., and GEMEAUX, LTD.,

                Plaintiffs,

     -against-

COUNTY OF NASSAU, BRIAN CURRAN, in his official capacity as NASSAU COUNTY PUBLIC ADMINISTRATOR, JEFFREY DELUCA, KENNETH MAHON, MARGARET C. REILLY, ROSALIA BAIAMONTE, JEFFREY MILLER, WILLIAM DOYLE GALLERIES, INC., JOSEPH FUCITO, in his official capacity as NEW YORK CITY SHERIFF, JOHN and JANE DOE 1-10, and JAMES DZURENDS, in his official capacity as NASSAU COUNTY SHERIFF,

                Defendants-Appellees.
-------------------------------------------------------------X

Docket No. 24-2444

**DECLARATION OF JEFFREY A. MILLER, ESQ. IN OPPOSITION TO APPELLANT'S MOTION TO FILE OVERSIZED BRIEF**

     I, JEFFREY A. MILLER, ESQ., hereby declare as follows:

     1.     I am the court-appointed attorney for defendant-appellee Rosalia Baiamonte (the "Receiver"), the court-appointed Receiver of Oleg Cassini, Inc. ("OCI") and Cassini Parfums, Ltd. ("CPL") (together, the "Companies"). I am also a defendant-appellee in the above-referenced appeal (the "Appeal"), and separately represented by Brett A. Scher of Kaufman Dolowich LLP. I respectfully submit this declaration in opposition to the motion (the "Motion")

filed by Plaintiff-Appellant Marianne Nestor Cassini ("Appellant"), proceeding *pro se*, in which she seeks permission to file an oversized reply brief (the "Reply Brief").[1]

2. The Reply Brief, which is attached to the Motion and was apparently ghost-written by a licensed attorney,[2] is 23,405 words – *more than three (3) times the permissible length*. *See* Local Rule 32.1(A)(4)(b).

3. According to Appellant, this is because she tried to submit multiple reply briefs to respond to each separate Respondent's brief, but when she was told that "only one brief may be submitted," *see* Motion at 2, she attempted to consolidate her multiple briefs into a single, overweight brief. While there may be some truth to this claim, the real reason that the Reply Brief is overweight is because it contains all of the arguments that should have been contained – but were not contained – in her principal brief.

4. Indeed, as set forth in the Receiver's appellate brief (which was joined in by several other Appellees), Appellant's principal brief consisted of a three-page letter with exhibits and did not actually address any of the specific claims in her Amended Complaint or argue that the District Court erred in dismissing those claims. *See* ECF No. 93 at 21-22 (citing ECF No. 53). Accordingly, the Receiver and other Appellees have argued that Appellant has waived such arguments on appeal. *See id.* at 25-26 (citing *Gerstenbluth U. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (holding that *pro se* litigant "waived any challenge" to district court's adverse ruling by mentioning it only "obliquely and in passing" in opening brief)).

---

[1] Appellant filed the Motion on September 5, 2025, two days *after* her reply brief was due. Pursuant to Fed. R. App. P. 32.1(e)(3), "[a] motion to file an oversized brief must be made at least 14 days before the brief is due," and will be denied for this reason alone, "absent extraordinary circumstances."

[2] Pursuant to Local Rule 32.2, Appellant's reply brief discloses that it was drafted "in whole, or substantial part, by an attorney." *See* Reply Br. at 1, 31, 51, 73.

5. Appellant in fact acknowledges that "arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief." Reply Brief on 8 (quoting *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005)). Nevertheless, she asks this Court to exercise its discretion and overlook these failures given Appellant's *pro se* status.

6. We recognize the deference that is afforded to a *pro se* litigant, but here, Appellant is effectively seeking permission to file a belated principal brief, dressed up as an overweight reply brief. If Appellant is permitted to do so, the Receiver and the other Appellees will be deprived of the opportunity to address those arguments in their briefs, which were filed over a month ago. Respectfully, this is unfair and inequitable.

7. Appellant has had ample time to prepare and submit an appropriate reply brief (and principal brief, for that matter) that complies with this Court's rules, but has failed to do so.[3] She has had the assistance of an attorney who should have known that only one 7,000 word reply brief could be submitted, and such brief can only address arguments raised in Respondents' briefs.

8. For all of these reasons, it is respectfully requested that Appellant's motion be denied.

---

[3] Appellant previously sought, and received, a three-month extension, followed by a subsequent one-month extension, to file her principal brief (Dkt. Nos. 42 and 47). She also sought, and received, an additional two weeks to submit her reply brief (Dkt. No. 110). Appellant has also missed several deadlines to make other required filings, and the Court has warned her that this Appeal would be dismissed if required filings are not timely submitted (Dkt. Nos. 20 & 26).

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of September, 2025 in Uniondale, New York.

/s/ Jeffrey A. Miller
JEFFREY A. MILLER, ESQ.

03339148